UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

----------------------------------------------------------  X

IN RE SYNGENTA MASS TORT ACTIONS

----------------------------------------------------------  Judge David R. Herndon

**This Document Relates to:**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

*Tweet et al. v. Syngenta AG et al.* No. 3:16-cv-00255-DRH

## ORDER APPOINTING SPECIAL MASTER FOR SETTLEMENT

**HERNDON, District Judge:**

As described in the Coordination Order Related to Settlement[1], numerous lawsuits have been filed in various federal and state courts arising from Syngenta's development and sale of corn seeds containing genetically modified traits known as MIR 162 and Event 5307 (used in products called Viptera and Duracade) before China's approval to import corn with those traits. The above captioned cases are pending in the United States District Court for the Southern District of Illinois before U.S. District Judge David R. Herndon. Additional actions are pending in the multidistrict litigation ("MDL") proceeding in the United States District Court for the District of Kansas, captioned *In re Syngenta AG MIR162 Corn Litigation*, MDL Docket No. 2591, before U.S. District Judge John W.

---

[1] Doc. 54 in the *Poletti* action.

Lungstrum and U.S. Magistrate Judge James P. O'Hara. In Minnesota State Court, a large number of cases are consolidated before Judge Thomas M. Sipkins in a case captioned *In re Syngenta Litigation*, No. 27-cv-15-3785. In addition, cases are pending in Illinois State Court before Judge Brad K. Bleyer and in Louisiana State Court before Judges Madeline Jasmine and Emile R. St. Pierre.

Because of the quantity and complexity of these related cases and the common interest in a fair and expeditious resolution, the presiding judges have determined, and the parties have agreed, that it would be beneficial to appoint a special master to explore settlement of all the cases, in all of the courts in which they are pending, at the same time those cases proceed toward trial on a traditional litigation track. As required by Fed. R. Civ. P. 53(b)(1), the parties were given an opportunity to be heard and to suggest candidates for appointment.[2] After reviewing written submissions[3] from the parties, the Court enters this order appointing a special master for the above captioned proceedings.[4]

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 53, Ellen K. Reisman, partner at Reisman Karron Greene, LLP in Washington, DC, is appointed as a special master to assist the court in efficiently coordinating settlement discussions in these proceedings. She has filed the affidavit required by Rule 53(b)(3)(A), stating that there are no grounds for disqualification under

---

[2] Doc. 54 in the *Poletti* action..
[3] Doc. 66 and 67 in the *Poletti* action; Doc. 11 in the *Tweet* action.
[4] This Order is substantially similar to the Order adopted by the Federal MDL in Kansas.

28 U.S.C. § 455 in the MDL proceeding in Kansas.[5] The Court takes judicial notice of this filing. The special master must proceed with all reasonable diligence in fulfilling the duties assigned her by the Court.

Special Master Duties and Authority.  Pursuant to Rule 53(b)(2)(A), the special master will assist the court with settlement matters only.  She may take all appropriate measures to fairly and efficiently perform her duties.  She must not, however, act as an advocate, representative, fiduciary, or counsel for any party and has no formal coercive authority to compel the making of any agreement or the granting of any concession.

As it relates to settlement, the special master shall have the full authority provided in Rule 53(c).  The special master may, without limitation:

1. Order the parties to meet face-to-face and engage in serious and meaningful negotiations.
2. Construct an efficient procedure to engage the parties in settlement negotiations, including:
    a. establishing a list of information needed from each party in order to facilitate settlement;
    b. creating a form and a time table for the exchange of such information;
    c. ordering production of all necessary information; and

---

[5] If additional cases and/or parties are added after the date of this order, the special master will review (a) the names of the plaintiffs and defendants, (b) the names of their respective counsel and, to the extent applicable, the law firms of such counsel, and (c) the issues involved in such cases.  If, to the best of her knowledge, information and belief, any such additional case presents grounds for her disqualification under 28 U.S.C. § 455, then she will promptly notify the court, as well as counsel and any pro se parties, in that case.

      d. conducting in-person settlement negotiations with the parties and their counsel in all cases;

3. Order the appearance of any persons necessary to settle any claims completely;

4. Make recommendations to the court concerning any issues that may require resolution in order to facilitate settlement or to efficiently manage the litigation; and

5. Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make findings and recommendations on remedial action if required.

Proceedings.  In performing her duties, the special master has the authority to schedule and hold conferences, and to regulate all proceedings before her.  The special master may require the parties to appear in person, via video conference, or telephonically.  These meetings may be at the special master's discretion, except that the Court requires that the special master meet jointly with the parties at least once per month.

Ex Parte Communications.  Pursuant to Rule 53(b)(2)(B), the special master may communicate ex parte with the Court at any time.  She also may communicate ex parte with a party or counsel on purely administrative matters and in attempting to mediate these cases.

Preservation and Filing of Materials.  Pursuant to Rule 53(b)(2)(C), the special master must maintain orderly files consisting of all documents submitted

to her by the parties, and any of her written orders, findings, and/or recommendations. She must preserve these files until such time that the Court grants permission for their destruction. Neither the special master nor the parties are required to file on the record materials submitted to the special master in confidence to aid in her mediation of the proceedings. But, pursuant to Rule 53(b)(2)(D) and Rule 53(d), any order, findings, and/or recommendations issued by the special master must be filed by her with the Court via the Court's electronic case filing (ECF) system. Such filing shall fulfill the special master's duty to serve her orders on the parties.

<u>Actions on the Special Master's Filings</u>. Pursuant to Rule 53(b)(2)(D) and Rule 53(f), any party wishing to file objections or motions related to the special master's filings must do so within 5 business days of the filing. The Court will review all objections under the standards provided in Rule 53(f).

<u>Compensation</u>. In appointing the special master, the Court has considered the fairness of imposing the expenses on the parties and has taken steps to protect against unreasonable expenses or delay as required by Rule 53(a)(3). Pursuant to Rule 53(b)(2)(E) and Rule 53(g), the special master must keep billing records of time spent on this litigation and expenses incurred, with reasonably detailed descriptions of the activity and expenses. She will be compensated at an hourly rate not to exceed $950 per hour and $9,000 per day. The special master may obtain assistance from her partners, Andrew Karron and Ethan Greene, who will be compensated at an hourly rate not to exceed $850 per hour and $750 per

hour, respectively and from associate attorneys and legal assistants in her firm, who will be compensated at an hourly rate not to exceed $550 per hour and $200 per hour, respectively.

All fees of the special master must be allocated as follows: one-half to the Syngenta entities and one-half to the plaintiffs. Plaintiffs' counsel shall pay, by proportionate share, the cost to be borne by plaintiffs' counsel across all venues in this litigation.

At this time, the exporters (Cargill and ADM) are not party to the above captioned actions. To the extent that these defendants are at any time added to the litigation in this district, the Court will issue a revised order addressing allocation of the special master's fees.

The special master must submit monthly invoices for payment of her fees to each party consistent with this allocation. Such invoices must itemize and describe the services provided. The special master must submit a courtesy copy of the billing statements to the chambers of Judge Herndon. Payment must be made by the parties to the special master within 30 days of submission of the

invoices. All separate expenses will be treated as court costs and must not be submitted to the parties; instead, they will be allocated by the Court at the conclusion of litigation.[6]

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.23 16:23:30 -05'00'

**United States District Court**

---

[6] The court notes that Ms. Reisman's application states that her firm "does not charge any of its clients for Westlaw/Lexis, secretarial time, postage, in-house copying, federal express, telephone, fax, or other costs that we consider to be overhead." (Doc. 11-1 p. 15 in *Tweet* action; Doc. 67-3 p. 13 in *Poletti* action).