**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

------------------------------------------------------------       X

**IN RE SYNGENTA MASS TORT ACTIONS**

------------------------------------------------------------       **Judge David R. Herndon**

**This Document Relates to:**

*Tweet, et. al. v. Syngenta AG et al.* No. 3:16-cv-00255-DRH

### THIRD AMENDED CONSOLIDATED COMPLAINT

NOW COME Plaintiffs, LEROY TWEET, BRADLEY A. FERREE, LARRY MILLER, CURRY FARMS INC., HARRY R. SCHOGER & SONS INC., DAVID GROTEFENDT FARMS INC., LARSON VALLEY FARMS INC., GOODVIN FARMS INC., SCHECHINGER FARMS INC., KK LAND & CATTLE CO., STOULIL FARMS INC., G/A FARMS INC., HAYEN FARMS INC., MUGGE & MUGGE FARMS INC., HYDE FARMS INC., CLETUS BRINCKS INC., LEHRMAN GRAIN & LIVESTOCK INC., K-KOUNTRY FARMS INC., LAMECA FARM CORP., J & G OLSON FARMS INC., LINDY FRICK FARM INC., CAT FARMS INC., MT LAND & CATTLE INC., T & K FARM INC., PHIL EASTLUND FARMS INC., STOLTE FARMS INC., GARRETT LAND & CATTLE INC., HORRAS INC., M AND R FARMS INC., WILBUR PUDENZ INC., CLOVER CREEK FARMS INC., JLP ENTERPRISES INC., SCHUTTE GRAIN INC., B.B.J. FARMS INC., G-H FARMS INC., SERCK FARMS INC., VAN BERKEL FARMS INC., KOOIKER DAIRY FARMS INC., MAPLE ACRES INC., STUART & STUART INC., SCOTCH HILLS INC., C & F NEVILLE FARMS INC., FERDSONS FAMILY FARM INC., DOUBLE L INC., WILRIDGE INC., SCHWARTZ CENTURY FARMS INC., VONK FARMS INC., NYHOF DAIRY INC., CLA-DON FARMS INC., DE JONGH FARMS INC., FINTEL FARMS INC., COREY AGR. INC.

1

OF LYTTON, ABELS FARM INC., SHARON CENTER FARMS INC., A2Z FARMS INC., AMB FARMS INC., BENSON INDUSTRIES INC., BJB FARMS INC., CS BORCHERS FARMS INC., BRIAN AND DENISE NIELAND INC., D & L STOCK FARM INC., ARTESIAN AG INC., BURRACK LAND & CATTLE INC., DAN CAROLAN INC., CAROLAN & SONS, INC., FIVE C FARMS, INC., ECHO FARMS, INC., CULLISON BROS INC., 4-LEE FARM INC., BRENT MOLYNEUX INC., PPES INC., EAGLE ESTATES INC., BAR-D-BAR FARMS INC., D&S FARMS INC., DYKSTRA FARMS INC., KG INC., BLAIRSWRIGHT FARMS INC., D&S HUNDERTMARK INC., GILMORE FARMS INC., L&S SEED COMPANY, DKH INC., GRABER FARMS INC., HESS FARMS INC., GROVER FARMS INC., E L P & COMPANY, CJ HARMS FARMS INC., D&L HEILMAN CORP., HOFFMAN BROS. INC., KROEGER BROS PARTNERSHIP, CRANSTON BROTHERS, CLS FARMS, DLG FARMS, KERRIGAN BROS., NELSON DONSKEY FARMS, DREY FARM PARTNERSHIP, K & G SIEBRECHT FARM PARTNERSHIP, F & R FARM, VR & SONS, H & S FARMS, QUIRK FARMS PARTNERSHIP, WEGMANN FARMS, GEELAN BROS. PARTNERSHIP, DEGROOTE GRAIN FARMS GP, W.R. ARMSTRONG FAMILY JV, DONALD BRADY, ROBERT CORSO, LOUIS SPAHR, D. WAYNE MARRS, ERIC F. VAN TUYLE, STEVE PITSTICK, LESTER LANDMEIER, MICHAEL J. PITSTICK, DALE SCHRAMER, ALAN G. VOLPP, SETH SLEEZER VI, WALTER J. SANCKEN, MARTIN SCHWARTZ, JEFF SAPP, PHILIP S. ANDERSON, DALE ASHER, JEFFREY J. SCOTT, JOHN A. SCOTT, DERICK D. BRUHN, ALAN D. BRUHN, ROGER GROTH, JERRY GROTH, LARRY WIEBERS, JASON WIEBERS, PETER E. REICKS, DALE GRONAU, JARED GRONAU, DANIEL R. ROEDER, DARRIN J. ROEDER, DENNIS R. ROEDER, MICHAEL THEISEN, CHRISTOPHER SAILER, SCOTT H. WILLIAMS, JEFF

VONNAHME, JUSTIN M. DEIM, DONALD TREINEN, DALE SCHWADE, MARK SCHLEISMAN, CRAIG THORESON, LARRY E. MINIKIS, RANDALL GREIMAN, KURT CARSTENSEN, JOSHUA C. MCINTIRE, ROGER KADOLPH, EDMUND NABERHAUS, TROY L. NEVILLE, STEVEN D. ALLARD, ROGER TIEMESSEN, JAMIE STOULIL, ANTHONY C. REISS, KEVIN KIPP, TERRY L. NEVILLE, ANTHONY WETTER, DENNIS HANSEN, ROBERT SCHWADE, CLIFFORD TRENT, JEREMY KERRIGAN, ROBERT SHATEK, MARK A. CROONQUIST, MARK KERKHOFF, LARRY D. EDEN, BEAU M. ROMSEY, DONALD SHATEK, TIMOTHY H. PUDENZ, JEROME N. RUBA, WILLIAM J. WOLF, RICK REED, ROBERT KEPPLE, LANCE S. OLSON, DARYL UPMEYER, NICK NOLTE, KEITH ECK, AMY S. NELSON, IVAN SIMPSON, JUDY SIMPSON, W. ROY GUSTAFSON, JEREMY GUSTAFSON, STEVEN GUSTAFSON, DOUGLAS GUSTAFSON, TANNER SCHULTZ, KYLE MATTINGLY, RANDY A. DENBURGER, DAVE R. BUELTEL, JOSEPH J. DVORAK, ALAN B. BRUEGGEMAN, RICHARD C. ROLSTON, THOMAS SHATEK, SHAUN W. WOLF, CURTIS D. BELL, JERRY TERWEE, RICKY J. WITTROCK, CLAY W. HENDERSON, ANTHONY J. REISS, EDWARD WILLENBORG, SCOTT A. LARSEN, KENNETH A. BARTELS, GEORGE JOHNSTON, LONNIE L. BENSON, ROGER D. LARSEN, DAVID J. EASTLUND, JAMES WILLENBRING, TERRI MCCULLEY, KEITH KLAASSEN, NOLAN JUNKER, TYLER AREY, CASEY GRAHAM, BRADLEY STOLTE, SCOTT WILLENBRING, ORVILLE SEAMER, EUGENE D. NIEMAN, MICHAEL POTHAST, WESLEY BIERL, DAVID DENEVE, JEREMY W. RUTTER, DEAN GANNON, KENT WAGNER, DANIEL SHATEK, LEROY W. CORNWELL, DOUGLAS A. EVANS, DAVID DEAN, PAUL J. BINDER, MELVIN PRASKA, MARTY KERKHOFF, KIRK HAMMITT, ALLEN J. VAN NOORT, GEORGE GUENTHER, ALAN VASKE,

DWIGHT FOLKEN, BRIAN L. JENSEN, DOUG HARTZ, MARVIN E. FABER, IVO WILWERDING, ARLYN VAN ZANTE, STEVEN WOOLDRIDGE, TYSON A. WOODS, DANIEL B. WOODS, STEVEN SCHAEFER, NEWTON WILSON, DARYL HENNING, LAWRENCE N. STROUTH, MARK MURPHY, RUSSELL W. O'BRIEN, RONALD VALVODA, SHANNON SMITH, TIMOTHY HEIKENS, BILLY SUNDALL, DAVID TOPF, ALEX KERRIGAN, WESLEY MITCHELL, JAMIE MITCHELL, JASON GAEDE, BRIAN STOUT, KEVIN D. BUDDEN, DALE BERGER, DALE E. SCHRODER, TARLETON CREEK FARMS INC., DEVIN SCHRODER, GAYLE SCHRODER, JAMES TOMLONOVIC, LARRY FOLEY, BRIAN GEERTS, ALLAN HANSEN, RICHARD L. ADAMS, GARY D. EDEN, RONALD GORDON, SCOTT LENZ, RAY LENZ, JANELLE M. SCHRECK, ROBERT D. ENGELKES, STEVEN KOLBET, RICHARD SHORT, ANDY KOOB, JOHN FRIEDRICHSEN, KYLE BROWN, MICHAEL KOTH, PHILIP T. BURK, DOUGLAS IMMING, COLIN SCHMITT, BRIAN L. MARTIN, BISSWANGER FARMS INC., JON A. RICHTER, DEAN R. LUFT, LARRY R. MILLER, DOROTHY HINKELDEY, TRUDY HINKELDEY, JIM HINKELDEY, JORDAN HINKELDEY, ROBERT L. MORAN, ROD WELLS, JOEL R. RUPP, DUSTIN MYERS, DONALD C. LAMP, DOYLE KUEHNAST, DAVID JOSEPH STAIERT, DAVID WALKINSHAW, VERONICA MADSEN, DEAN DREY, MICHAEL TODD, KEVIN TODD,  LOREN LEE MOVALL, DANIEL J. LONNEVIK, RICHARD J. LENEHAN, LINDA REIMER, JERROD E. REIMER, DAVID ARNTS, BERNIECE C. HAMMITT, RON BEHNE, DEREK HANSEN,  JERRY W. ADAMS, DENNIS JALAS, ESTHER JALAS, LYLE M. SCHUETZ, RUSSELL GERKEN, TERRY SCHUITEMAN, MICHAEL GALLAGHER, MARVIN KLEIN, BILL JOHANNSEN, ANTHONY HANING, DENNIS GALLAGHER, GRANT L. DIEKEVERS, JOSHUA D.

CROATT, JEFFREY ALTENA, EDWIN VERBURG, DEAN SWANSON, DAN VARENHORST, GALEN SAMPSON, JACK E. RIEPMA, Q. RODNEY VAN ROEKEL, JANICE GUENTHER, RUSSELL SCHWARTZ, ROGER HOLTORF, RUSSELL E. PICKHINKE, JERRY D. RIEPMA, MATTHEW L. WURZER, KORY JOHNSON, ALICE WHITED, DAVID WHITED, JAMES VERMEER, DALE E. CLEWELL, RAY TAPHORN, TED SMITH, WAYNE SUMP, DEAN A. LIETZ, JACK HOGUE JR., JON SCHNELLER, TIMOTHY SMITH, THOMAS R. CRAY, SCOTT P. MEYER, BRENT M. MEYER, MICHAEL KROEGER, LEON SCHROEDER, KEVIN SCHROEDER, THOMAS STROVE, RICHARD A. ESLICK, BRUCE HANSEN, DAVID HANSON, DENNIS HANSON, DEAN SCHWADE, BRENDA L. SCHRODER, STEVE D. AUGUSTINE, RICHARD WERNIMONT, DOUGLAS BECKMAN, RANDALL HIRSCH, EUGENE HERBOLD, PAUL M. FRANZKOWIAK, STEVEN J. LANGE, DAVID ARMSTRONG, GREGORY JAMES PLETCHER, RYAN A. ESLICK, DAVID HOFFMAN, FRANK W. NEVILLE, BRIAN STOLTE, CHRISTOPHER A. PEPIN, ALAN JATHO, RANDY E. MENKE, KENNETH SMITH, MICHAEL J. DONNENWERTH, LYLE WALLIS, CHARLES J. RYHERD, GARY ANDERSON, LADON GROTJOHN, ALAN FIALA, GARY JOHNSTON, MICHAEL JOHNSTON, WILLIAM B. PENNING, MATTHEW SCHUITEMAN, RICHARD J. MONAHAN, TIMOTHY J. NICHOLSON, DAVID D. EBEL, ROBERT VERDOORN, DANNE L. NOTEBOOM, EDWIN G. DOPPENBERG, DEAN K. HIBMA, MINERVA SMALL, STANLEY S. SCHWARTZ, DAROLD D. BOERSMA, MATTHEW HANSEN, RUSSELL VERBURG, BRIAN VOLLINK, CRAIG VOLLINK, VIC HEYDEN, RODNEY DEGROOT, ROBERT P. ULLOM, JEFFREY K. MCDONOUGH, NICHOLAS FOELL, RANDALL HUSMAN, GREG L. MOE, ELIZABETH ANN MOORE, DUANE KNISLEY,

RADEMACHER FARMS INC., TODD ALAN MOORE, SYLVESTER SCHMIT, LANCE WEDEKING, PAUL KOTH, J SEUNTJENS, WILLIAM SEUNTJENS, ROBERT SEUNTJENS, ROGER D. DEHAAN, JAMES DANIEL CASEY, GAYLEN D. CASEY, SANDRA L. GRIMMIUS, GILBERT R. GREENFIELD, GARY A. GREENFIELD, ROGER TIEDEMAN, BRYAN D. HALVERSON, DAVID C. HOLTHAUS, STEVEN J. RUHS, RICK TIEDEMAN, MIKE D. SPENCER, LYLE G. MOLYNEUX, BENJAMIN W. MOLYNEUX, JOHN W. MOLYNEUX, TRAVIS W. MOLYNEUX, BRANDON L. MOLYNEUX, DOUGLAS J. MILLER, KEITH J. GLIENKE, GAIL M. SWANSON, DANIEL A. WINTERFELD, VERNON DE JONGH, RANDALL L. VANDER SLUIS, JESSE PLOEGER, LEON L. PUHRMANN, JOHN HORSTMAN, CHARLENE M. OOLMAN, DONALD E. BIERSTEDT, TURNER-SIMPSON INC., GARY L. SNYDER, BRANDON MESECK, RANDY P. BURGART, LARRY A. LUNDEEN, DAVID L. STEINBECK, DENNIS A. PTACEK, CORLEY JUNGE, VIRGIL M. PICKAR JR., GALE HAVERKAMP, ROGENE PEKAREK, TOM J. DVORAK, MICHAEL J. PICKAR, LEONARD O. JENSEN, GARY A. ADAMS, KEVIN S. ADAMS, DONALD E. ADKINS, ALLEN ALBERS, LANDON M. ALDINGER, DONALD ANDERSON, WAYNE J. ARENS, RANDY ZIMMER, ROBERT W. YUSKA, TIMOTHY J. ARTHUR, RONALD E. AUKES, MERLYN J. YEAGER, RANDY J. WOODS, BRIAN K. WOLTERMAN, THOMAS M. BAHNSEN, DAVID A. WITZKE, ROBERT A. WITZKE, RICKY J. WITTENBURG, JOSEPH BALIK, THOMAS BARNETT, DEAN W. BAUER, KELLY BECKER, WILLIAM B. BEHRENS, BRIAN P. WELLS, ROBERT J. BENEKE, JOSHUA T. BERG, THOMAS A. BERGLUND, BRIAN & KERRI BERNS, WYNN M. BIDDLE, BRIAN BIGLER, JAMES S. BLASER, KIEHNHOFF FARMS INC., BRENT WAID, JEFF VANSICKLE, CHRIS W. TONEFF, LAWRENCE GEHLING,

ROGER C. STUTSMAN, DEAN A. RADKE, RONALD D. STEWART, DOUGLAS B. RECK,
DANIEL STERNAT, LARRY STEFFENS, BRAD STEEGE, DENNIS SPONHEIM, LARRY
W. BECK, KENNETH D. FLUGUM, HARLAN SONKSEN, JASON K. BRACE, ALAN J.
BRANDT, DELORES A. BRANNON, GENE E. BRASS, RANDY J. BRUCH, THOMAS L.
BUCKLEY, LYLE D. BUHR, DAN E. BURKHART, JERRY A. BUSCH, MAURICE D.
BYERS, COLE SITZMAN, MICHAEL J. CAGLEY, BRYAN SIME, JOHN L. CLARK,
RAYMOND E. CARLSON, CHUCK SHOVER, LARRY D. CHERVENY, RICHARD A.
CROOKS, BOB J. DANNER, DARIN J. DEJONG, ROBERT J. DEMMER, DANIEL J.
MULLEN, CRAIG SASH, DENNIS LADWIG, DONALD J. LAMPMAN, HAROLD
LANTOW, ROGER DESLOOVER, RICKEY CHARLES LARSEN, RON DEVRIES, GARY
LARSON, DELBERT E. DODGE, MELVIN SADLER, EBEN S. SALTON, BRADLEY
HOLZHEY, RONALD O. DUNBLAZIER, RICK B. DUNN, ROBERT L. DVORAK,
WILLIAM H. SEDA, JAMES D. ECKENROD, MICHAEL E. HUNT, JORDAN M. HUNT
AND PARKER A. HUNT, KEVIN L. EDEKER, ROSS KUPER, MYRON KUPER, CHAD
KUNZMAN, RONALD KUBIK, TIM KRUSE, RUSSELL D. KRUSE, DONALD FRED
KRUSE, KAREN K. EICKHOFF, LYNN B. ELFERS, DUANE A. ELGIN, GARY E. KRULL,
DALE CALEASE, MARK KRIENER AND DOROTHY KRIENER, JAMES I. KRIENER
AND LOREN F. KRIENER, BRADY D. EMERY, DENNIS R. ENGDAHL, DAVID KRAUSE,
WENDELL KRAMER, JONATHAN D. EPLEY, DOUGLAS W. KRACHT, DENNIS A.
KOCH, DON FERGUSON, JON JACOBSON, DAVID JENKINS, DUANE FICKBOHM,
JAMES FANKHAUSER, ROBERT FIDDELKE, JAMES L. FIGANBAUM, BRYAN
FLEXSENHAR, DAN J. FOX, DONALD C. JOHNSON, KEITH JOHNSON, JEREMY
JOHNSTON, KATHLEEN A. FRANCK, MATTHIAS D. FRANZEN, JERRY L. JONES,

THOMAS R. JONES, LANCE FREED, JAMES M. JORGENSEN, JAMES A. KETTLER, DOUGLAS FREESE, RICK JUCHEMS, MARTIN J. JUNGE, DON KALIN, GRANT KAMPMAN, DENNY KANNEGIETER, DON FLUMERFELT, AARON KAUFMAN, PETE KAUFMAN, PATRICK KELLEY, KENT KIMBALL, MICHAEL LEE KLASSEN, DAVID FREESEMAN, JERRY FREESEMAN, DEAN W. KLUSS, MATTHEW A. FREIN, RODNEY A. FRIEDRICH, MATTHEW FUELLING, DARYL KLOCKE, MARTY IZER, JOHN B. IRONS, DEAN HUINKER, DANIEL E. GATH, JAMES C. GEBEL, RICHARD HUBBARD, JAMES W. HOWE, DUSTIN HOWE, THOMAS C. HOTZ, DUANE J. GERLEMAN, MICHAEL HOTZ, CHARLES R. GETTING, PATRICK GILLESPIE, PAUL HOLSCHLAG, JEFFREY HOLMES, JOSEPH L. GLASER, IVAN HOLLMAN, JOHN G. HOFFMANN, LARRY L. HOFFMAN, DEAN W. HOFFMAN, DALE ALAN HOFFMAN, CRAIG HOFFMAN, CHRIS HOFFMAN, SHANE HOEKSTRA, RODNEY HODGSON, ROY J. HAGEMAN, DON GRANDGEORGE, BEN GREENE, MARVIN HILDEBRANDT, CHRIS HILDEBRANDT, DAVID GREVE, NELSON HERSHBERGER, MARK HERMAN AND ROBERT HERMAN, BRAD HARVEY, MICHAEL HEMMINGSEN, JERALD L. HAAR, NORBERT A. HEMANN, LEONARD J. HEMANN, EDWIN L. HABERL, LOREN HAGEMAN, LOWELL HAGEMAN, COREY HAGENOW, RANDY HANKE, RYAN E. HANSEN, CHAD HARMS, DAVID G. HARNER, PETER E. GOLDEN AND HELEN GOLDEN, GARY HAUGEN, THOMAS J. HARTY, JACOB A. HARTSELL, D. RICHARD HARTSELL, NOAH BOSMA, DENNIS N. CARLSON, MARK KUENNEN, INDIVIDUALLY AND DBA HOPE CREST FARMS, JACK E. PLOEN, INDIVIDUALLY AND DBA J.P. SIX FARM ACCOUNT, NORMAN SWANSON, INDIVIDUALLY AND DBA SWANSON FARMS, GOLDEN ACRES LLP, RRANSOM INVESTMENT LP, FRYE PROPERTIES LP,

GARRETT HOLDING LLC, AJP KRIENER LLC, DUBBERKE FARMS LLC, MSI FARMS LLC, KLYN FARMS LLC, D SCHMITT LLC, CEDAR CREEK FARMS LLC, MICHAEL KROEGER LLC, GAEDE FARMS LLC, BRASS ACRES LLC, BAY BREEZE LLC, DEGROOT FARMS LLC, GRANITE GROUP LLC, DKG FARM PROPERTIES LLC, OOLMAN PORK LLC, BRAHMS FARMS LLC, HILLSIDE FARMS LLC, GERALD CAMPBELL, GREGORY W. CAMPBELL, LEWIS BROTHERS, LLC, ERIC R. LANING, GUSSIE LAVERNE KRANOV, ROBERT TEKAMPE, DONALD D. ROUTH, STEVE KESSLER, SCOTT SAGE, SAM SIDDELL, DUANE R. SULLIVAN, JERRY CLYMER, KENNETH C. HUSER, DR. THOMAS MCKENNA, SHIRLEY J. BLACKBURN, STANLEY WEBER, JOHN HILL, K.D. BODWELL, TRUSTEE OF THE BODWELL FAMILY TRUST, DANIEL HAZZARD, KAROLYN DONNETTE DEAN, ROGER BUNTE, GARRY B. JANNEY, DUANE TEMME, RICHARD L. REED, ROBIN L. WIEBENGA, VANCE TYSON, (collectively "Plaintiffs"), and for their Third Amended Consolidated Complaint at Law against Defendants Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., Gavilon Grain, LLC, Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill International SA, Louis Dreyfus Commodities, LLC, and Louis Dreyfus Commodities B.V. state and allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this action against Defendants Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., Gavilon Grain, LLC, Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill International SA, Louis Dreyfus

Commodities, LLC, and Louis Dreyfus Commodities B.V. Throughout this Complaint, Defendants Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., and Gavilon Grain, LLC will be referred to collectively as "Syngenta." Throughout this Complaint, Defendants Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill International SA, Louis Dreyfus Commodities, LLC, and Louis Dreyfus Commodities B.V. will be referred to collectively as the "ABCD Companies," a name by which these entities are well-known in the agricultural industry.

2.     As a result of Syngenta's refusal to wait for its new biotech traits implanted in genetically modified corn seed to be approved for human and/or animal consumption by major U.S. export partners, and the subsequent and foreseeable discovery of this unapproved trait in exports to China, Syngenta has caused damages to U.S. corn farmers, including Plaintiffs. Syngenta's conduct in marketing, distributing, and selling corn seed that was unapproved for import in major foreign markets violated the legal standards of the marketplace because the primary market risk falls on U.S. farmers, not on Syngenta.

3.     U.S. corn farmers have long been at the mercy of corporate biotechnology giants in their battle to sell genetically modified seed. Syngenta marketed, distributed, and sold its genetically modified corn with unapproved biotech traits in total disregard of the rights of farmers and the impact its actions would have on the U.S. corn market. As foreseen, Syngenta's genetically modified corn contaminated the U.S. corn supply. China, the fastest growing export market for U.S. corn, discovered the contamination and, in February 2014, banned the import of contaminated U.S. corn. As a result, exports of U.S. corn were down 85% in 2014 compared to 2013. This dramatic reduction in exports of U.S. corn to China continues to date. Given the laws

of supply and demand, prices have fallen as well. Plaintiffs have been harmed by Syngenta's decision to negligently market, distribute, and sell genetically modified corn seed that was not approved in major U.S. export markets.

4.    Beginning with the 2011 growing season, Syngenta began marketing, distributing, and selling a new type of hybrid corn seed sold under the trade name Agrisure® Viptera™ ("Viptera"), which contains a new genetically modified trait known as "MIR 162." Syngenta claims that its Viptera corn seeds increase yields (as compared to other types of corn seed) due to improved resistance to insects. Despite knowing the rest of the world was not as eager as the United States to adopt bio-engineered food or feed, Syngenta began selling Viptera in the United States before other countries decided whether to approve it.

5.    At all times relevant hereto, Syngenta was well aware of the "highly regulated" nature of new genetically modified traits in foreign markets and understood that "[a]pprovals of genetically modified (GM) seed products occur at different times due to differences in country regulatory processes."[1] As Syngenta knew or should have known would happen, the European Union, China, and most other countries needed time to determine whether to approve Viptera for human and/or animal consumption. Between 2011 and 2013, certain countries approved Viptera for food and feed use; however, other countries, including China, did not. China has adopted a "zero tolerance" policy with respect to unapproved genetic traits.

6.    In November of 2013, China discovered the Viptera trait in shipments of what was supposed to be non-Viptera corn from the United States. After testing conducted over the next several weeks and months revealed that numerous shipments of U.S. corn from U.S.

---

[1]    "Responsible   Agriculture,"   Syngenta.   2016.   Web.   13   Apr.   2016,   *available   at* http://www.syngenta.com/global/corporate/en/investor-relations/questions-about-syngenta/Pages/responsible-agriculture.aspx.

exporters (including corn from each of the ABCD Companies and Gavilon) were contaminated with Viptera, China banned the import of contaminated U.S. corn. To date, China has canceled or rejected orders for hundreds of millions of bushels of U.S. corn.

7.     In 2014, despite knowing from its experience with Viptera that China and other countries not only had not approved its genetically modified corn but were not likely to do so in the near future, Syngenta began marketing yet another genetically modified corn seed under the tradename Agrisure® Duracade™ ("Duracade") which, in addition to MIR 162, contains a new genetically modified trait known as "Event 5307." China, all 28 states of the European Union, Brazil, Switzerland (Syngenta's home country), Colombia, Egypt, India, the Philippines, the Russian Federation, Indonesia, Thailand, Singapore, Kazakhstan, Belarus, and Turkey have refused to approve Duracade for human or animal consumption. By improperly and prematurely commercializing its Duracade corn, Syngenta knowingly and intentionally exacerbated and prolonged the disruption to, and loss of, the Chinese market to U.S. corn.

8.     The loss of a large purchaser of U.S. corn like China as a result of Syngenta's Viptera and Duracade contamination has had a sudden and calamitous impact on the U.S. corn market.

9.     In this lawsuit, Plaintiffs allege that in addition to Syngenta, the ABCD Companies, individually and collectively, also contributed to cause the loss of the Chinese market to U.S. corn and Plaintiffs' resulting damages. Due to the closely interconnected nature of the U.S. agricultural industry, the ABCD Companies know that their actions and omissions have a direct and substantial impact on the livelihoods of U.S. farmers, including Plaintiffs. The ABCD Companies dominate global agricultural flows; in fact, it is estimated that the ABCD

Companies account for 75 to 90 percent of grain trade globally.[2]  The ABCD Companies buy and sell U.S. corn into various domestic and foreign markets, including China. Despite knowing of Syngenta's premature commercialization of its Viptera and Duracade corn in the U.S. and China's "zero tolerance" policy with respect to unapproved genetic traits, through their negligent business practices, the ABCD Companies exacerbated a set of circumstances created by Syngenta and by their own conduct further contributed to cause the loss of the Chinese market. As set forth more fully herein, the ABCD Companies were negligent in their marketing, sourcing, selling, and shipping of Viptera corn.

10.     This lawsuit seeks to recover the damages that Defendants' conduct directly and proximately caused Plaintiffs.  But for the Defendants' tortious conduct, Plaintiffs would not have suffered the injuries and damages set forth herein.

### PARTIES

11.     Plaintiff, LEROY TWEET, is a resident and citizen of Rock County, Minnesota. Plaintiff maintains a farm and farms corn in Rock and Nobles Counties, Minnesota.  Plaintiff has raised corn in the State of Minnesota over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.

12.     Plaintiff, BRADLEY A. FERREE, is a resident and citizen of Greene County, Indiana.  Plaintiff maintains a farm and farms corn in Clay, Sullivan, and Greene Counties, Indiana.  Plaintiff has raised corn in the State of Indiana over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

---

[2] Lawrence, Felicity. "The Global Food Crisis: ABCD of Food – How the Multinationals Dominate Trade," *Guardian*. Guardian News and Media, 02 June 2011. Web. 13 Apr. 2016, *available at* http://www.theguardian.com/global-development/poverty-matters/2011/jun/02/abcd-food-giants-dominate-trade.

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.

13.     Plaintiff, LARRY MILLER, is a resident and citizen of Buena Vista County, Iowa.  Plaintiff maintains a farm and farms corn in Carroll County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.

14.     Plaintiff, HARRY R. SCHOGER & SONS INC., is an Illinois corporation with its principal place of business in Kane and Dekalb County, Illinois.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

15.     Plaintiff, DAVID GROTEFENDT FARMS INC., is an Illinois corporation with its principal place of business in Madison County, Illinois.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

16.     Plaintiff, LARSON VALLEY FARMS INC., is an Illinois corporation with its principal place of business in Dekalb County, Illinois.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since

2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

17.     Plaintiff, GOODVIN FARMS INC., is an Iowa corporation with its principal place of business in Woodbury County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

18.     Plaintiff, SCHECHINGER FARMS INC., is an Iowa corporation with its principal place of business in Shelby County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

19.     Plaintiff, KK LAND & CATTLE CO., is an Iowa corporation with its principal place of business in Shelby County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants'

tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

20.     Plaintiff, STOULIL FARMS INC., is an Iowa corporation with its principal place of business in Pocahontas County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

21.     Plaintiff, G/A FARMS INC., is an Iowa corporation with its principal place of business in Plymouth County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

22.     Plaintiff, HAYEN FARMS INC., is an Iowa corporation with its principal place of business in Jones County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

23.     Plaintiff, MUGGE & MUGGE FARMS INC., is an Iowa corporation with its principal place of business in Dickinson County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

24.     Plaintiff, HYDE FARMS INC., is an Iowa corporation with its principal place of business in Cerro Gordo County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

25.     Plaintiff, CLETUS BRINCKS INC., is an Iowa corporation with its principal place of business in Carroll County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

26.     Plaintiff, LEHRMAN GRAIN & LIVESTOCK INC., is an Iowa corporation with its principal place of business in Jones County, Iowa.  Plaintiff is a corn producer.  Plaintiff has

raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

27.     Plaintiff, K-KOUNTRY FARMS INC., is an Iowa corporation with its principal place of business in Humboldt County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

28.     Plaintiff, LAMECA FARM CORP., is an Iowa corporation with its principal place of business in Boone County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

29.     Plaintiff, J & G OLSON FARMS INC., is an Iowa corporation with its principal place of business in Henry County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly

planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

30.     Plaintiff, LINDY FRICK FARM INC., is an Iowa corporation with its principal place of business in Orange County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

31.     Plaintiff, CAT FARMS INC., is an Iowa corporation with its principal place of business in Lyon County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

32.     Plaintiff, MT LAND & CATTLE INC., is an Iowa corporation with its principal place of business in Lyon County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

33.     Plaintiff, T & K FARM INC., is an Iowa corporation with its principal place of business in Boone County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

34.     Plaintiff, PHIL EASTLUND FARMS INC., is an Iowa corporation with its principal place of business in Boone County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

35.     Plaintiff, STOLTE FARMS INC., is an Iowa corporation with its principal place of business in Boone County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

36.     Plaintiff, GARRETT LAND & CATTLE INC., is an Iowa corporation with its principal place of business in Crawford County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

37.     Plaintiff, HORRAS INC., is an Iowa corporation with its principal place of business in Keokuk County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

38.     Plaintiff, M AND R FARMS INC., is an Iowa corporation with its principal place of business in Palo Alto County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

39.     Plaintiff, WILBUR PUDENZ INC., is an Iowa corporation with its principal place of business in Carroll County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the

State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

40.     Plaintiff, CLOVER CREEK FARMS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

41.     Plaintiff, JLP ENTERPRISES INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

42.     Plaintiff, SCHUTTE GRAIN INC., is an Iowa corporation with its principal place of business in Osceola County, Iowa. Plaintiff is a corn producer. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or

grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

43.     Plaintiff, B.B.J. FARMS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.   Plaintiff is a corn producer.   Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.   Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

44.     Plaintiff, G-H FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.   Plaintiff is a corn producer.   Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.   Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

45.     Plaintiff, SERCK FARMS INC., is an Iowa corporation with its principal place of business in Lyon County, Iowa.   Plaintiff is a corn producer.   Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.   Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

46.    Plaintiff, VAN BERKEL FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

47.    Plaintiff, KOOIKER DAIRY FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

48.    Plaintiff, MAPLE ACRES INC., is an Iowa corporation with its principal place of business in Cherokee County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

49.     Plaintiff, STUART & STUART INC., is an Iowa corporation with its principal place of business in East Pottawattamie County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

50.     Plaintiff, SCOTCH HILLS INC., is an Iowa corporation with its principal place of business in East Pottawattamie County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

51.     Plaintiff, C & F NEVILLE FARMS INC., is an Iowa corporation with its principal place of business in Sac County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

52.     Plaintiff, FERDSONS FAMILY FARM INC., is an Iowa corporation with its principal place of business in Lyon County, Iowa.  Plaintiff is a corn producer.  Plaintiff has

raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

53.     Plaintiff, DOUBLE L INC., is an Iowa corporation with its principal place of business in Lyon County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

54.     Plaintiff, WILRIDGE INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

55.     Plaintiff, SCHWARTZ CENTURY FARMS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever

knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

56.     Plaintiff, VONK FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

57.     Plaintiff, NYHOF DAIRY INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

58.     Plaintiff, CLA-DON FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

59.     Plaintiff, DE JONGH FARMS INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

60.     Plaintiff, FINTEL FARMS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

61.     Plaintiff, COREY AGR. INC. OF LYTTON, is an Iowa corporation with its principal place of business in Sac County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

62.     Plaintiff, ABELS FARM INC., is an Iowa corporation with its principal place of business in Winnebago County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

63.     Plaintiff, SHARON CENTER FARMS INC., is an Iowa corporation with its principal place of business in Johnson County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

64.     Plaintiff, A2Z FARMS INC., is an Iowa corporation with its principal place of business in Black Hawk County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

65.     Plaintiff, AMB FARMS INC., is an Iowa corporation with its principal place of business in Plymouth County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the

State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

66.      Plaintiff, BENSON INDUSTRIES INC., is an Iowa corporation with its principal place of business in Buena Vista County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

67.      Plaintiff, BJB FARMS INC., is an Iowa corporation with its principal place of business in O'Brien and Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

68.      Plaintiff, CS BORCHERS FARMS INC., is an Iowa corporation with its principal place of business in Emmet County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly

planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants'
tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00,
exclusive of interest and costs.

69.     Plaintiff, BRIAN AND DENISE NIELAND INC., is an Iowa corporation with its
principal place of business in Sac and Carroll County, Iowa.   Plaintiff is a corn producer.
Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing
season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has
Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate
result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or
value of $75,000.00, exclusive of interest and costs.

70.     Plaintiff, D & L STOCK FARM INC. is an Iowa corporation with its principal
place of business in Floyd County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in
the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff
has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted
or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious
conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of
interest and costs.

71.     Plaintiff, ARTESIAN AG INC., is an Iowa corporation with its principal place of
business in Bremer County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the
State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has
never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or
grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

72.     Plaintiff, BURRACK LAND & CATTLE INC., is an Iowa corporation with its principal place of business in Fayette County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

73.     Plaintiff, DAN CAROLAN INC., is an Iowa corporation with its principal place of business in Chickasaw County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

74.     Plaintiff, CAROLAN & SONS, INC., is an Iowa corporation with its principal place of business in Winneshiek County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

75.     Plaintiff, FIVE C FARMS, INC., is an Iowa corporation with its principal place of business in Howard County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

76.     Plaintiff, ECHO FARMS, INC., is an Iowa corporation with its principal place of business in Harrison County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

77.     Plaintiff, CULLISON BROS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

78.     Plaintiff, 4-LEE FARM INC., is an Iowa corporation with its principal place of business in Harrison County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the

State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.   As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

79.    Plaintiff, BRENT MOLYNEUX INC., is an Iowa corporation with its principal place of business in Mahaska and Keokuk County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

80.    Plaintiff, PPES INC., is an Iowa corporation with its principal place of business in Sioux County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

81.    Plaintiff, EAGLE ESTATES INC., is an Iowa corporation with its principal place of business in Hancock County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted

or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

82.     Plaintiff, BAR-D-BAR FARMS INC., is an Iowa corporation with its principal place of business in Cherokee and O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

83.     Plaintiff, D&S FARMS INC., is an Iowa corporation with its principal place of business in Ida and Woodbury County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

84.     Plaintiff, DYKSTRA FARMS INC., is an Iowa corporation with its principal place of business in O'Brien County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants'

tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

85.     Plaintiff, KG INC., is an Iowa corporation with its principal place of business in Benton County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

86.     Plaintiff, BLAIRSWRIGHT FARMS INC., is an Iowa corporation with its principal place of business in Wright County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

87.     Plaintiff, D&S HUNDERTMARK INC., is an Iowa corporation with its principal place of business in Humboldt County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

88.      Plaintiff, GILMORE FARMS INC., is an Iowa corporation with its principal place of business in Marshall County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

89.      Plaintiff, L&S SEED COMPANY, is an Iowa corporation with its principal place of business in Hardin County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

90.      Plaintiff, DKH INC., is an Iowa corporation with its principal place of business in Palo Alto and Emmet County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

91.      Plaintiff, GRABER FARMS INC., is an Iowa corporation with its principal place of business in Winnebago County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in

the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

92.     Plaintiff, HESS FARMS INC., is an Iowa corporation with its principal place of business in Pocahontas County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

93.     Plaintiff, GROVER FARMS INC., is an Iowa corporation with its principal place of business in Black Hawk County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

94.     Plaintiff, E L P & COMPANY, is an Iowa corporation with its principal place of business in Palo Alto County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or

grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

95.     Plaintiff, CJ HARMS FARMS INC., is an Iowa corporation with its principal place of business in Dickinson County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

96.     Plaintiff, D&L HEILMAN CORP., is an Iowa corporation with its principal place of business in Osceola County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

97.     Plaintiff, HOFFMAN BROS. INC., is an Iowa corporation with its principal place of business in Chickasaw County, Iowa.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

98.    Plaintiff, KROEGER BROS PARTNERSHIP, is a general partnership whose partners, Michelle Kroeger, Ryan Kroeger and Tracy Kroeger, are citizens of Iowa and farm in Carroll County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

99.    Plaintiff, CRANSTON BROTHERS, is a general partnership whose partners, Scott Cranston and Lee Cranston, are citizens of Iowa and farm in Ida County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

100.    Plaintiff, CLS FARMS, is a general partnership whose partners, Barbara Schomaker and Casey Schomaker, are citizens of Iowa and farm in Clay County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

101.    Plaintiff, DLG FARMS, is a general partnership whose partners, Dennis Willenborg, Larry Willenborg and Gerald Willenborg, are citizens of Iowa and farm in Carroll County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

102.    Plaintiff, KERRIGAN BROS., is a general partnership whose partners, Bob Kerrigan and Patrick Kerrigan, are citizens of Iowa and farm in Union County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

103.    Plaintiff, NELSON DONSKEY FARMS, is a general partnership whose partners, Luella Donskey, Marie Nelson Haas and Richard L. Adams, are citizens of Iowa and farm in Clay County, Iowa.   Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

104.    Plaintiff, DREY FARM PARTNERSHIP, is a general partnership whose partners, Dave Drey and Dennis Drey, are citizens of Iowa and farm in Sac County, Iowa.  Plaintiff has

raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

105.    Plaintiff, K & G SIEBRECHT FARM PARTNERSHIP, is a general partnership whose partners, Keith Siebrecht and Linda Siebrecht, are citizens of Iowa and farm in Sac County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

106.    Plaintiff, F & R FARM, is a general partnership whose partners, Rick Wierda and Francesca Wierda, are citizens of Iowa and farm in Sioux County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

107.    Plaintiff, VR & SONS, is a general partnership whose partners, Loren Van Regenmorter, Travis Van Regenmorter and Arda Van Regenmorter, are citizens of Iowa and farm in Sioux County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or

Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

108.   Plaintiff, H & S FARMS, is a general partnership whose partners, Leo G. Stuart, Jeff Holste and Robert Stuart, are citizens of Iowa and farm in East Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

109.   Plaintiff, QUIRK FARMS PARTNERSHIP, is a general partnership whose partners, Bryan Quirk and Todd Quirk, are citizens of Iowa and farm in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

110.   Plaintiff, WEGMANN FARMS, is a general partnership whose partners, Doug Wegmann and Dennis Wegmann, are citizens of Iowa and farm in Clayton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate

result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

111.   Plaintiff, GEELAN BROS. PARTNERSHIP, is a general partnership whose partners, Pat Geelan, Dan Geelan and Phil Geelen, are citizens of Iowa and farm in Palo Alto County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

112.   Plaintiff, DEGROOTE GRAIN FARMS GP, is a general partnership whose partners, Duane R. DeGroote and Marie DeGroote, are citizens of Iowa and farm in Butler, Grundy, Bremer, and Black Hawk Counties, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

113.   Plaintiff, W.R. ARMSTRONG FAMILY JV, is a joint venture whose partners, William Armstrong and Kristin Sue Armstrong, are citizens of Iowa and farm in Poweshiek County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

114.    Plaintiff, DONALD BRADY, is a citizen of Illinois who farms in Bureau County, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

115.    Plaintiff, ROBERT CORSO, is a citizen of Illinois who farms in Franklin County, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

116.    Plaintiff, LOUIS SPAHR, is a citizen of Illinois who farms in Saline and Gallatin Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

117.    Plaintiff, D. WAYNE MARRS, is a citizen of Illinois who farms in Edgar County, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn

seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

118.    Plaintiff, ERIC F. VAN TUYLE, is a citizen of Illinois who farms in Greene, Sott, Morgan, Sangamon and Macoupin Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

119.    Plaintiff, STEVE PITSTICK, is a citizen of Illinois who farms in Kane, Dekalb and Dupage Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

120.    Plaintiff, LESTER LANDMEIER, is a citizen of Illinois who farms in Kane and Dekalb Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

121.    Plaintiff, MICHAEL J. PITSTICK, is a citizen of Illinois who farms in Kane and Dekalb Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

122.    Plaintiff, DALE SCHRAMER, is a citizen of Illinois who farms in Kane and Dekalb Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

123.    Plaintiff, ALAN G. VOLPP, is a citizen of Illinois who farms in Kane and Dekalb Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

124.    Plaintiff, SETH SLEEZER VI, is a citizen of Illinois who farms in Kendall, LaSalle, Livingston and Putnam Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct,

Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

125.     Plaintiff, WALTER J. SANCKEN, is a citizen of Illinois who farms in Livingston and Grundy Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

126.     Plaintiff, MARTIN SCHWARTZ, is a citizen of Illinois who farms in Kendall and LaSalle Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

127.     Plaintiff, JEFF SAPP, is a citizen of Illinois who farms in Schuyler, Macomb, and Hancock Counties, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

128.     Plaintiff, PHILIP S. ANDERSON, is a citizen of Illinois who farms in Franklin County, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn

seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

129.   Plaintiff, DALE ASHER, is a citizen of Illinois who farms in Adams County, Illinois. Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

130.   Plaintiff, JEFFREY J. SCOTT, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

131.   Plaintiff, JOHN A. SCOTT, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

132.   Plaintiff, DERICK D. BRUHN, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

133.   Plaintiff, ALAN D. BRUHN, is a citizen of Iowa who farms in Monona, Woodbury and Crawford Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

134.   Plaintiff, ROGER GROTH, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

135.   Plaintiff, JERRY GROTH, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

136.     Plaintiff, LARRY WIEBERS, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

137.     Plaintiff, JASON WIEBERS, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

138.     Plaintiff, PETER E. REICKS, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

139.     Plaintiff, DALE GRONAU, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

140.   Plaintiff, JARED GRONAU, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

141.   Plaintiff, DANIEL R. ROEDER, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

142.   Plaintiff, DARRIN J. ROEDER, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

143.   Plaintiff, DENNIS R. ROEDER, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

144.    Plaintiff, MICHAEL THEISEN, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

145.    Plaintiff, CHRISTOPHER SAILER, is a citizen of Iowa who farms in Franklin County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

146.    Plaintiff, SCOTT H. WILLIAMS, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

147.    Plaintiff, JEFF VONNAHME, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

148.    Plaintiff, JUSTIN M. DEIM, is a citizen of Iowa who farms in Kossuth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

149.    Plaintiff, DONALD TREINEN, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

150.    Plaintiff, DALE SCHWADE, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

151.     Plaintiff, MARK SCHLEISMAN, is a citizen of Iowa who farms in Calhoun and Carroll Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

152.     Plaintiff, CRAIG THORESON, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

153.     Plaintiff, LARRY E. MINIKIS, is a citizen of Iowa who farms in Humboldt County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

154.     Plaintiff, RANDALL GREIMAN, is a citizen of Iowa who farms in Hancock County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

155.   Plaintiff, KURT CARSTENSEN, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

156.   Plaintiff, JOSHUA C. MCINTIRE, is a citizen of Iowa who farms in Humboldt County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

157.   Plaintiff, ROGER KADOLPH, is a citizen of Iowa who farms in Cerro and Gorrdo Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

158.   Plaintiff, EDMUND NABERHAUS, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade

corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

159.    Plaintiff, TROY L. NEVILLE, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

160.    Plaintiff, STEVEN D. ALLARD, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

161.    Plaintiff, ROGER TIEMESSEN, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

162.    Plaintiff, JAMIE STOULIL, is a citizen of Iowa who farms in Story County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

163.    Plaintiff, ANTHONY C. REISS, is a citizen of Iowa who farms in Dubuque County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

164.    Plaintiff, KEVIN KIPP, is a citizen of Iowa who farms in Guthrie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

165.    Plaintiff, TERRY L. NEVILLE, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

166.     Plaintiff, ANTHONY WETTER, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

167.     Plaintiff, DENNIS HANSEN, is a citizen of Iowa who farms in Cedar County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

168.     Plaintiff, ROBERT SCHWADE, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

169.     Plaintiff, CLIFFORD TRENT, is a citizen of Iowa who farms in Black Hawk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

170.    Plaintiff, JEREMY KERRIGAN, is a citizen of Iowa who farms in Union County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

171.    Plaintiff, ROBERT SHATEK, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

172.    Plaintiff, MARK A. CROONQUIST, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

173.    Plaintiff, MARK KERKHOFF, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

174.    Plaintiff, LARRY D. EDEN, is a citizen of Iowa who farms in Winnebago and Hancock Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

175.    Plaintiff, BEAU M. ROMSEY, is a citizen of Iowa who farms in Story County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

176.    Plaintiff, DONALD SHATEK, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

177.    Plaintiff, TIMOTHY H. PUDENZ, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

178.   Plaintiff, JEROME N. RUBA, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

179.   Plaintiff, WILLIAM J. WOLF, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

180.   Plaintiff, RICK REED, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

181.    Plaintiff, ROBERT KEPPLE, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

182.    Plaintiff, LANCE S. OLSON, is a citizen of Iowa who farms in Humboldt County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

183.    Plaintiff, DARYL UPMEYER, is a citizen of Iowa who farms in Hancock County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

184.    Plaintiff, NICK NOLTE, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate

result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

185.    Plaintiff, KEITH ECK, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

186.    Plaintiff, AMY S. NELSON, is a citizen of Iowa who farms in Scott County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

187.    Plaintiff, IVAN SIMPSON, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

188.    Plaintiff, JUDY SIMPSON, is a citizen of Iowa who farms in Monona County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

189.   Plaintiff, W. ROY GUSTAFSON, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

190.   Plaintiff, JEREMY GUSTAFSON, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

191.   Plaintiff, STEVEN GUSTAFSON, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

192.   Plaintiff, DOUGLAS GUSTAFSON, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

193.    Plaintiff, TANNER SCHULTZ, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

194.    Plaintiff, KYLE MATTINGLY, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

195.    Plaintiff, RANDY A. DENBURGER, is a citizen of Iowa who farms in Monroe and Mahaska County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

196.    Plaintiff, DAVE R. BUELTEL, is a citizen of Iowa who farms in Carroll, Shelby, Audubon and Crawford Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

197.    Plaintiff, JOSEPH J. DVORAK, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

198.    Plaintiff, ALAN B. BRUEGGEMAN, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

199.    Plaintiff, RICHARD C. ROLSTON, is a citizen of Iowa who farms in Grundy County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

200.    Plaintiff, THOMAS SHATEK, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

201.    Plaintiff, SHAUN W. WOLF, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

202.    Plaintiff, CURTIS D. BELL, is a citizen of Iowa who farms in Washington and Keokuk Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

203.    Plaintiff, JERRY TERWEE, is a citizen of Iowa who farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

204.     Plaintiff, RICKY J. WITTROCK, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

205.     Plaintiff, CLAY W. HENDERSON, is a citizen of Iowa who farms in Taylor County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

206.     Plaintiff, ANTHONY J. REISS, is a citizen of Iowa who farms in Jackson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

207.     Plaintiff, EDWARD WILLENBORG, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

208.   Plaintiff, SCOTT A. LARSEN, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

209.   Plaintiff, KENNETH A. BARTELS, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

210.   Plaintiff, GEORGE JOHNSTON, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

211.    Plaintiff, LONNIE L. BENSON, is a citizen of Iowa who farms in Shelby County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

212.    Plaintiff, ROGER D. LARSEN, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

213.    Plaintiff, DAVID J. EASTLUND, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

214.    Plaintiff, JAMES WILLENBRING, is a citizen of Iowa who farms in Dubuque County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

215.    Plaintiff, TERRI MCCULLEY, is a citizen of Iowa who farms in Jackson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

216.    Plaintiff, KEITH KLAASSEN, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

217.    Plaintiff, NOLAN JUNKER, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

218.    Plaintiff, TYLER AREY, is a citizen of Iowa who farms in Warren County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has

Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

219.    Plaintiff, CASEY GRAHAM, is a citizen of Iowa who farms in Warren County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

220.    Plaintiff, BRADLEY STOLTE, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

221.    Plaintiff, SCOTT WILLENBRING, is a citizen of Iowa who farms in Dubuque County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

222.    Plaintiff, ORVILLE SEAMER, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

223.   Plaintiff, EUGENE D. NIEMAN, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

224.   Plaintiff, MICHAEL POTHAST, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

225.   Plaintiff, WESLEY BIERL, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

226.     Plaintiff, DAVID DENEVE, is a citizen of Iowa who farms in Poweshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

227.     Plaintiff, JEREMY W. RUTTER, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

228.     Plaintiff, DEAN GANNON, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

229.     Plaintiff, KENT WAGNER, is a citizen of Iowa who farms in Hamilton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

230.    Plaintiff, DANIEL SHATEK, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

231.    Plaintiff, LEROY W. CORNWELL, is a citizen of Iowa who farms in Polk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

232.    Plaintiff, DOUGLAS A. EVANS, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

233.    Plaintiff, DAVID DEAN, is a citizen of Iowa who farms in Emmet County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has

Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

234.    Plaintiff, PAUL J. BINDER, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

235.    Plaintiff, MELVIN PRASKA, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

236.    Plaintiff, MARTY KERKHOFF, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

237.    Plaintiff, KIRK HAMMITT, is a citizen of Iowa who farms in Harrison County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

238.    Plaintiff, ALLEN J. VAN NOORT, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

239.    Plaintiff, GEORGE GUENTHER, is a citizen of Iowa who farms in Hancock County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

240.    Plaintiff, ALAN VASKE, is a citizen of Iowa who farms in Delaware County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

241.     Plaintiff, DWIGHT FOLKEN, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

242.     Plaintiff, BRIAN L. JENSEN, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

243.     Plaintiff, DOUG HARTZ, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

244.     Plaintiff, MARVIN E. FABER, is a citizen of Iowa who farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

245.    Plaintiff, IVO WILWERDING, is a citizen of Iowa who farms in Shelby County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

246.    Plaintiff, ARLYN VAN ZANTE, is a citizen of Iowa who farms in Poweshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

247.    Plaintiff, STEVEN WOOLDRIDGE, is a citizen of Iowa who farms in Marion County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

248.    Plaintiff, TYSON A. WOODS, is a citizen of Iowa who farms in Adair County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

249.    Plaintiff, DANIEL B. WOODS, is a citizen of Iowa who farms in Adair County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

250.    Plaintiff, STEVEN SCHAEFER, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

251.    Plaintiff, NEWTON WILSON, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

252.    Plaintiff, DARYL HENNING, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

253.   Plaintiff, LAWRENCE N. STROUTH, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

254.   Plaintiff, MARK MURPHY, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

255.   Plaintiff, RUSSELL W. O'BRIEN, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

256.    Plaintiff, RONALD VALVODA, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

257.    Plaintiff, SHANNON SMITH, is a citizen of Iowa who farms in Fremont County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

258.    Plaintiff, TIMOTHY HEIKENS, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

259.    Plaintiff, BILLY SUNDALL, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

260.   Plaintiff, DAVID TOPF, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

261.   Plaintiff, ALEX KERRIGAN, is a citizen of Iowa who farms in Polk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

262.   Plaintiff, WESLEY MITCHELL, is a citizen of Iowa who farms in Union County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

263.   Plaintiff, JAMIE MITCHELL, is a citizen of Iowa who farms in Union County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

264.   Plaintiff, JASON GAEDE, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

265.   Plaintiff, BRIAN STOUT, is a citizen of Iowa who farms in Johnson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

266.   Plaintiff, KEVIN D. BUDDEN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

267.   Plaintiff, DALE BERGER, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

268.    Plaintiff, DALE E. SCHRODER, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

269.    Plaintiff, TARLETON CREEK FARMS, INC. is an Arkansas corporation with its principal place of business in Ethel, Arkansas.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Arkansas over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

270.    Plaintiff, DEVIN SCHRODER, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

271.     Plaintiff, GAYLE SCHRODER, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

272.     Plaintiff, JAMES TOMLONOVIC, is a citizen of Iowa who farms in Jasper County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

273.     Plaintiff, LARRY FOLEY, is a citizen of Iowa who farms in Worth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

274.     Plaintiff, BRIAN GEERTS, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

275.    Plaintiff, ALLAN HANSEN, is a citizen of Iowa who farms in Cass County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

276.    Plaintiff, RICHARD L. ADAMS, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

277.    Plaintiff, GARY D. EDEN, is a citizen of Iowa who farms in Johnson and Muskateen Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

278.    Plaintiff, RONALD GORDON, is a citizen of Iowa who farms in Union County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

279.    Plaintiff, SCOTT LENZ, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

280.    Plaintiff, RAY LENZ, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

281.    Plaintiff, JANELLE M. SCHRECK, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

282.    Plaintiff, ROBERT D. ENGELKES, is a citizen of Iowa who farms in Grundy County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

283.   Plaintiff, STEVEN KOLBET, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

284.   Plaintiff, RICHARD SHORT, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

285.   Plaintiff, ANDY KOOB, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

286.     Plaintiff, JOHN FRIEDRICHSEN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

287.     Plaintiff, KYLE BROWN, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

288.     Plaintiff, MICHAEL KOTH, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

289.     Plaintiff, PHILIP T. BURK, is a citizen of Iowa who farms in Floyd and Ida Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

290.   Plaintiff, DOUGLAS IMMING, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

291.   Plaintiff, COLIN SCHMITT, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

292.   Plaintiff, BRIAN L. MARTIN, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

293.   Plaintiff, BISSWANGER FARMS INC., is an Arkansas corporation with its principal place of business in Ethel, Arkansas.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Arkansas over a number of years, including in each growing season since

2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

294.    Plaintiff, JON A. RICHTER, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

295.    Plaintiff, DEAN R. LUFT, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

296.    Plaintiff, LARRY R. MILLER, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

297.    Plaintiff, DOROTHY HINKELDEY, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

298.    Plaintiff, TRUDY HINKELDEY, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

299.    Plaintiff, JIM HINKELDEY, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

300.    Plaintiff, JORDAN HINKELDEY, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

301.   Plaintiff, ROBERT L. MORAN, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

302.   Plaintiff, ROD WELLS, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

303.   Plaintiff, JOEL R. RUPP, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

304.   Plaintiff, DUSTIN MYERS, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has

Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

305.    Plaintiff, DONALD C. LAMP, is a citizen of Iowa who farms in Cedar County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

306.    Plaintiff, DOYLE KUEHNAST, is a citizen of Iowa who farms in Wright County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

307.    Plaintiff, DAVID JOSEPH STAIERT, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

308.    Plaintiff, DAVID WALKINSHAW, is a citizen of Iowa who farms in Cass County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

309.    Plaintiff, VERONICA MADSEN, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

310.    Plaintiff, DEAN DREY, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

311.    Plaintiff, MICHAEL TODD, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

312.    Plaintiff, KEVIN TODD, is a citizen of Iowa who farms in Woodbury County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

313.    Plaintiff, LOREN LEE MOVALL, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

314.    Plaintiff, DANIEL J. LONNEVIK, is a citizen of Iowa who farms in Cerro and Gordo Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

315.    Plaintiff, RICHARD J. LENEHAN, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

316. Plaintiff, LINDA REIMER, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

317. Plaintiff, JERROD E. REIMER, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

318. Plaintiff, DAVID ARNTS, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

319. Plaintiff, BERNIECE C. HAMMITT, is a citizen of Iowa who farms in Harrison County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

320.    Plaintiff, RON BEHNE, is a citizen of Iowa who farms in Dubuque County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

321.    Plaintiff, DEREK HANSEN, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

322.    Plaintiff, JERRY W. ADAMS, is a citizen of Iowa who farms in Worth and Winnebago Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

323.    Plaintiff, DENNIS JALAS, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

324.    Plaintiff, ESTHER JALAS, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

325.    Plaintiff, LYLE M. SCHUETZ, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

326.    Plaintiff, RUSSELL GERKEN, is a citizen of Kansas who farms in Miami County, Kansas. Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

327.    Plaintiff, TERRY SCHUITEMAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

328.    Plaintiff, MICHAEL GALLAGHER, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

329.    Plaintiff, MARVIN KLEIN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

330.    Plaintiff, BILL JOHANNSEN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

331.   Plaintiff, ANTHONY HANING, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

332.   Plaintiff, DENNIS GALLAGHER, is a citizen of Iowa who farms in Woodbury County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

333.   Plaintiff, GRANT L. DIEKEVERS, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

334.   Plaintiff, JOSHUA D. CROATT, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

335.    Plaintiff, JEFFREY ALTENA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

336.    Plaintiff, EDWIN VERBURG, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

337.    Plaintiff, DEAN SWANSON, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

338.    Plaintiff, DAN VARENHORST, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

339.   Plaintiff, GALEN SAMPSON, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

340.   Plaintiff, JACK E. RIEPMA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

341.   Plaintiff, Q. RODNEY VAN ROEKEL, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

342.    Plaintiff, JANICE GUENTHER, is a citizen of Iowa who farms in Hancock County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

343.    Plaintiff, RUSSELL SCHWARTZ, is a citizen of Iowa who farms in Charles Mix County, South Dakota. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

344.    Plaintiff, ROGER HOLTORF, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

345.    Plaintiff, RUSSELL E. PICKHINKE, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

346.    Plaintiff, JERRY D. RIEPMA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

347.    Plaintiff, MATTHEW L. WURZER, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

348.    Plaintiff, KORY JOHNSON, is a citizen of Iowa who farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

349.    Plaintiff, ALICE WHITED, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

350.    Plaintiff, DAVID WHITED, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

351.    Plaintiff, JAMES VERMEER, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

352.    Plaintiff, DALE E. CLEWELL, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

353.    Plaintiff, RAY TAPHORN, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

354.    Plaintiff, TED SMITH, is a citizen of Iowa who farms in Sac and Buena Vista Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

355.    Plaintiff, WAYNE SUMP, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

356.    Plaintiff, DEAN A. LIETZ, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

357.    Plaintiff, JACK HOGUE JR., is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

358.    Plaintiff, JON SCHNELLER, is a citizen of Colorado who farms in Phillips County, Colorado. Plaintiff has raised corn in the State of Colorado over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

359.    Plaintiff, TIMOTHY SMITH, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

360.    Plaintiff, THOMAS R. CRAY, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

361.   Plaintiff, SCOTT P. MEYER, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

362.   Plaintiff, BRENT M. MEYER, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

363.   Plaintiff, MICHAEL KROEGER, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

364.   Plaintiff, LEON SCHROEDER, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

365.    Plaintiff, KEVIN SCHROEDER, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

366.    Plaintiff, THOMAS STROVE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

367.    Plaintiff, RICHARD A. ESLICK, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

368.    Plaintiff, BRUCE HANSEN, is a citizen of Iowa who farms in Cass County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

369.    Plaintiff, DAVID HANSON, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

370.    Plaintiff, DENNIS HANSON, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

371.    Plaintiff, DEAN SCHWADE, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

372.    Plaintiff, BRENDA L. SCHRODER, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

373.    Plaintiff, STEVE D. AUGUSTINE, is a citizen of Iowa who farms in Washington County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

374.    Plaintiff, RICHARD WERNIMONT, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

375.    Plaintiff, DOUGLAS BECKMAN, is a citizen of Iowa who farms in Des Moines County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

376.    Plaintiff, RANDALL HIRSCH, is a citizen of Iowa who farms in Greene County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

377.    Plaintiff, EUGENE HERBOLD, is a citizen of Iowa who farms in Woodbury County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

378.    Plaintiff, PAUL M. FRANZKOWIAK, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

379.    Plaintiff, STEVEN J. LANGE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

380.   Plaintiff, DAVID ARMSTRONG, is a citizen of Iowa who farms in Poweshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

381.   Plaintiff, GREGORY JAMES PLETCHER, is a citizen of Colorado who farms in Yuma County, Colorado. Plaintiff has raised corn in the State of Colorado over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

382.   Plaintiff, RYAN A. ESLICK, is a citizen of Iowa who farms in Webster and Boone Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

383.   Plaintiff, DAVID HOFFMAN, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

384.    Plaintiff, FRANK W. NEVILLE, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

385.    Plaintiff, BRIAN STOLTE, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

386.    Plaintiff, CHRISTOPHER A. PEPIN, is a citizen of Iowa who farms in Boone County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

387.     Plaintiff, ALAN JATHO, is a citizen of Iowa who farms in Dickenson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

388.     Plaintiff, RANDY E. MENKE, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

389.     Plaintiff, KENNETH SMITH, is a citizen of Iowa who farms in Dickenson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

390.     Plaintiff, MICHAEL J. DONNENWERTH, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a

direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

391.    Plaintiff, LYLE WALLIS, is a citizen of Iowa who farms in Harrison County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

392.    Plaintiff, CHARLES J. RYHERD, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

393.    Plaintiff, GARY ANDERSON, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

394.    Plaintiff, LADON GROTJOHN, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

395.    Plaintiff, ALAN FIALA, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

396.    Plaintiff, GARY JOHNSTON, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

397.    Plaintiff, MICHAEL JOHNSTON, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

398.    Plaintiff, WILLIAM B. PENNING, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

399.    Plaintiff, MATTHEW SCHUITEMAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

400.    Plaintiff, RICHARD J. MONAHAN, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

401.    Plaintiff, TIMOTHY J. NICHOLSON, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

402.    Plaintiff, DAVID D. EBEL, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

403.    Plaintiff, ROBERT VERDOORN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

404.    Plaintiff, MITCHELL HENSLEY, is a citizen of Colorado who farms in Sedgwick County, Colorado. Plaintiff has raised corn in the State of Colorado over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

405.    Plaintiff, DANNE L. NOTEBOOM, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

406.     Plaintiff, EDWIN G. DOPPENBERG, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

407.     Plaintiff, DEAN K. HIBMA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

408.     Plaintiff, MINERVA SMALL, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

409.     Plaintiff, STANLEY S. SCHWARTZ, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

410.    Plaintiff, DAROLD D. BOERSMA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

411.    Plaintiff, MATTHEW HANSEN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

412.    Plaintiff, RUSSELL VERBURG, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

413.    Plaintiff, BRIAN VOLLINK, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

414.    Plaintiff, CRAIG VOLLINK, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

415.    Plaintiff, VIC HEYDEN, is a citizen of Iowa who farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

416.    Plaintiff, RODNEY DEGROOT, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

417.    Plaintiff, ROBERT P. ULLOM, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

418.    Plaintiff, JEFFREY K. MCDONOUGH, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

419.    Plaintiff, NICHOLAS FOELL, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

420.    Plaintiff, RANDALL HUSMAN, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

421.    Plaintiff, GREG L. MOE, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

422.    Plaintiff, ELIZABETH ANN MOORE, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

423.    Plaintiff, DUANE KNISLEY, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

424.    Plaintiff, RADEMACHER FARMS INC., is a Colorado corporation with its principal place of business in Longmont, Colorado. Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Colorado over a number of years, including in each growing season

since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

425.    Plaintiff, TODD ALAN MOORE, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

426.    Plaintiff, SYLVESTER SCHMIT, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

427.    Plaintiff, LANCE WEDEKING, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

428.    Plaintiff, PAUL KOTH, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

429.    Plaintiff, J SEUNTJENS, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

430.    Plaintiff, WILLIAM SEUNTJENS, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

431.    Plaintiff, ROBERT SEUNTJENS, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

432.   Plaintiff, ROGER D. DEHAAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

433.   Plaintiff, JAMES DANIEL CASEY, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

434.   Plaintiff, GAYLEN D. CASEY, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

435.   Plaintiff, SANDRA L. GRIMMIUS, is a citizen of Iowa who farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

436.    Plaintiff, GILBERT R. GREENFIELD, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

437.    Plaintiff, GARY A. GREENFIELD, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

438.    Plaintiff, ROGER TIEDEMAN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

439.    Plaintiff, BRYAN D. HALVERSON, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

440.    Plaintiff, DAVID C. HOLTHAUS, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

441.    Plaintiff, STEVEN J. RUHS, is a citizen of Iowa who farms in Clay and Buena Vista Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

442.    Plaintiff, RICK TIEDEMAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

443.     Plaintiff, MIKE D. SPENCER, is a citizen of Iowa who farms in Calhoun County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

444.     Plaintiff, LYLE G. MOLYNEUX, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

445.     Plaintiff, BENJAMIN W. MOLYNEUX, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

446.     Plaintiff, JOHN W. MOLYNEUX, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

447.    Plaintiff, TRAVIS W. MOLYNEUX, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

448.    Plaintiff, BRANDON L. MOLYNEUX, is a citizen of Iowa who farms in Keokuk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

449.    Plaintiff, DOUGLAS J. MILLER, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

450.    Plaintiff, KEITH J. GLIENKE, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

451.    Plaintiff, GAIL M. SWANSON, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

452.    Plaintiff, DANIEL A. WINTERFELD, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

453.    Plaintiff, VERNON DE JONGH, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

454.    Plaintiff, RANDALL L. VANDER SLUIS, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years,

including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

455.    Plaintiff, JESSE PLOEGER, is a citizen of Kansas who farms in Milford County, Kansas. Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

456.    Plaintiff, LEON L. PUHRMANN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

457.    Plaintiff, JOHN HORSTMAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

458.    Plaintiff, CHARLENE M. OOLMAN, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

459.    Plaintiff, DONALD E. BIERSTEDT, is a citizen of Iowa who farms in Calhoun and Pocahontas Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

460.    Plaintiff, TURNER-SIMPSON INC., is a Kansas corporation with its principal place of business in Clay County, Kansas.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

461.    Plaintiff, GARY L. SNYDER, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

462.    Plaintiff, BRANDON MESECK, is a citizen of Iowa who farms in Crawford County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

463.    Plaintiff, RANDY P. BURGART, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

464.    Plaintiff, LARRY A. LUNDEEN, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

465.    Plaintiff, DAVID L. STEINBECK, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

466.    Plaintiff, DENNIS A. PTACEK, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

467.    Plaintiff, CORLEY JUNGE, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

468.    Plaintiff, VIRGIL M. PICKAR JR., is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

469.    Plaintiff, GALE HAVERKAMP, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

470.   Plaintiff, ROGENE PEKAREK, is a citizen of Iowa who farms in Monona County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

471.   Plaintiff, TOM J. DVORAK, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

472.   Plaintiff, MICHAEL J. PICKAR, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

473.    Plaintiff, LEONARD O. JENSEN, is a citizen of Iowa who farms in Monona County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

474.    Plaintiff, GARY A. ADAMS, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

475.    Plaintiff, KEVIN S. ADAMS, is a citizen of Iowa who farms in Bremer, Chickasaw and Butler Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

476.    Plaintiff, DONALD E. ADKINS, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

477.   Plaintiff, ALLEN ALBERS, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

478.   Plaintiff, LANDON M. ALDINGER, is a citizen of Iowa who farms in Hardin and Franklin Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

479.   Plaintiff, DONALD ANDERSON, is a citizen of Iowa who farms in Grundy County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

480.   Plaintiff, WAYNE J. ARENS, is a citizen of Iowa who farms in Poweshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

481.    Plaintiff, RANDY ZIMMER, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

482.    Plaintiff, ROBERT W. YUSKA, is a citizen of Iowa who farms in Black Hawk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

483.    Plaintiff, TIMOTHY J. ARTHUR, is a citizen of Iowa who farms in Fayette County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

484.    Plaintiff, RONALD E. AUKES, is a citizen of Iowa who farms in Winnebago, Hancock and Kossuth Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a

number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

485.    Plaintiff, MERLYN J. YEAGER, is a citizen of Iowa who farms in Jackson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

486.    Plaintiff, RANDY J. WOODS, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

487.    Plaintiff, BRIAN K. WOLTERMAN, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

488.    Plaintiff, THOMAS M. BAHNSEN, is a citizen of Iowa who farms in Cerro Gordo County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

489.    Plaintiff, DAVID A. WITZKE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

490.    Plaintiff, ROBERT A. WITZKE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

491.    Plaintiff, RICKY J. WITTENBURG, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

492.    Plaintiff, JOSEPH BALIK, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

493.    Plaintiff, THOMAS BARNETT, is a citizen of Iowa who farms in Butler and Bremer Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

494.    Plaintiff, DEAN W. BAUER, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

495.    Plaintiff, KELLY BECKER, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

496.    Plaintiff, WILLIAM B. BEHRENS, is a citizen of Iowa who farms in Montgomery County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

497.    Plaintiff, BRIAN P. WELLS, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

498.    Plaintiff, ROBERT J. BENEKE, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

499.    Plaintiff, JOSHUA T. BERG, is a citizen of Iowa who farms in Mitchell, Worth and Cerro Gordo Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of

years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

500.    Plaintiff, THOMAS A. BERGLUND, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

501.    Plaintiff, BRIAN & KERRI BERNS, is a citizen of Iowa who farms in Clayton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

502.    Plaintiff, WYNN M. BIDDLE, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

503.    Plaintiff, BRIAN BIGLER, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

504.    Plaintiff, JAMES S. BLASER, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

505.    Plaintiff, KIEHNHOFF FARMS INC., is a Kansas corporation with its principal place of business in Doniphan County, Kansas.  Plaintiff is a corn producer.  Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

506.    Plaintiff, BRENT WAID, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate

result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

507.    Plaintiff, JEFF VANSICKLE, is a citizen of Iowa who farms in Waucoma County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

508.    Plaintiff, CHRIS W. TONEFF, is a citizen of Iowa who farms in Black Hawk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

509.    Plaintiff, LAWRENCE GEHLING, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

510.    Plaintiff, ROGER C. STUTSMAN, is a citizen of Iowa who farms in Washington County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

511.   Plaintiff, DEAN A. RADKE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

512.   Plaintiff, RONALD D. STEWART, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

513.   Plaintiff, DOUGLAS B. RECK, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

514.   Plaintiff, DANIEL STERNAT, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

515.    Plaintiff, LARRY STEFFENS, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

516.    Plaintiff, BRAD STEEGE, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

517.    Plaintiff, DENNIS SPONHEIM, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

518.    Plaintiff, LARRY W. BECK, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

519.    Plaintiff, KENNETH D. FLUGUM, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

520.    Plaintiff, HARLAN SONKSEN, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

521.    Plaintiff, JASON K. BRACE, is a citizen of Iowa who farms in Kossuth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

522.    Plaintiff, ALAN J. BRANDT, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

523.    Plaintiff, DELORES A. BRANNON, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

524.    Plaintiff, GENE E. BRASS, is a citizen of Iowa who farms in Winnebago and Kossuth Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

525.    Plaintiff, RANDY J. BRUCH, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

526.    Plaintiff, THOMAS L. BUCKLEY, is a citizen of Iowa who farms in Howard and Chickasaw Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

527.    Plaintiff, LYLE D. BUHR, is a citizen of Iowa who farms in Bremer and Chickasaw Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

528.    Plaintiff, DAN E. BURKHART, is a citizen of Iowa who farms in Woodbury County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

529.    Plaintiff, JERRY A. BUSCH, is a citizen of Iowa who farms in Winneshiek and Fayette Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years,

including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

530.   Plaintiff, MAURICE D. BYERS, is a citizen of Iowa who farms in Woodbury County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

531.   Plaintiff, COLE SITZMAN, is a citizen of Iowa who farms in Plymoth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

532.   Plaintiff, MICHAEL J. CAGLEY, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

533.     Plaintiff, BRYAN SIME, is a citizen of Iowa who farms in Worth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

534.     Plaintiff, JOHN L. CLARK, is a citizen of Iowa who farms in Clay and O'Brien Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

535.     Plaintiff, RAYMOND E. CARLSON, is a citizen of Iowa who farms in Hamilton, Boone and Webster Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

536.     Plaintiff, CHUCK SHOVER, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

537.     Plaintiff, LARRY D. CHERVENY, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

538.     Plaintiff, RICHARD A. CROOKS, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

539.     Plaintiff, BOB J. DANNER, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

540.     Plaintiff, DARIN J. DEJONG, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

541.    Plaintiff, ROBERT J. DEMMER, is a citizen of Iowa who farms in Delaware County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

542.    Plaintiff, DANIEL J. MULLEN, is a citizen of Iowa who farms in Pocahontas and Buena Vista Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

543.    Plaintiff, CRAIG SASH, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

544.    Plaintiff, DENNIS LADWIG, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

545.    Plaintiff, DONALD J. LAMPMAN, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

546.    Plaintiff, HAROLD LANTOW, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

547.    Plaintiff, ROGER DESLOOVER, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

548.     Plaintiff, RICKEY CHARLES LARSEN, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

549.     Plaintiff, RON DEVRIES, is a citizen of Iowa who farms in Montgomery County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

550.     Plaintiff, GARY LARSON, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

551.     Plaintiff, DELBERT E. DODGE, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

552.   Plaintiff, MELVIN SADLER, is a citizen of Iowa who farms in Black Hawk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

553.   Plaintiff, EBEN S. SALTON, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

554.   Plaintiff, BRADLEY HOLZHEY, is a citizen of Kansas who farms in Doniphan County, Kansas. Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

555.   Plaintiff, RONALD O. DUNBLAZIER, is a citizen of Iowa who farms in Story County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

556. Plaintiff, RICK B. DUNN, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

557. Plaintiff, ROBERT L. DVORAK, is a citizen of Iowa who farms in Howard County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

558. Plaintiff, WILLIAM H. SEDA, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

559. Plaintiff, JAMES D. ECKENROD, is a citizen of Iowa who farms in Chickasaw and Howard Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of

years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

560.    Plaintiffs, MICHAEL E. HUNT, JORDAN M. HUNT AND PARKER A. HUNT, individually and/or collectively, are citizens of Iowa who farm in Delaware and Clayton Counties, Iowa. Plaintiffs have raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiffs have never purchased Viptera or Duracade corn seed, neither have Plaintiffs ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

561.    Plaintiff, KEVIN L. EDEKER, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

562.    Plaintiff, ROSS KUPER, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

563.    Plaintiff, MYRON KUPER, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

564.    Plaintiff, CHAD KUNZMAN, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

565.    Plaintiff, RONALD KUBIK, is a citizen of Iowa who farms in Tama County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

566.    Plaintiff, TIM KRUSE, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate

result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

567.     Plaintiff, RUSSELL D. KRUSE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

568.     Plaintiff, DONALD FRED KRUSE, is a citizen of Iowa who farms in Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

569.     Plaintiff, KAREN K. EICKHOFF, is a citizen of Iowa who farms in Clay and Dickinson Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

570.     Plaintiff, LYNN B. ELFERS, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

571.   Plaintiff, DUANE A. ELGIN, is a citizen of Iowa who farms in Delaware County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

572.   Plaintiff, GARY E. KRULL, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

573.   Plaintiff, DALE CALEASE, is a citizen of Iowa who farms in Bremer, Chickasaw and Fayette Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

574.   Plaintiffs, MARK KRIENER AND DOROTHY KRIENER, individually and/or collectively, are citizens of Iowa who farm in Chickasaw County, Iowa. Plaintiffs have raised

corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiffs have never purchased Viptera or Duracade corn seed, neither have Plaintiffs ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

575.   Plaintiffs, JAMES I. KRIENER AND LOREN F. KRIENER, individually and/or collectively, are citizens of Iowa who farm in Winneshiek County, Iowa. Plaintiffs have raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiffs have never purchased Viptera or Duracade corn seed, neither have Plaintiffs ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

576.   Plaintiff, BRADY D. EMERY, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

577.   Plaintiff, DENNIS R. ENGDAHL, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

578.     Plaintiff, DAVID KRAUSE, is a citizen of Iowa who farms in Kossuth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

579.     Plaintiff, WENDELL KRAMER, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

580.     Plaintiff, JONATHAN D. EPLEY, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

581.     Plaintiff, DOUGLAS W. KRACHT, is a citizen of Iowa who farms in Clay and Buena Vista County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade

corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

582.   Plaintiff, DENNIS A. KOCH, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

583.   Plaintiff, DON FERGUSON, is a citizen of Iowa who farms in Greene and Calhoun Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

584.   Plaintiff, JON JACOBSON, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

585.   Plaintiff, DAVID JENKINS, is a citizen of Iowa who farms in Montgomery County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

586.    Plaintiff, DUANE FICKBOHM, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

587.    Plaintiff, JAMES FANKHAUSER, is a citizen of Iowa who farms in Humboldt and Wright Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

588.    Plaintiff, ROBERT FIDDELKE, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

589.     Plaintiff, JAMES L. FIGANBAUM, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

590.     Plaintiff, BRYAN FLEXSENHAR, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

591.     Plaintiff, DAN J. FOX, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

592.     Plaintiff, DONALD C. JOHNSON, is a citizen of Iowa who farms in Kossuth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

593.    Plaintiff, KEITH JOHNSON, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

594.    Plaintiff, JEREMY JOHNSTON, is a citizen of Iowa who farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

595.    Plaintiff, KATHLEEN A. FRANCK, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

596.    Plaintiff, MATTHIAS D. FRANZEN, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

597.    Plaintiff, JERRY L. JONES, is a citizen of Iowa who farms in Grundy County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

598.    Plaintiff, THOMAS R. JONES, is a citizen of Iowa who farms in Clay and Spencer Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

599.    Plaintiff, LANCE FREED, is a citizen of Iowa who farms in Cherokee County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

600.    Plaintiff, JAMES M. JORGENSEN, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

601.    Plaintiff, JAMES A. KETTLER, is a citizen of Kansas who farms in Miami and Allen Counties, Kansas. Plaintiff has raised corn in the State of Kansas over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

602.    Plaintiff, DOUGLAS FREESE, is a citizen of Iowa who farms in Hardin and Grundy Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

603.    Plaintiff, RICK JUCHEMS, is a citizen of Iowa who farms in Bremer and Butler Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

604.     Plaintiff, MARTIN J. JUNGE, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

605.     Plaintiff, DON KALIN, is a citizen of Iowa who farms in Ida County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

606.     Plaintiff, GRANT KAMPMAN, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

607.     Plaintiff, DENNY KANNEGIETER, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

608.    Plaintiff, DON FLUMERFELT, is a citizen of Iowa who farms in Wright County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

609.    Plaintiff, AARON KAUFMAN, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

610.    Plaintiff, PETE KAUFMAN, is a citizen of Iowa who farms in Pocahontas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

611.    Plaintiff, PATRICK KELLEY, is a citizen of Iowa who farms in Monona County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

612.   Plaintiff, KENT KIMBALL, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

613.   Plaintiff, MICHAEL LEE KLASSEN, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

614.   Plaintiff, DAVID FREESEMAN, is a citizen of Iowa who farms in Butler County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

615.   Plaintiff, JERRY FREESEMAN, is a citizen of Iowa who farms in Buchanan County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

616.    Plaintiff, DEAN W. KLUSS, is a citizen of Iowa who farms in Wright County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

617.    Plaintiff, MATTHEW A. FREIN, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

618.    Plaintiff, RODNEY A. FRIEDRICH, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

619.     Plaintiff, MATTHEW FUELLING, is a citizen of Iowa who farms in Black Hawk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

620.     Plaintiff, DARYL KLOCKE, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

621.     Plaintiff, MARTY IZER, is a citizen of Iowa who farms in Hardin County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

622.     Plaintiff, JOHN B. IRONS, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

623.    Plaintiff, DEAN HUINKER, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

624.    Plaintiff, DANIEL E. GATH, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

625.    Plaintiff, JAMES C. GEBEL, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

626.    Plaintiff, RICHARD HUBBARD, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

627.    Plaintiff, JAMES W. HOWE, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

628.    Plaintiff, DUSTIN HOWE, is a citizen of Iowa who farms in Floyd County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

629.    Plaintiff, THOMAS C. HOTZ, is a citizen of Iowa who farms in Johnson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

630.    Plaintiff, DUANE J. GERLEMAN, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

631.    Plaintiff, MICHAEL HOTZ, is a citizen of Iowa who farms in Johnson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

632.    Plaintiff, CHARLES R. GETTING, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

633.    Plaintiff, PATRICK GILLESPIE, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

634.     Plaintiff, PAUL HOLSCHLAG, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

635.     Plaintiff, JEFFREY HOLMES, is a citizen of Iowa who farms in Cherokee and Plymouth Counties, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

636.     Plaintiff, JOSEPH L. GLASER, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

637.     Plaintiff, IVAN HOLLMAN, is a citizen of Iowa who farms in Webster County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

638.    Plaintiff, JOHN G. HOFFMANN, is a citizen of Iowa who farms in Delaware County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

639.    Plaintiff, LARRY L. HOFFMAN, is a citizen of Iowa who farms in Palo Alto County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

640.    Plaintiff, DEAN W. HOFFMAN, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

641.    Plaintiff, DALE ALAN HOFFMAN, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed,

neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

642.    Plaintiff, CRAIG HOFFMAN, is a citizen of Iowa who farms in Emmet County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

643.    Plaintiff, CHRIS HOFFMAN, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

644.    Plaintiff, SHANE HOEKSTRA, is a citizen of Iowa who farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

645.    Plaintiff, RODNEY HODGSON, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in

each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

646.    Plaintiff, ROY J. HAGEMAN, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

647.    Plaintiff, DON GRANDGEORGE, is a citizen of Iowa who farms in Wright County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

648.    Plaintiff, BEN GREENE, is a citizen of Iowa who farms in Clay County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

649.     Plaintiff, MARVIN HILDEBRANDT, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

650.     Plaintiff, CHRIS HILDEBRANDT, is a citizen of Iowa who farms in Chickasaw County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

651.     Plaintiff, DAVID GREVE, is a citizen of Iowa who farms in Clinton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

652.     Plaintiff, NELSON HERSHBERGER, is a citizen of Iowa who farms in Johnson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

653.    Plaintiffs, MARK HERMAN AND ROBERT HERMAN, individually and/or collectively, are citizens of Iowa who farm in Sac County, Iowa. Plaintiffs have raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiffs have never purchased Viptera or Duracade corn seed, neither have Plaintiffs ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

654.    Plaintiff, BRAD HARVEY, is a citizen of Iowa who farms in Plymouth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

655.    Plaintiff, MICHAEL HEMMINGSEN, is a citizen of Iowa who farms in Polk County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

656.    Plaintiff, JERALD L. HAAR, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each

growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

657.    Plaintiff, NORBERT A. HEMANN, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

658.    Plaintiff, LEONARD J. HEMANN, is a citizen of Iowa who farms in Dallas County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

659.    Plaintiff, EDWIN L. HABERL, is a citizen of Iowa who farms in Carroll County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

660.    Plaintiff, LOREN HAGEMAN, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

661.    Plaintiff, LOWELL HAGEMAN, is a citizen of Iowa who farms in Winneshiek County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

662.    Plaintiff, COREY HAGENOW, is a citizen of Iowa who farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

663.    Plaintiff, RANDY HANKE, is a citizen of Iowa who farms in Mitchell County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

664.    Plaintiff, RYAN E. HANSEN, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

665.    Plaintiff, CHAD HARMS, is a citizen of Iowa who farms in Dickinson County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

666.    Plaintiff, DAVID G. HARNER, is a citizen of Iowa who farms in Kossuth County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

667.    Plaintiffs, PETER E. GOLDEN AND HELEN GOLDEN, individually and/or collectively, are citizens of Iowa who farm in Sioux County, Iowa. Plaintiffs have raised corn in the State of Iowa over a number of years, including in each growing season since 2013.

Plaintiffs have never purchased Viptera or Duracade corn seed, neither have Plaintiffs ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

668.   Plaintiff, GARY HAUGEN, is a citizen of Iowa who farms in Winnebago County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

669.   Plaintiff, THOMAS J. HARTY, is a citizen of Iowa who farms in Benton County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

670.   Plaintiff, JACOB A. HARTSELL, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

671.    Plaintiff, D. RICHARD HARTSELL, is a citizen of Iowa who farms in Sac County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

672.    Plaintiff, NOAH BOSMA, is a citizen of Iowa who farms in Osceola County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

673.    Plaintiff, DENNIS N. CARLSON, is a citizen of Iowa who farms in Montgomery County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

674.    Plaintiff, MARK KUENNEN, INDIVIDUALLY AND DBA HOPE CREST FARMS, is a citizen of Iowa who farms in Fayette County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious

conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

675.    Plaintiff, JACK E. PLOEN, INDIVIDUALLY AND DBA J.P. SIX FARM ACCOUNT, is a citizen of Iowa who farms in Pottawattamie County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013. Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

676.    Plaintiff, NORMAN SWANSON, INDIVIDUALLY AND DBA SWANSON FARMS, is a citizen of Iowa who farms in O'Brien County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

677.    Plaintiff, GOLDEN ACRES LLP, is a limited liability partnership whose partners, Kenny Schleisman and Larry Schleisman, are citizens of Iowa and farm in Calhoun County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

678.    Plaintiff, RRANSOM INVESTMENT LP, is a limited partnership whose partners, Rransom Management LLC, Ryan M. Ransom 2012 Trust and Stacy L. Ransom 2012 Trust, are citizens of Iowa and farm in Harris County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

679.    Plaintiff, FRYE PROPERTIES LP, is a limited partnership whose partners, Renee Ransom, Ray Frye, Rransom Management LLC and Frye Management LLC, are citizens of Iowa and farm in Hamilton County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

680.    Plaintiff, GARRETT HOLDING LLC, is a Wisconsin limited liability company with its principal place of business in Arion, Wisconsin. Plaintiff farms in Crawford County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

681.     Plaintiff, AJP KRIENER LLC, is a Wisconsin limited liability company with its principal place of business in Fort Atkinson, Wisconsin. Plaintiff farms in Winneshiek County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

682.     Plaintiff, DUBBERKE FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Blue Grass, Wisconsin. Plaintiff farms in Scott County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

683.     Plaintiff, MSI FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Brayton, Wisconsin. Plaintiff farms in Audubon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

684.     Plaintiff, KLYN FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Blakesburg, Wisconsin. Plaintiff farms in Wapello County, Iowa.

Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

685.    Plaintiff, D SCHMITT LLC, is a Wisconsin limited liability company with its principal place of business in Early, Wisconsin. Plaintiff farms in Sac County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

686.    Plaintiff, CEDAR CREEK FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Sac, Wisconsin. Plaintiff farms in Sac County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

687.    Plaintiff, MICHAEL KROEGER LLC, is a Wisconsin limited liability company with its principal place of business in Carroll, Wisconsin. Plaintiff farms in Carroll County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither

has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

688.    Plaintiff, GAEDE FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Sumner, Wisconsin. Plaintiff farms in Bremer County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

689.    Plaintiff, BRASS ACRES LLC, is a Wisconsin limited liability company with its principal place of business in Grisworld, Wisconsin. Plaintiff farms in Pottawattamie County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

690.    Plaintiff, BAY BREEZE LLC, is a Wisconsin limited liability company with its principal place of business in Storm Lake, Wisconsin.  Plaintiff farms in Buena Vista County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

691.   Plaintiff, DEGROOT FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Orange City, Wisconsin.  Plaintiff farms in Sioux County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

692.   Plaintiff, GRANITE GROUP LLC, is a Wisconsin limited liability company with its principal place of business in Sioux Center, Wisconsin.  Plaintiff farms in Lyon County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

693.   Plaintiff, DKG FARM PROPERTIES LLC, is a Wisconsin limited liability company with its principal place of business in Storm Lake, Wisconsin.  Plaintiff farms in Calhoun County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

694.    Plaintiff, OOLMAN PORK LLC, is a Wisconsin limited liability company with its principal place of business in Orange City, Wisconsin.  Plaintiff farms in Sioux County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

695.    Plaintiff, BRAHMS FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Cumberland, Wisconsin.  Plaintiff farms in Cass County, Iowa. Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

696.    Plaintiff, HILLSIDE FARMS LLC, is a Wisconsin limited liability company with its principal place of business in Winthrop, Wisconsin.  Plaintiff farms in Buchanan County, Iowa.  Plaintiff has raised corn in the State of Iowa over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

697.    Plaintiff, GERALD CAMPBELL, is a citizen of Illinois who farms in Adams County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years,

including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

698.    Plaintiff, GREGORY W. CAMPBELL, is a citizen of Illinois who farms in Adams County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

699.    Plaintiff, LEWIS BROTHERS, LLC, is an Illinois limited liability company with its principal place of business in Adams County, Illinois.  Plaintiff farms in Adams County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

700.    Plaintiff, ERIC R. LANING, is a citizen of Illinois who farms in Brown County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

701.     Plaintiff, GUSSIE LAVERNE KRANOV, is a citizen of Illinois who farms in Bureau County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

702.     Plaintiff, ROBERT TEKAMPE, is a citizen of Illinois who farms in Carroll County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

703.     Plaintiff, DONALD D. ROUTH, is a citizen of Illinois who farms in Champaign County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

704.     Plaintiff, STEVE KESSLER, is a citizen of Illinois who farms in Christian County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a

direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

705.    Plaintiff, SCOTT SAGE, is a citizen of Illinois who farms in Champaign County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

706.    Plaintiff, SAM SIDDELL, is a citizen of Illinois who farms in Clinton County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

707.    Plaintiff, DUANE R. SULLIVAN, is a citizen of Illinois who farms in Woodford County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

708.    Plaintiff, JERRY CLYMER, is a citizen of Illinois who farms in Woodford County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade

corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

709.    Plaintiff, KENNETH C. HUSER, is a citizen of Illinois who farms in Woodford County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

710.    Plaintiff, DR. THOMAS MCKENNA, is a citizen of Illinois who farms in Woodford County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

711.    Plaintiff, SHIRLEY J. BLACKBURN, is a citizen of Illinois who farms in Woodford County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

712.    Plaintiff, STANLEY WEBER, is a citizen of Illinois who farms in Woodford County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years,

including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

713.    Plaintiff, JOHN HILL, is a citizen of Illinois who farms in Winnebago County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

714.    Plaintiff, K.D. BODWELL, TRUSTEE OF THE BODWELL FAMILY TRUST, is a citizen of Illinois who farms in Winnebago County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

715.    Plaintiff, DANIEL HAZZARD, is a citizen of Illinois who farms in Winnebago County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

716.     Plaintiff, KAROLYN DONNETTE DEAN, is a citizen of Illinois who farms in Williamson County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

717.     Plaintiff, ROGER BUNTE, is a citizen of Illinois who farms in Will County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

718.     Plaintiff, GARRY B. JANNEY, is a citizen of Illinois who farms in Will County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

719.     Plaintiff, DUANE TEMME, is a citizen of Illinois who farms in Will County, Illinois.  Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and

proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

720.    Plaintiff, RICHARD L. REED, is a citizen of Illinois who farms in Whiteside County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

721.    Plaintiff, ROBIN L. WIEBENGA, is a citizen of Illinois who farms in Whiteside County, Illinois.   Plaintiff has raised corn in the State of Illinois over a number of years, including in each growing season since 2013.  Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

722.    Plaintiff, VANCE TYSON, is a citizen of Noth Carolina, who farms in Cumberland County, North Carolina.  Plaintiff has raised corn in the State of North Carolina over a number of years, including in each growing season since 2013.   Plaintiff has never purchased Viptera or Duracade corn seed, neither has Plaintiff ever knowingly planted or grown Viptera or Duracade corn. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has sustained damages exceeding the sum or value of $75,000.00, exclusive of interest and costs.

723.    Each Plaintiff claims actual damages exceeding $75,000, exclusive of interest and costs.

724.     Syngenta Seeds, Inc. is a Delaware corporation with its principal place of business in Minnetonka, Minnesota. Syngenta Seeds, Inc. is a citizen of the states of Delaware and Minnesota.  Upon information and belief, Syngenta Seeds, Inc. formerly did business as Novartis Seeds, Inc., until the company changed its name in or about 2000. Syngenta Seeds, Inc. develops and produces agricultural seeds, including, but not limited to, corn and soybean seeds, and in particular Viptera and Duracade. Syngenta Seeds, Inc. conducts business throughout the United States, including in the Southern District of Illinois. Syngenta Seeds, Inc. sells its agricultural seeds, including its genetically modified Viptera and Duracade seeds, to growers either directly or through a network of seed dealers and distributors.  At all times relevant hereto, Syngenta Seeds, Inc. operated as a subsidiary of Syngenta Corporation.

725.     Syngenta AG is a Swiss corporation headquartered in Basel, Switzerland. Syngenta AG operates a crop chemicals business. Upon information and belief, Syngenta AG's global sales in 2014 were around $15.13 billion. As a biotech company, Syngenta AG develops and produces genetically modified corn seeds. Syngenta AG developed and produced the Viptera and Duracade corn at issue here. Syngenta AG is the assignee of the patent for the genetically modified corn traits MIR 162 (U.S. Patent Nos. 8,455,720 and 8,618,272) and Event 5307 (U.S. Patent No. 9,133,474) at issue herein. Syngenta AG conducts business throughout the United States, including in the Southern District of Illinois.

726.     Syngenta Crop Protection AG is a Swiss corporation headquartered in Basel, Switzerland.  Syngenta Crop Protection AG produces, manufactures, and markets crop protection chemicals.  Syngenta Crop Protection AG conducts business throughout the United States, including in the Southern District of Illinois.  At all times relevant hereto, Syngenta Crop Protection AG operated as a subsidiary of Syngenta AG.

727.    Syngenta Corporation is a Delaware corporation with its principal place of business in Wilmington, Delaware.   Thus, Syngenta Corporation is a citizen of the State of Delaware.   At present, Syngenta Corporation's corporate status is listed as "suspended" by the Secretary of State of North Carolina. Through its subsidiaries, Syngenta Corporation provides crop protection products and seeds for agricultural producers throughout the United States, including in the Southern District of Illinois.   In addition, Syngenta Corporation provides biotech traits research services for corn and other crops.  At all times relevant hereto, Syngenta Corporation operated as a subsidiary of Syngenta AG.

728.    Syngenta Crop Protection, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 410 Swing Road, Greensboro, North Carolina 27409-2012.  The sole member of Syngenta Crop Protection, LLC is Syngenta Seeds, Inc.   Syngenta Crop Protection, LLC is a citizen of the states of Delaware, Minnesota, and North Carolina.   Syngenta Crop Protection, LLC is an agribusiness involved in the research, development, manufacture and sale of crop protection products including herbicides, fungicides, insecticides and seed treatments for many crops, including corn. Syngenta Crop Protection, LLC conducts business throughout the United States, including in the Southern District of Illinois. At all times relevant hereto, Syngenta Crop Protection, LLC operated as a subsidiary of Syngenta AG.

729.    Syngenta Biotechnology, Inc. is a Delaware corporation with its principal place of business in Durham, North Carolina.  Syngenta Biotechnology, Inc. is a citizen of the states of Delaware and North Carolina.  Information obtained from the North Carolina Secretary of State indicates that Syngenta Biotechnology, Inc. was formerly known as Syngenta Agribusiness Biotechnology Research, Inc. and Novartis Agribusiness Biotechnology Research, Inc.  Syngenta

Biotechnology, Inc. employs some 25,000 individuals in over 90 countries. Syngenta Biotechnology, Inc. conducts business throughout the United States, including in the Southern District of Illinois.   In 2008, Syngenta Biotechnology, Inc. invested some $969 million in research and development.   In addition to its Research Triangle Park campus, Syngenta Biotechnology, Inc. operates a sister-site in Beijing, China, which opened in 2008.   Syngenta Biotechnology, Inc. designed and developed the Viptera and Duracade corn seeds, at issue here. Since 1999, Syngenta Biotechnology, Inc. has conducted field trial/testing of corn transformation event MIR162 under USDA release permits or notifications in Illinois, Hawaii, Arkansas, Florida, Idaho, Minnesota, Puerto Rico, Mississippi, Arizona, California, Iowa, Kansas, Missouri, North Carolina, Nebraska, Texas, Wisconsin, Kentucky, Louisiana, Maryland, New York, Ohio, Pennsylvania, Virginia, Colorado, South Dakota, Georgia, Florida, and Tennessee. Syngenta Biotechnology, Inc. petitioned the Animal Plant Health Inspection Service of the USDA to deregulate MIR 162 (Viptera) in August of 2007.   Since 2005, Syngenta Biotechnology, Inc. has conducted field trial/testing of corn transformation Event 5307 under USDA release permits or notifications in Illinois, Hawaii, Arkansas, Florida, Minnesota, Puerto Rico, California, Iowa, Kansas, Missouri, North Carolina, Nebraska, Wisconsin, Kentucky, Louisiana, Ohio, Colorado, South Dakota, Florida, Oklahoma, Washington, and South Carolina. Syngenta Biotechnology, Inc. petitioned the Animal Plant Health Inspection Service of the USDA to deregulate Event 5307 (Duracade) in April of 2011.  The company's website states that Syngenta Biotechnology, Inc. understands the "risks of [its] products" and "is committed to implementing high standards of stewardship for the safe, effective and environmentally responsible production and use of its products."[3]

---

[3] "Syngenta Agricultural Biotechnology Products," Syngenta Biotechnology, Inc. 2016. Web. 09 Feb. 2016, *available at*

730.     Gavilon Grain, LLC ("Gavilon") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.  The sole member of Gavilon is a citizen of the states of Delaware and Nebraska. Therefore, Gavilon is a citizen of the states of Delaware and Nebraska.  Gavilon conducts business throughout the United States, including in the Southern District of Illinois.  Gavilon is a commodity management firm, connecting producers and consumers of food through its global supply chain network.   Gavilon provides origination, segregation, storage and handling, transportation and logistics, marketing and distribution, and risk management services. It also markets and sells U.S. corn and Distiller's Dried Grains with Solubles ("DDGS")[4] internationally via bulk vessel or barge, including previously to China.  Gavilon has nearly 300 facilities and offices worldwide, including in Arkansas, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Wisconsin, Washington, and China.  At all times relevant hereto, Gavilon partnered with the Syngenta entities in the commercialization of Viptera and Duracade corn. Syngenta has publicly referred to Gavilon as its business "partner" in several news releases and marketing materials.[5] Also, in a joint letter to the North American Export Grain Association ("NAEGA") and the National Grain and Feed Association ("NGFA"), Syngenta represented that the commercialization of Duracade and the "Right to Grow" program was launched "in

---

http://www3.syngenta.com/country/cn/cn/products_solution/biotech/sbcen/syn_biotechnology/Pages/Key_products.asp.

[4] DDGS are produced when corn is processed into ethanol, and is used as animal feed.

[5] "Syngenta and Gavilon Grain, LLC: Right to Grow Program—Q&A," Syngenta, 2014. Web. 12 Apr. 2016, *available at* http://www.syngenta-us.com/viptera_exports/images/right_to_grow_qa.pdf. (Regarding the "Right to Grow" program: "The program includes a working ***partnership*** with Gavilon to provide marketing and handling assistance for Agrisure Duracade corn for 2014 … Syngenta will continue with a limited-acre introductory launch of Agrisure Duracade for the 2014 season. The plan involves ***partnering*** with Gavilon, a major grain handling and marketing firm …. [A] ***grain partner representative from Gavilon*** will  contact farmers to discuss their marketing options.").

collaboration with" Gavilon.[6]  The letter is personally signed and endorsed by Greg Konsor, Vice President and General Manager of Gavilon Grain, LLC. Under this partnership, Gavilon became responsible with the Syngenta entities for the launch, handling, stewardship, and channeling of Viptera and Duracade corn.  Pursuant to the partnership, in addition to other responsibilities, Gavilon accepted Viptera and Duracade grains and provided "stewardship and distribution services" related thereto.[7] Although the Syngenta entities and Gavilon first announced their partnership formally on February 20, 2014 in relation to the "Right to Grow Program," it is the information and belief of Plaintiffs that this partnership business between the Syngenta entities and Gavilon concerning the launch, handling, stewardship, and channeling of Viptera and Duracade corn existed for years prior to the formal announcement, including as early as 2011 when Viptera was first commercialized in the U.S. Further, at all times relevant hereto, Gavilon and the Syngenta entities have shared profits from this partnership business which they own, including revenues generated by the commercialization, marketing, and sale of Viptera and Duracade corn. In September of 2014, Syngenta announced that it "renewed and enhanced its program with Gavilon" and began to offer farmers a "per unit stewardship premium for each bag of Agrisure Duracade corn planted in 2015" and "consultative services through Gavilon to help them appropriately steward and market their corn[.]"[8] Gavilon continues to directly encourage farmers to plant Duracade seed and promote the commercialization of Duracade despite lack of

---

[6] "Joint Letter to the NAEGA and NGFA re: Right to Grow Program," Syngenta Seeds, Inc. and Gavilon Grain, LLC, Mar. 11, 2014. Web. 04 Apr. 2016, *available at* https://www.ngfa.org/wp-content/uploads/Syngenta-Gavilon-Response-to-NGFA-NAEGA-Letter-and-Questions.pdf.

[7] News Release, "Syngenta and Gavilon bring advanced seed technology and grain marketing confidence to corn farmers for 2014," Sygnenta. 2014. Web. 11 Apr. 2016, *available at* http://www.syngenta-us.cominewsroominewsrelease_detail.aspx?id=179900.

[8] News Release, "Syngenta and Gavilon Enhance Grain Marketing Support for Agrisure Duracade in 2015," Syngenta, Sep. 12, 2014. Web. 11 Apr. 2016, *available at* http://www.syngenta-us.com/viptera_exports/images/right_to_grow_news_release.pdf.

import approval from China, stating that it "plan[s] to grow [its] network of accepting locations."[9]

731.   At all relevant times, Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, and Syngenta Biotechnology, Inc. have been unified in ownership and interest. These entities are alter-egos of each other and they have collectively been run as a single business enterprise.   At all times relevant hereto, Gavilon has partnered with the Syngenta entities in the commercialization of Viptera and Duracade corn, including throughout all counties in the State of Illinois. Consequently, throughout this Complaint, Defendants Syngenta Seeds, Inc., Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc. and Gavilon Grain, LLC are referred to collectively as "Syngenta."

732.   As a result of Syngenta's refusal to wait for its new biotech trait implanted in genetically modified corn seed to be approved for human and/or animal consumption by major U.S. export partners, and the subsequent and foreseeable discovery of this unapproved trait in exports to China, Syngenta has damaged Plaintiffs.

733.   Archer Daniels Midland Company ("ADM") is a Delaware corporation with corporate headquarters in Chicago, Illinois and its principal place of business in Decatur, Illinois. ADM is a citizen of the states of Delaware and Illinois. ADM is among the largest processors of agricultural commodities in the world. ADM markets and sells agricultural commodities, including U.S. corn and DDGS, both domestically and abroad. ADM conducts business throughout the United States, including in the Southern District of Illinois.   ADM purchases corn

---

[9] *Id.*, Statement of Jim Anderson, Chief Operating Officer at Gavilon.

throughout the supply chain, including directly from farmers. ADM also provides crop consulting and grain marketing services to farmers. ADM emphasizes publically its "partnership" with the farming community and holds itself out as a "vital link" between corn producers and consumers.[10] ADM has an extensive network of grain elevators, grain handling and processing facilities, and transportation assets throughout the midwestern and southern United States, including throughout all counties in the State of Illinois, which are used to buy, segregate, store, clean, process, transport, and sell agricultural commodities including corn. ADM is one of the largest producers of DDGS in the United States. ADM owns and operates more than a dozen ethanol plants in the midwestern United States, including in Illinois, where ADM receives corn from farmers and other non-producer third parties and processes it into DDGS for sale domestically and abroad. ADM transports a substantial amount of corn and DDGS from Illinois down the Mississippi River to Louisiana, after which it is sold on the international export market, including (previously) to China. ADM is intimately familiar with Chinese legal and regulatory requirements for the import of genetically modified grain. ADM employs more than 150 people in China.[11] ADM has operated in China since at least 1994 and has branch offices located throughout that nation. According to ADM's website:

> In July of 2010, ADM made a $100 million cornerstone investment in the Agricultural Bank of China (ABC). In January of 2011, ADM opened an office in Beijing. Both are key steps to advance ADM's strategy for profitable growth in China and throughout Asia. The investment and collaboration with ABC strengthens our relationships within China and expands our network of potential strategic partners. It also provides an important vantage point from which to identify and act on emerging opportunities.[12]

---

[10]    "Our Company," ADM. Web. 09 Feb. 2016, *available at* http://www.adm.comien-US/company/Pagesidefault.aspx.

[11]    "ADM in China," ADM. Web. 09 Feb. 2016, *available at* http://www.adm.com/en-US/worldwide/cha/Pages/default.aspx.

[12] *Id.*

In its corporate Code of Conduct, ADM represents that it will take all steps necessary to "ensure that our products meet or exceed legal and regulatory requirements."[13]

734.   Bunge North America, Inc. ("Bunge") is a New York corporation with its principal place of business in St. Louis, Missouri. Thus, Bunge is a citizen of the states of New York and Missouri. Bunge operates an extensive grain origination and export business. Bunge conducts business throughout the United States, including in the Southern District of Illinois. Bunge buys, handles, segregates, and stores agricultural commodities produced by U.S. farmers. Bunge has grain elevators and other grain-receiving, storage, and shipping facilities throughout the United States, including but not limited to: Alabama, Arkansas, California, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, Ohio, Tennessee, and Washington. Bunge markets and sells U.S. corn and DDGS domestically. It also markets and sells U.S. corn and DDGS internationally via bulk vessel or barge, including (previously) to China. Bunge represents to the public that it has been working with U.S. farmers for almost 100 years to originate quality grain to transport for domestic use and international export.[14] On its website, Bunge states that its expertise in effective risk management is a fundamental strength of its business and that Bunge's substantial management experience enables it to anticipate market developments and to optimize the timing and execution of purchases and sales of grain.[15] At all times relevant hereto, Bunge has been intimately familiar

---

[13]  "Code of Conduct," ADM. 2015. Web. 09 Feb. 2016, *available at* http://www.adm.com/en-US/company/ADM_way/Documents/Code-Of-Conduct-ENG.pdf.

[14]  "Ag Commodities," Bunge North America. 2016. Web. 25 Feb. 2016, *available at* https://www.bungenorthamerica.com/products/categories/5-ag-commodities.

[15]  "Ag Commodities," Bunge North America. 2016. Web. 10 Feb. 2016, *available at* https://www.bungenorthamerica.com/products/categories/5-ag-commodities.

with Chinese legal and regulatory requirements for the import of biotech grain. According to

Bunge's website:

> The history of Bunge in China dates back to the 1920s[.] In 1998, Bunge established itself in China as a trading operation of agricultural products for Chinese customers. . . Since the entry into the Chinese market, Bunge has been combining Bunge's global expertise with China's local business models to contribute to the sustainable development, social development and benefits of the local people[;] [s]hare the global experience in the agriculture and food sectors with Chinese government, clients and stakeholders while serving community, society and Chinese consumers[;] [a]ssist and promote agriculture development and a secure food supply market in China[;] . . . [and] [e]nhance agricultural products' efficiency and added value in the production, processing, and distribution[.][16]

Bunge represents publically that it supplies grains to China via "dedicated supply chains"

acknowledging that "[w]ith growing economies and expanding per capita income, Asia is a

driver of global growth for agricultural commodities and food products."[17]

735.    Cargill, Incorporated is a Delaware corporation with its principal place of

business in Minnetonka, Minnesota. Thus, Cargill, Incorporated is a citizen of the states of

Delaware and Minnesota. Cargill, Incorporated is a domestic and international seller of

agricultural products. Cargill, Incorporated conducts business throughout the United States,

including in the Southern District of Illinois.  Being among the largest exporters of U.S. corn and

DDGS, Cargill, Incorporated has hundreds of millions of dollars in infrastructure dedicated to

handle, segregate, store, and transport corn to customers domestically and internationally.

Cargill, Incorporated owns and operates a network of grain elevators as well as storage and

processing facilities in the U.S., including in Illinois, and has a significant grain presence along

the Mississippi, Illinois, and Ohio Rivers. These facilities purchase, segregate, and store corn

from U.S. farmers as well as third-party grain handlers. As one of the largest producers of DDGS

---

[16] "Bunge in China," Bunge. Web. 09 Feb. 2016, *available at* http://www.bunge.com.cn/en/bgchina.php.

[17] "Bunge: Asia Pacific," Bunge. Web. 09 Feb. 2016, *available at* http://www.bunge.com/Asia-Pacific.

in the United States, Cargill owns and operates several ethanol plants in the midwestern United States, including in Iowa, Nebraska, and Missouri, where Cargill receives corn from farmers and other non-producer third parties, and processes it into DDGS for sale domestically and abroad. Cargill, Incorporated loads corn and DDGS onto massive "Panamax" vessels for transport to Asian markets, including previously China.

736.    Cargill International SA ("CISA") is a Swiss corporation with its principal place of business in Geneva, Switzerland. CISA provides access to world markets for Cargill entities originating grains, oilseeds, and other agricultural products, including corn and DDGS.   In addition, much of Cargill, Incorporated's ocean-freight business is managed by CISA. For instance, in 2013, CISA sold some 31 Panamax vessels of U.S. corn into China.  CISA conducts business throughout the United States, including in the Southern District of Illinois.

737.    At all relevant times, Cargill, Incorporated and CISA (collectively "Cargill") have been unified in ownership and interest. These entities are alter-egos of each other, and they have collectively been run as a single business enterprise.  At all times relevant hereto, Cargill has been intimately familiar with Chinese legal and regulatory requirements for the import of genetically modified grain. For more than 40 years, Cargill has operated a wide range of business in China, including within the agricultural supply chain.[18] Cargill has a presence in all parts of mainland China with more than 50 locations and in excess of 8,000 employees nationwide.[19] On its website, Cargill states:

> Cargill is committed to utilizing its global expertise to support rural development and increase farmer incomes in China. Cargill's contributions are aligned with

---

[18] "Over Forty Years' Growth in China," Cargill, Incorporated. 2016. Web. 25 Feb. 2016, *available at* http://www.cargill.com.cn/en/about/40-years-growth/index.jsp.

[19] "2013/14       China   Corporate       Responsibility   Report," Cargill, Incorporated. 2013, *available at* http://www.cargill.com.cn/wcm/groups/public/@csf/@china/documents/document/na3082391.pdf.

China's commitment to promote sustainable agriculture and a safe and secure food supply. We help China achieve these commitments by improving efficiency and adding value in the production, processing, distribution, and trade of food and agriculture products.[20]

Cargill has also stated, "[t]he breadth of our operations means that Cargill touches almost every aspect of society. With our global reach comes the responsibility to understand and manage our impact."[21] Cargill further states: "[a]s a global organization privileged to do business all over the world, we have the responsibility to comply with all of the laws that apply to our businesses."[22] Cargill claims it acts responsibly across all of its supply chains. Cargill claims it uses its global expertise to enrich communities and increase farmer incomes.[23] Cargill has represented that it "provide[s] farmers with the training, tools and inputs they need to grow more food and help them access markets for their crops."[24]  In its Code of Corporate Responsibility, Cargill states:

> When Cargill began in 1865, our business was founded on the belief that "our word is our bond." Today, as a diversified global company still grounded in a culture of trust and respect, this remains the standard by which we do business. We operate with integrity and accountability. . . .
> Our world faces complex challenges. The breadth and scope of our business gives us an unparalleled view — and with the broad perspective comes responsibility. . .
> Cargill's interest extends beyond our own operations to the suppliers, partners, and other stakeholders in our supply chains.  A responsible supply chain respects people and human rights; produces safe and wholesome food; treats animals humanely; promotes the best, most responsible agricultural practices; and reduces environmental impact, including protecting the land and conserving resources. Achieving this will require collaboration with all stakeholders across

---

[20] *Id.*

[21] *Id.* at 3.

[22] *Id.*

[23] *Id.*

[24] "2015 Corporate Responsibility Report," Cargill, Incorporated. 2015. Web. 09 Feb. 2016, *available at* http://www.cargill.com/wcm/groups/public/@ccom/documents/document/na31881260.pdf.

developed and emerging markets. We strive to demonstrate measurable progress
against the supply chain issues that we can control and those we can influence.[25]

In related litigation, Cargill has admitted its duty and obligation to operate responsibly across the

agriculture markets it serves.

738.    Louis Dreyfus Commodities, LLC is a limited liability company organized and
existing under the laws of the State of Delaware with its principal place of business at 40
Danbury Road, Wilton, Connecticut. The sole member of Louis Dreyfus Commodities, LLC is a
citizen of the states of Delaware and Connecticut. Therefore, Louis Dreyfus Commodities, LLC
is a citizen of the states of Delaware and Connecticut. Louis Dreyfus Commodities, LLC
operates an extensive grain origination, processing and export business. Louis Dreyfus
Commodities, LLC buys, handles, segregates, and stores agricultural commodities produced by
U.S. farmers. Louis Dreyfus Commodities, LLC conducts business throughout the United States,
including in the Southern District of Illinois.  Louis Dreyfus Commodities, LLC has corn ethanol
plants in Norfolk, Nebraska and Grand Junction, Iowa where it receives grain directly from
farmers and other non-producer third parties and uses it to produce DDGS for sale domestically
and abroad.  Louis Dreyfus Commodities, LLC has other processing facilities in Indiana, Florida,
Louisiana, Kentucky and Georgia. Louis Dreyfus Commodities, LLC has grain elevators and
other grain-receiving, storage, and shipping facilities throughout the United States.  It has offices
and logistics assets in Chicago, Illinois. It also has either offices or logistics assets throughout the
United States, including but not limited to:  Arkansas, California, Connecticut, Florida, Georgia,
Illinois, Indiana, Iowa, Louisiana, Mississippi, Missouri, Nebraska, North Carolina, Oregon,
Tennessee, Texas and Washington. Louis Dreyfus Commodities, LLC markets and sells U.S.
corn and DDGS internationally via bulk vessel or barge, including (previously) to China.

---

[25] *Id*. at 16.

739.     Louis Dreyfus Commodities B.V. is a private limited liability company incorporated in the Netherlands. Louis Dreyfus Commodities B.V.'s principal place of business is Westblaak 92, 3012 KM Rotterdam, Netherlands. Louis Dreyfus Commodities B.V. owns subsidiaries and affiliates in various countries worldwide, including but not limited to Louis Dreyfus Commodities, LLC in the United States. In its annual report, Louis Dreyfus Commodities B.V. is referred to as the "governance" and "head office" and its subsidiary, Louis Dreyfus Commodities, LLC is referred to as the "regional head office" for North America.[26] Louis Dreyfus Commodities B.V. conducts business throughout the United States, including in the Southern District of Illinois.

740.     At all relevant times, Louis Dreyfus Commodities, LLC and Louis Dreyfus Commodities B.V. (collectively "Dreyfus") have been unified in ownership and interest. These entities are alter-egos of each other, and they have collectively been run as a single business enterprise.  At all times relevant hereto, Dreyfus has been intimately familiar with Chinese legal and regulatory requirements for the import of biotech grain.  On its website, Dreyfus states that it is a "pioneer of China's agricultural trade" with "long lasting relationships" with many of China's "major state-owned enterprises responsible for the procurement and commercialization of agricultural commodities."[27] Dreyfus represents to the public that it complies with all the international quality standards required by its customers.[28] Dreyfus also states that it uses a risk management process, which allows it to manage the risks inherent in complex supply chains that

---

[26] "2014 Annual Report," Louis Dreyfus Commodities B.V. 2015. Web. 25 Feb. 2016, *available at* https://www.ldcom.com/files/8614/2735/5606/LDC-AR-2014.pdf.
[27] "About Louis Dreyfus Commodities in China," Louis Dreyfus Commodities B.V. 2016. Web. 24 Feb 2016, *available at* https://www.ldcom.com/cn/en/about-us/ldc-china.

[28] *Id.*

operate from field to end consumer.[29]

741.    Upon information and belief, the ABCD Companies and Gavilon have many non-federally licensed facilities, including warehouses, grain elevators and ethanol plants, which they own and operate in various locations throughout the State of Illinois and the United States.  Upon information and belief, the ABCD Companies and Gavilon maintain facilities throughout the State of Illinois and the United States where no application for federal licensure was ever conducted.

### JURISDICTION AND VENUE

742.    Jurisdiction arises under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because each of the original actions constituted a Mass Action under CAFA.  As such, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., and Syngenta Seeds, Inc.  removed the original actions under 28 U.S.C. § 1453 from an Illinois state court in this judicial district.

743.    The Plaintiffs make no claim under federal law. No federal question arises on their allegations.   Plaintiffs expressly disclaim any federal cause of action that might otherwise be available to them.

744.    There is no complete diversity of citizenship in this case.  Multiple plaintiffs in this mass action, including Leroy Tweet, reside in the State of Minnesota and are citizens of that state.  Defendant Syngenta Seeds, Inc. has its principal place of business in the State of Minnesota and is a citizen of that state, accordingly.  Further, multiple plaintiffs in this mass action reside in the State of North Carolina and are citizens of that state.  Defendants Syngenta

---

[29] *Id.*

Biotechnology, Inc. and Syngenta Crop Protection, LLC have their principal places of business in the State of North Carolina and are citizens of that state, accordingly.

745.    Multiple plaintiffs in this mass action reside in and are citizens of the State of Illinois. Multiple other plaintiffs in this mass action reside in and are citizens of states which are not contiguous to Illinois.  These non-contiguous states of citizenship of multiple plaintiffs are North Carolina, Minnesota, Alabama, Arkansas, California, Colorado, Florida, Georgia, Idaho, Kansas, Louisiana, Maryland, Michigan, Mississippi, Nebraska, Nevada, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, and Virginia.

746.    This Court has both general and specific personal jurisdiction over each Defendant pursuant to section 2-209 of the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-209(a) and (b), because each defendant, separately and by acts concerted with the other defendants, conducts and conducted business within Illinois and committed tortious acts within Illinois.  General jurisdiction exists because Defendants have minimum contacts with Illinois and the Southern District of Illinois sufficient to satisfy traditional notions of due process by transacting business, entering into contracts, committing tortious acts, and/or maintaining offices.  Moreover, Defendants own facilities and land in Illinois, including the Southern District of Illinois, have supplied or indirectly, offered to sell, sold, contracted to supply or distributed Viptera, Duracade, and other products in Illinois, and have further caused injuries and property damage in Illinois.  The business and acts Syngenta engaged in in Illinois include, but are not limited to, (a) the promotion and sale of seeds in the state, including by their sales agents, (b) the use of "Syngenta Seed Advisors" to promote their products in the state, (c) the registration of agents for service of process in Illinois, (d) the maintenance of physical facilities

in Illinois to make, promote, and sell products inside the state and outside it, and (e) field testing the genetically-modified corn trait at issue.   The business and acts the ABCD Companies engage or engaged in in Illinois include, but are not limited to, (a) the marketing, grain sourcing, handling, shipping and promotion of products and services in the state, including by their sales agents, (b) the maintenance of physical facilities in Illinois to make, promote, market, sell, and offer products and services inside the state and outside it, (c) the registration of agents for service of process in Illinois, and (d) the commingling of Viptera and non-Viptera corn inside the state. Each instance of such business and acts in Illinois constitutes purposeful availment by both Syngenta and the ABCD Companies of the general commerce of the state and of the farming market specifically, and each such instance was directed by both Syngenta and the ABCD Companies to farmers in Illinois.   Each such instance was undertaken by each defendant for itself and/or as an agent for its subsidiaries.   Defendants' contacts with Illinois are so extensive and pervasive that Defendants are essentially at home in Illinois. Specific jurisdiction likewise exists because Defendants' activities in Illinois gave rise to Plaintiffs' claims, and Defendants regularly transact business within Illinois and have purposefully availed themselves of Illinois' benefits and protections.   Further, personal jurisdiction over Defendants exists in Illinois because Defendants committed tortious actions within Illinois.   Corn grown by farmers in Illinois eventually became contaminated with Viptera and/or Duracade, two products sold by Syngenta.  As a result of Defendants' specific negligent conduct in and concerning Illinois, Plaintiffs have suffered extensive, ongoing damages.  Put simply, a specific factual nexus exists between Illinois and Defendants' tortious conduct; consequently specific jurisdicition over Defendants exists in Illinois.

747.    The tortious acts alleged in this Complaint occurred in pertinent part in Illinois, in counties of the state including Madison County, and also in the states of citizenship of the multiple plaintiffs in this mass action who reside in and are citizens of Alabama, Arkansas, California, Colorado, Florida, Georgia, Idaho, Iowa, Indiana, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia and Wisconsin, which are the states of citizenship of multiple plaintiffs.

748.    Venue for these consolidated cases was proper in the Circuit Court of Madison County, Illinois, from which these cases were removed, pursuant to section 2-101 of the Illinois Code of Civil Procedure, 735 ILCS § 5/2-101, because, *inter alia*, Madison County is the county of Illinois in which the tortious acts occurred in pertinent part.   These consolidated cases were properly removed to this Court by Defendants Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc. and Syngenta Seeds, Inc., making venue proper here.

### JOINDER OF MEYERS & FLOWERS CONSOLIDATED PLAINTIFFS[30]

749.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

750.    Joinder of the Meyers & Flowers Consolidated Plaintiffs in this matter is proper because the claims of all Meyers & Flowers Consolidated Plaintiffs arise out of closely related transactions, and there are significant questions of law or fact that are common to all parties.

---

[30] The Court's order of March 10, 2016, ECF No. 60, severed the claims of the Meyers & Flowers Consolidated Plaintiffs from the Garrison Consolidated Plaintiffs. As noted by the Court, this post-removal severance does not divest the Court of CAFA jurisdiction as to the Meyers & Flowers Consolidated Plaintiffs.

All claims involve common questions regarding, *inter alia*, (a) Syngenta's decision to commercialize the MIR162 genetically modified corn trait in the absence of Chinese approval to import corn with the trait, (b) Syngenta's misrepresentations concerning Chinese approval and other affirmative misconduct resulting in contamination of the U.S. corn supply with its Viptera and Duracade corn, (c) the ABCD Companies' negligent actions and omissions which contributed to cause the loss of the Chinese market, and (d) damages suffered by the Plaintiffs as a result thereof.

751.    These significant questions of law and fact are common to all Meyers & Flowers Consolidated Plaintiffs, and on that ground, the Meyers & Flowers Consolidated Plaintiffs propose to try their claims together and jointly.

752.    Plaintiffs' damages derive from the same alleged overall drop in the price of U.S. corn due to Syngenta's premature commercialization of both Viptera and Duracade and the ABCD Companies' negligent actions and omissions which also contributed to cause the loss of the Chinese market. Plaintiffs' damage model is based, in large part, on the prices of corn set by the Chicago Board of Trade, which is the world's oldest futures and options exchange. Corn grown by farmers, including Plaintiffs, is traded on prices set by the Chicago Board of Trade on a daily basis. Indeed, the Chicago Board of Trade provides a commodities exchange for corn futures for farmers, distributors, and buyers of corn. Put simply, a specific factual nexus exists between Illinois and Defendants' tortious conduct; consequently, this Court has specific jurisdiction over Defendants.

**FACTUAL ALLEGATIONS**

**The Market for United States Corn**

753.    The United States is the world's largest producer and exporter of corn. There are more acres of farmland growing corn each year than any other crop in the United States. Over 13 billion bushels of corn–over 35% of the world's corn production–are grown annually in the United States on roughly 95 million acres of farmland. Corn is a commonly traded commodity with a market that can be quantified, calculated, and measured.

754.    International markets have been a key destination for U.S. agricultural products for decades.  Roughly 20% of the over 13 billion bushels of corn grown each year is sold for export to foreign countries. During the 2011-2012 growing season, the export of U.S. corn generated close to $18 billion in revenues—making corn the largest and most important cash crop grown in the United States.

755.    At all times relevant hereto, China has been a major export market for U.S. corn. Since at least 2010, China had been rapidly increasing its purchases of U.S. corn. In the 2011-2012 marketing year, 203 million bushels out of 1.543 billion total exported U.S. corn bushels were exported to China. China has also been the number one U.S. export partner for DDGS since the 2011-2012 marketing year.[31]  Given the size of the Chinese market, the laws of supply and demand drove the price of U.S. corn higher.

756.    Importantly, China has long been resistant to new genetically modified crops, and in fact requires new genetically modified seeds to be planted in China and generate crops for testing before a new genetically modified seed type is even eligible for import approval into China.

---

[31] "Market Data: Top U.S. Export Partners," U.S. Grains Council, 2016. Web. 14 Apr. 2016, *available at* http://www.grains.org/market-data/top-us-export-partners.

757.     Like the U.S., the European Union, and many other nations, China has adopted a "zero tolerance" policy with respect to the importation of unapproved genetic traits, a fact well-known to Syngenta and each of the ABCD Companies at all times relevant hereto.

758.     Due to the interdependence and connectedness of the modern U.S. agricultural industry, there is a shared responsibility among industry participants to exercise reasonable care in the commercialization, handling, marketing, selling, and shipping of new biotechnology products to protect other known industry stakeholders, including farmers, from an unreasonable risk of harm.  Syngenta and each of the ABCD Companies recognizes the inter-connectedness of the industry and market by referring to corn producers as "stakeholders" [32] in its commercial activities and by its representations that it would take certain steps to protect corn producers from the very harm that occurred.[33]  Moreover, Syngenta has represented publically that corporate

---

[32] "Stakeholder Engagement," Syngenta, 2016. Web. 12 Apr. 2016, *available at* http://www.syngenta.com/global/corporate/en/about-syngenta/corporate-responsibility/Pages/stakeholderengagement.aspx ("Our **stakeholders** are the people who can affect our business or who are affected by it. They include the following groups: Growers, Industry, Non-governmental organizations and international agencies, Investors, Employees, Government, Multi-stakeholder engagement."); "Bunge Citizenship Report," Bunge, 2014. Web. 12 Apr. 2016, *available at* http://www.bunge.com/citizenship/BG_CR14_Citizenship_Report_v16_FullReport .pdf ("We communicate openly about our activities and maintain a constructive dialogue with stakeholders.")

[33] "Safety in Research & Development," Syngenta, 2016. Web. 12 Apr. 2016, *available at* http://www.syngenta.com/global/corporate/en/about-syngenta/corporateresponsibility/operations/stewardship/Pages/safety-in-research-and-development.aspx ("Biotechnology is subject to strict regulation internationally. **We implement stringent safety measures** that ensure the safety of our employees, our customers and the environment."); "Statement on Genetic Modification and Other Technologies," ADM, 2016. Web. 12 Apr. 2016, *available at* http://www.adm.com/en-US/responsibility/2014CRReport/PoliciesandCommitments/Pages/GMOs.aspx ("Because of our vertical integration, we have developed—for certain product lines—systems that track and **preserve crop identity** from seed to factory to finished product to make such options available for our customers."); "Code of Conduct," Bunge, 2015. Web. 12 Apr. 2016, *available at* http://www.bunge.com/citizenship/files/code_conduct/code-of-conduct-eng.pdf ("We are a part of the **global food supply chain**, and many people and governments around the world depend on us. We serve a very important purpose: creating global supply chains and building local operations which help make affordable and high quality food products available to millions of people."); "2015 Corporate Responsibility Report," Cargill, Aug. 19, 2015. Web. 12 Apr. 2016, *available at* http://www.cargill.com/wcm/groups/public/@ccom/documents/document/na31881260.pdf ("We also advocate for policies that increase food security by encouraging responsible adoption of technology advances and market access for genetically modified (GM) crops to **reduce trade disruptions**."); "From Farm to Fork," Louis Dreyfus Company, 2016. Web. 12 Apr. 2016, available at http://www.ldcom.com/global/en/our-business/farm-fork/ ("We strive to strictly manage the journey from farm to fork to ensure that quality is maintained every step of the way. The greater the control we have, the greater the **security and value we provide to our customers**."); Polansek, Tom. "Gavilon Calls on U.S. Farm Sector to Deal with Unapproved GMO Crops." *Reuters*. Thomson Reuters, 24

responsibility is part of everything it does, from developing its products to controlling the impact of its operations, and that it has a corporate responsibility to industry stakeholders to properly steward its biotechnology products.[34]

### Corn Farming in Illinois

759.    According to the Illinois Corn Growers Association, agriculture is Illinois' largest industry, contributing billions of dollars to the state's economy each year with corn as the largest contributor. Last year, corn accounted for nearly 40 percent of the $9 billion in agricultural commodities generated.

760.    In 2013, Illinois farmers planted 12.1 million acres of corn, which accounted for approximately 17 percent of the nation's corn crop. Illinois produces enough corn each year to fill a train of box cars stretching more than 7,600 miles from the U.S. to Hong Kong.[35]

761.    According to the Illinois Department of Agriculture, each year, 274 million bushels of Illinois corn are used to produce more ethanol than any other state—about 678 million gallons.[36]

### Syngenta's Genetically Modified Corn

762.    Syngenta's Viptera and Duracade brands of corn seed each have a genetically

---

Mar. 2014. Web. 14 Apr. 2016, *available at* http://www.reuters.com/article/syngetna-corn-gavilon-idUSL2N0MI20420140324 (Statement from Gavilon Chief Executive Greg Heckman regarding acceptance of Duracade "[Gavilon] is equipped to direct [Duracade] to **appropriate markets**.").

[34]    "Corporate Responsibility," Syngenta. 2016. Web. 26 Feb. 2016, *available at* http://www.syngenta.com/global/corporate/en/about-syngenta/corporate-responsibility/Pages/corporate-responsibility.aspx; *See also* "Stewardship," Syngenta. 2016. Web. 26 Feb. 2016, *available at* http://www.syngenta.com/global/corporate/en/about-syngenta/corporate-responsibility/operations/stewardship/Pages/stewardship.aspx ("Taking responsibility for our products – from the production of seeds to the safe use, storage and disposal of crop protection products by growers – is a priority at Syngenta . . . .")

[35]    "Fact Sheet – Illinois Corn," Illinois   Corn Growers Ass'n. Web. 26 Feb. 2016, *available at* www.ilcorn.org/file/103.

[36]    "Facts about Illinois Agriculture," Illinois Dep't of Agric., 2014. Web. 26 Feb. 2016, *available at* https://www.agr.state.il.us/facts-about-illinois-agriculture/.

modified protein that purportedly makes the corn plant more resistant to insects and other pests. As bio-engineered products, Syngenta's genetically modified corn was subject to regulatory approval prior to commercialization.

763.   Other countries take varying periods of time to review and approve or disapprove new genetically modified grains before they can be imported into that country. China's regulatory process begins *after* regulatory approval of the seed in the exporting country, and typically takes at least two years for a regulatory decision to be made.

764.   At all times relevant hereto, Syngenta was familiar with China's regulatory process for obtaining import approval for new biotechnology products. In or about March of 2010, Syngenta applied to have Viptera deregulated in China such that it would be eligible for import from the U.S.  Syngenta knew that after submission of its application, the review process would last some two or three years, and could take longer depending on the circumstances, including if insufficient information was provided in the application. Syngenta also knew or should have known that its request to deregulate Viptera for cultivation in China would lengthen the overall review and deregulation process.

765.   Viptera is a brand of yellow corn that has been genetically altered to contain the "Vip3A" insecticidal protein that is supposed to help corn crops resist various corn pests.

766.   On or about August 31, 2007, Syngenta petitioned the USDA to deregulate Viptera (MIR 162). In or about April of 2010, Viptera was deregulated by the USDA.  Also in 2010, the United States Environmental Protection Agency ("EPA") granted registration approval for genetic trait stacks including Syngenta's Agrisure Viptera gene.

767.   Numerous other countries, however, refused to approve Viptera corn as fit for human consumption.  These countries included China, Venezuela, South Korea, Saudi Arabia,

Cuba, and Jamaica.  These nations collectively comprised over 25% of the U.S. corn export market.

768.    Nevertheless, promptly after receiving approval for Viptera in the U.S., Syngenta began marketing, distributing, and selling its Viptera corn seeds—even though it had not received approval from other countries that purchase U.S. corn and on whose purchases the market price for corn depends.  Knowing under the circumstances that contamination of the U.S. corn supply with Viptera would result, Syngenta risked U.S. farmers' livelihood on the approval of Viptera by the major corn importing countries.  But Syngenta was not concerned about the livelihood of U.S. farmers or other industry stakeholders. Syngenta was solely interested in making a quick and substantial profit on its genetically modified Viptera corn after having invested hundreds of millions of dollars in research and project development.

769.    In fact, Syngenta projected that sales of Viptera would ultimately exceed 20% of the corn seed market.

770.    Syngenta's Duracade brand corn seeds also express a new Bt Cry protein, eCry3.1Ab, that was genetically designed to help control problems with corn rootworm. This new protein had never been used commercially before Syngenta's introduction of Duracade. On or about April 22, 2011, Syngenta petitioned the USDA to deregulate Duracade (Event 5307). The EPA granted registration approval of Syngenta's Duracade trait in October 2012.  In or about February of 2013, Duracade was deregulated by the USDA. Once again, without having obtained approval for Duracade in major U.S. export markets, including China and European Union, Syngenta began marketing, distributing, and selling Duracade in the United States in 2014, thereby further damaging the market.

771.    Notably, Syngenta Canada Inc. announced that it would not sell Duracade brand

corn seed in Canada for planting and that any seed containing Duracade shipped to Canada "cannot be sold" and that "arrangements for immediate returns will be made." Syngenta Canada's announcement noted the lack of regulatory import approvals in other countries, particularly China and the European Union. "Accordingly, we want to ensure the acceptance of any trait technology grown in Canada meets end market destination requirements."[37]

***Syngenta's Genetically Modified Corn Contaminates the U.S. Corn Supply***

772.    In marketing and selling Viptera in the United States, Syngenta knew that it was not possible to completely isolate Viptera corn from other types of corn absent the implementation by it of strict stewardship, containment, and channeling measures.  Corn replicates by cross-pollination from one plant to another. Pollen from corn stalks "drift" over considerable distances and cross-breeds with other corn plants.  At all times relevant hereto, Syngenta knew that Viptera corn would cross-pollinate with other nearby corn plants.

773.    Additionally, Syngenta knew that the U.S. corn marketing system is commodity-based.  This means that corn is harvested, gathered, and shipped from hundreds of thousands of farms through local, regional, and terminal grain elevators.

774.    Therefore, given the permissive and market-driven nature of the U.S. grain handling system, Syngenta knew that unless strict stewardship and identity preservation measures were implemented at all levels – from the farm level through the marketing chain – Viptera would contaminate other U.S. corn crops, infiltrate the domestic U.S. corn supply, and cause the closure of foreign markets that imported U.S. corn but had not approved Viptera corn.

775.    In fact, in its deregulation petition, Syngenta represented to the USDA that it would implement a "product stewardship program" which would be "monitored and enforced [by

---

[37] Polansek, Tom. "UPDATE 1-Syngenta Halts Sales of New GMO Corn Seed in Canada." *Reuters.* Thomson Reuters, 10 Mar. 2014. Web. 08 Feb. 2016, *available at* http://www.reuters.com/article/syngenta-corn-canada-idUSL2N0M71UX20140310.

Syngenta] according to a fully documented compliance program" to "divert this product away from export markets (i.e. channeling) where the grain has not yet received regulatory approval for import."[38]  Syngenta also represented that its MIR 162 trait should have "no effects on the U.S. maize export market[.]"  By these and other similar representations to the USDA and industry stakeholders, Syngenta recognized that the implementation, oversight, and execution of a vigorous stewardship program was the industry standard and essential to segregate Viptera from other corn to channel Viptera into accepting markets and avoid contamination.  At all times relevant hereto, Syngenta also knew that the industry standard was to obtain import approval in key foreign markets, including China, prior to its commercialization of Viptera in the U.S.

776.    Despite the foregoing, and despite Syngenta's representations to the USDA and industry stakeholders that it was committed to principles of good stewardship to protect industry stakeholders from the loss of the Chinese and other export markets due to the commercialization of its Viptera corn, Syngenta failed to employ any meaningful or adequate stewardship, segregation, and identity preservation measures to isolate Viptera from other commercial U.S. corn. Moreover, Syngenta failed to adequately inform and educate Viptera farmers and other industry stakeholders on the proper handling, stewardship, segregation, and channeling of Viptera grain to prevent contamination of the domestic corn supply. Syngenta failed to implement or failed to adequately implement a compliance program with Viptera growers to contain and channel Viptera to accepting markets.

777.    Rather, Syngenta engaged in several acts of affirmative wrongdoing which not only increased the risk of contamination of the U.S. commercial corn supply, but made it a

---

[38] *See* "Petition for Determination of Nonregulated Status for Insect-Resistant MIR162 Maize," Dennis P. Ward, Ph.D. and Scott A. Huber, Syngenta Biotechnology, Inc., August 31, 2007, *available at* https://www.aphis.usda.gov/brs/aphisdocs/07_25301p.pdf.

virtual inevitability.  For instance, Syngenta misrepresented and deceived industry stakeholders concerning the standing of its petition for deregulation of Viptera/MIR 162 with the Chinese government.  Syngenta indicated that approval of its Viptera corn seeds would happen quickly, when in fact this was not true.[39]  Syngenta misrepresented to industry stakeholders China's significance as a purchaser of U.S. corn and corn products. Further, despite knowing that China was increasing yearly the volume of its purchases of U.S. corn, Syngenta also continued to increase its sales of Viptera corn seed in 2012 and 2013 further heightening the threat of contamination.  Additionally, to demonstrate the many attributes of its Viptera corn, Syngenta instructed farmers to raise Viptera directly alongside other commercial corn, resulting in cross-pollination and commingling of Viptera with other commodity corn.   Likewise, Syngenta encouraged Viptera growers to deliver Viptera grain to any and all nearby grain elevators, handlers, and distributors. Furthermore, at various times, Syngenta represented to U.S. corn farmers and other industry stakeholders that Viptera could be sold to, and imported by, Chinese buyers, when in fact it could not. Syngenta engaged in all of the above-referenced conduct and wrongdoing simply to increase its revenue from the sale of its Viptera product, knowing fully the harm that would result to other industry stakeholders, including Plaintiffs, upon the contamination of the U.S. domestic corn supply and the loss of major export markets, including China.

778.   Syngenta knew that the timing, manner and scope of how it commercialized Viptera would contaminate the U.S. corn supply with the traits found in Viptera.   The

---

[39] *See, e.g.*, Transcript of Investor Presentation, "First Quarter 2012 Sales," Syngenta, Apr. 18, 2012. Web. 14 Apr. 2016, *available at* http://www.syngenta.com/global/corporate/SiteCollectionDocuments/pdf/transcripts/q1-2012-transcript-syngenta.pdf ("On the import approval [for Viptera], it has import approval in all of the major markets. There is an outstanding approval for China, which we expect to have quite frankly within the matter of a couple of days.").

contamination that occurred was actually foreseen by Syngenta, and farmers such as Plaintiffs suffered the very harm that Syngenta expected would occur in reckless disregard to the rights of U.S. corn farmers, including Plaintiffs.

779.    At all relevant times, the risk of harm to the U.S. corn industry posed by the negligent and premature commercialization of unapproved transgenic events was well-known to Syngenta. The presence of unapproved genetically modified traits in U.S. commodity exports has a history of generating import bans, which have repeatedly caused trade disruptions and devastating financial losses for U.S agricultural producers. For example, it was well known to Syngenta in September of 2000 that traces of an unapproved transgenic corn variety called "StarLink" were detected in U.S. corn products.[40] Immediately following the discovery, Japan and South Korea, the first and second largest importers of U.S. corn at that time, virtually halted all U.S. corn imports. The price of U.S. corn dropped dramatically. The U.S. commodity market took another hit in 2006 when unapproved genetically modified rice was detected in the U.S. rice supply. That led several U.S. trading partners, including the European Union, to ban or significantly reduce acceptance of U.S. rice exports, causing the U.S. rice industry hundreds of millions of dollars in losses.[41] Syngenta had full knowledge of these and other trade disruptions at all times relevant hereto.

780.    The contamination of U.S. crops by transgenic traits that are not approved for import by major foreign markets have consistently and predictably resulted in lost export markets and depressed crop prices. By commercializing Viptera and Duracade in the manner stated herein without receiving import approval from China, one of the U.S.'s largest trading partners for corn, Syngenta unreasonably disregarded a foreseeable risk of harm to Plaintiffs.

---

[40] *In re: StarLink Corn Products Liability Litigation,* MDL No. 1403 (N.D. Ill.).

[41] *In re: Genetically Modified Rice Litigation*, MDL No. 1811 (E.D. Mo.).

*The Harm Caused by Syngenta to U.S. Corn Farmers*

781.    In November 2013, China began rejecting shipments of U.S. corn after inspection tests revealed the presence of Syngenta's unapproved Viptera corn. In November and December 2013 alone, China rejected more than 665,000 metric tons of U.S. corn shipments due to the presence of Viptera. The Chinese General Administration of Quality Supervision, Inspection, and Quarantine began inspecting "every single shipment" of U.S. corn to detect Viptera. If Viptera was detected, China rejected shipment because of its "zero-tolerance" policy for unapproved imports, which both China and the United States have adopted.

782.    In 2014, despite having full knowledge of the market disruption resulting from its negligent commercialization of Viptera, Syngenta began marketing yet another genetically modified corn seed known as Duracade.  In addition to MIR 162, Duracade also contains another genetically modified trait known as Event 5307.   Neither MIR 162 nor Event 5307 were approved in China at the time Syngenta commercialized its Duracade seed.  In fact, at the time Syngenta commercialized its Duracade seed, none of the following countries had approved Duracade for human or animal consumption:  China, the 28 states of the European Union, Brazil, Switzerland, Colombia, Egypt, India, the Philippines, the Russian Federation, Indonesia, Thailand, Singapore, Kazakhstan, Belarus, and Turkey.   Even to this day, Duracade remains unapproved in China and other countries.   Yet, Syngenta keeps selling this seed in total disregard of the consequences. By negligently and prematurely commercializing its Duracade corn seed, Syngenta has knowingly and intentionally intensified and extended the disruption to, and loss of, the Chinese market to U.S. corn.

783.    In recent years, China was the fastest growing market for U.S. corn and the number one export market for DDGS. Before the 2013-2014 marketing year for corn, the USDA

projected that China would import approximately 7 million metric tons of U.S. corn. Instead, because of the contamination of the U.S. corn supply with Viptera and Duracade corn, China has only imported 1.23 million metric tons. The USDA also projected that China would become the largest importer of U.S. corn by 2020 and would increase its import of corn to 22 million metric tons by 2023, accounting for nearly half of the projected growth in world corn trade.

784.    In December of 2013 however, China not only rejected shipments of U.S. corn, but also rejected approximately 2,000 tons of U.S. DDGS.  On June 9, 2014, China cancelled all import licenses to import U.S. DDGS.

785.    Before China's rejection of U.S. corn and DDGS began, the USDA forecast that China would triple its import of U.S. DDGS to seven million tons.  Indeed, China had rapidly increased its import of U.S. DDGS since 2008. Overall, roughly 20% of all U.S. DDGS are exported abroad, with China accounting for almost two-thirds of all U.S. exports of DDGS.

786.    Because of China's rejection of Syngenta's Viptera and Duracade corn, U.S. exports of corn are down roughly 85% since 2013.  Exports of U.S. DDGS also plummeted following the rejection of U.S. DDGS shipments in late December 2013.  The loss of this large export market for U.S. corn and DDGS has resulted in substantially reduced prices for all U.S. corn.

787.    The NGFA is one of the largest industry organizations promoting U.S. grain producers.  This organization seeks to facilitate trade and provide for regulatory compliance while improving the environment for crop production.

788.    On January 22, 2014, the NGFA and the NAEGA sent a joint letter to Syngenta asking it to immediately stop selling Viptera and Duracade until such time as China and other U.S. export markets granted regulatory approval to one or both because of the harm that

Syngenta's commercialization of these two brands had caused to U.S. corn farmers.[42] In their joint letter, the NGFA and NAEGA stated that they "are gravely concerned about the serious economic harm to exporters, grain handlers and, ultimately, agricultural producers—as well as the U.S.'s reputation to meet its customers' needs—that has resulted from Syngenta's current approach to stewardship of Viptera."[43] The NGFA and NAEGA informed Syngenta that launching Duracade would risk repeating and extending the damage that Syngenta had already caused by selling Viptera.

789.    As the letter further explained, "[a]s a matter of policy, NGFA and NAEGA have communicated consistently, clearly and in good faith with biotechnology providers and seed companies about the importance of biotechnology providers actually obtaining regulatory approvals/authorizations for import in foreign markets before such traits are commercialized in the United States."[44]

790.    Further, the NGFA and NAEGA stressed to Syngenta that "U.S. farmers … depend heavily upon the exercise of due corporate responsibility by biotechnology providers with respect to the timing of product launch and commercialization."[45]

791.    In April 2014, the NGFA issued two economic analyses that conservatively calculated the combined harm caused by Syngenta to farmers and other industry stakeholders, as

---

[42] NGFA and NAEGA, *Joint Statement Regarding Letter to Syngenta Requesting Suspension of Commercialization Activities of Syngenta's Agrisure Viptera and Duracade Corn,* Jan. 23, 2014, *available at* www.ngfa.org/wp-content/uploads/NAEGA-NGFA-Joint-Public-Statement-on-Syngenta-Agrisure-Viptera-and-Duracade-Biotech-Traits-Jan-23-2014.pdf.

[43] *Id.* at 1.

[44] *Id.* at 2.

[45] *Id.*

ranging between $1 billion and $2.9 billion, depending on how the harm is measured.[46] Further, given Syngenta's launch of Duracade, the NGFA estimated that the total harm to the grains sector for the 2014-15 marketing year could be even higher—as high as $3.4 billion.[47] In these economic analyses, the NGFA stressed its support for agricultural biotechnology developments, but not the commercialization of such crop biotechnology before securing import approvals from major U.S. export markets.

792.    As stated by the NGFA, "[r]egaining and maintaining access to the Chinese import market, as well as preserving access to other U.S. export markets, is critically important to the short and long-term prospects of U.S. agriculture. These export markets are key drivers of producer profitability, current and future economic growth for U.S. agriculture, and achieving global food security."[48]

793.    Yet, Syngenta has rejected all pleas for it to stop selling Viptera and Duracade corn seed.  And instead of taking responsibility for the damage it has caused and is still causing with its premature commercialization of Viptera and Duracade, Syngenta refuses to compensate corn producers, including Plaintiffs, for the losses they have suffered.

794.    Although Syngenta did eventually gain approval for the import of Viptera to China in December of 2014, this approval came far too late to prevent the loss of the Chinese market to U.S. corn.  The loss of the Chinese market to U.S. corn and DDGS has caused

---

[46] Max Fisher, *Lack of Chinese Approval for Import of U.S. Agricultural Products Containing Agrisure Viptera MIR 162: A Case Study on Economic Impacts in Marketing Year 2013/14,* NGFA, Apr. 16, 2014, *available at* ngfa.org/wp-content/uploads/Agrisure-Viptera-MIR-162-Case-Study-An-Economic-Impact-Analysis.pdf.

[47] Max Fisher, *Potential Forecasted Economic Impact of Commercializing Agrisure Duracade 5307 in U.S. Corn Prior to Chinese Import Approval,* NGFA, Apr. 16, 2014, *available at* ngfa.org/wp-content/uploads/Agrisure-Duracade-5307-Economic-Impact-Analysis.pdf.

[48] Max Fisher, *Lack of Chinese Approval, supra* at 2.

diminished prices for corn in the United States, and Plaintiffs' resulting damages. Further, there is no end in sight to the loss of the Chinese market to U.S. corn. As set forth above, Syngenta has now knowingly, intentionally, and recklessly commercialized its Duracade corn in the U.S., despite the fact that this corn remains unapproved in China. Because of China's rejection of Syngenta's Viptera and Duracade corn, exports of U.S. corn continue to be down drastically since 2013.

795. Farmers like Plaintiffs who have not purchased or harvested Viptera or Duracade corn have sustained significant damages as a direct and proximate result of Syngenta's tortious conduct. Such damages include, but are not limited to, diminished prices for U.S corn resulting from the loss of export markets as well as cleaning and other remediation costs associated with Syngenta's contamination of farmland, farming equipment, harvesting equipment, and transportation facilities and equipment.

796. At all times relevant to this suit neither Viptera nor Duracade was a biological control organism, plant pest, or noxious weed and thus are not governed by the Plant Protection Act ("PPA"), 7 U.S.C. § 7711 et seq. Plaintiffs do not assert, and expressly disclaim, any claim against Syngenta for violation of the PPA.

797. Plaintiffs do not assert, and expressly disclaim, any claim based on a misrepresentation or omission regarding the labeling of Syngenta's product. Plaintiffs do not seek to impose or continue in effect any requirements for labeling or packaging of Syngenta's products.

***The ABCD Companies and Gavilon Also Contributed to Cause the Loss of the Chinese Market***

798. In addition to Syngenta, the ABCD Companies and Gavilon also contributed to cause the loss of the Chinese market and Plaintiffs' resulting damages through their tortious

conduct described herein.

799.    At the heart of this case is the interdependence and interconnected relationship that exists between those in the U.S. agricultural industry, specifically biotechnology companies, farmers, and exporters of U.S. grain.  The ABCD Companies and Gavilon are large, sophisticated agricultural commodity companies.  Collectively, the ABCD Companies and Gavilon dominate the global flow of agricultural commodities, including corn.  In fact, it is estimated that the ABCD Companies alone account for some 75 to 90 percent of international grain trade.  The ABCD Companies and Gavilon source grain from U.S. corn producers.[49]  The ABCD Companies and Gavilon then sell this corn into various domestic and foreign markets, including China.  Alternatively, the ABCD Companies and Gavilon use the corn to produce ethanol and sell the DDGS (a co-product of ethanol) into various domestic and foreign markets, including China.  The ABCD Companies and Gavilon are among the largest U.S. producers of DDGS.  At all relevant times, the ABCD Companies and Gavilon knew that China was a major export market for U.S. corn and DDGS.

800.    The ABCD Companies and Gavilon have long recognized the interdependency and interconnected relationship that exists between participants in the U.S. agricultural industry, including biotechnology companies, farmers, and exporters.  As admitted by Cargill, "[d]ue to the interdependence and interconnectedness of the modern agricultural industry," "there is a shared responsibility, among industry participants to exercise reasonable care when

---

[49] This grain may be delivered to the ABCD Companies or Gavilon at their respective grain elevators and other facilities.  This grain may also be delivered directly to one or more of the ethanol plants owned and operated by each of the ABCD Companies or Gavilon.

commercializing, releasing, and selling new biotechnology."[50] The ABCD Companies and Gavilon have long recognized U.S. farmers as industry "stakeholders." At all times relevant hereto, the ABCD Companies and Gavilon have known that their actions and omissions directly impact the livelihoods of U.S. farmers, including Plaintiffs.  At all times relevant hereto, the ABCD Companies and Gavilon have also known that U.S. farmers, including Plaintiffs, rely upon them to responsibly source, gather, market, transport, sell, and ship U.S. corn and DDGS domestically and abroad and to maintain the export market for U.S. corn and DDGS.

801.   As early as 2010, the ABCD Companies and Gavilon knew from discussions with Syngenta—and based upon overt actions taken by Syngenta—that Syngenta would commercialize its genetically modified Viptera corn seed in the U.S. without first obtaining the necessary approvals of all major export markets, including China.  The ABCD Companies and Gavilon also knew that Syngenta began marketing, distributing and selling its Viptera corn seed in 2011 and increased its sales of Viptera during subsequent years.

802.   As set forth herein, each of the ABCD Companies and Gavilon have operated extensively in China for many years, are intimately familiar with China's legal and regulatory requirements for the import of biotech commodities, and knew at all relevant times of China's zero tolerance policy concerning unapproved genetically modified organisms.

803.   Thus, at all times during Syngenta's commercialization of its Viptera corn in the U.S. as described above, the ABCD Companies and Gavilon knew that Viptera had not been approved for food or feed use in China and knew or should have known Viptera could not be exported to China. Further, each of the ABCD Companies and Gavilon knew and discussed the

---

[50] Petition for Damages, *Cargill, Incorporated and Cargill International SA v. Syngenta Seeds, Inc.*, Case No. 67061, In the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana (filed Sep. 12, 2014).

certain risk of harm to farmers in the event that the Viptera trait was detected in U.S. corn and DDGS shipments to China. In related litigation, certain of the ABCD Companies have produced internal communications admitting their awareness of this risk and the potential for massive economic losses to U.S. farmers as a result of accepting and shipping commodities with transgenic events not approved for major U.S. export markets, specifically China. Through their corporate policies, public statements, communications and conduct, the ABCD Companies and Gavilon represented that they were taking steps to prevent the contamination of U.S. corn and DDGS exports and to ensure that their shipments of U.S. corn and DDGS to China would not contain Viptera.

804.   Nevertheless, the ABCD Companies and Gavilon failed to take reasonable steps to protect industry stakeholders, including Plaintiffs, against the foreseeable harm that would result upon the detection of Viptera in U.S. export shipments to China, specifically the loss of the Chinese market to U.S. corn and DDGS and the resulting drop in domestic corn prices suffered by U.S. farmers.

805.   At all relevant times, the ABCD Companies and Gavilon knew the risks posed by Syngenta's commercialization of genetically modified traits prior to receiving import approval from major foreign markets. The ABCD Companies and Gavilon were, at all times before and after the commercialization of Viptera and Duracade, aware of the importance of obtaining import approval from major export markets. The ABCD Companies and Gavilon also knew that without adequate channeling and sourcing procedures, Viptera would ultimately contaminate the U.S. corn supply and be detected in export shipments, resulting in disruption of trade.

806.   Despite knowing that Syngenta was launching its genetically-modified Viptera corn seed, that Viptera had not been approved in China, and that upon detection in China this key

market would be lost to U.S. corn and DDGS, each of the ABCD Companies and Gavilon engaged in numerous acts of affirmative misconduct and malfeasance which contributed to cause the loss of the Chinese market and Plaintiffs' resulting damages.

### The ABCD Companies and Gavilon Failed to Exercise Reasonable Care in the Marketing, Sourcing, Selling and Shipping of U.S. Corn and DDGS

807. Through their negligent business practices, the ABCD Companies and Gavilon exacerbated a set of circumstances created by Syngenta and by their own conduct further contributed to cause the loss of the Chinese market. More specifically, and as described in greater detail herein, Plaintiffs assert that the ABCD Companies and Gavilon were negligent and failed to exercise reasonable care by:

    a. Issuing and disseminating corporate policies, publications, and other communications to U.S. farmers indicating that they would accept Viptera at times when farmers were making planting decisions, thereby encouraging and inducing farmers to plant Viptera;

    b. Directing their crop consultants and corporate representatives or agents to recommend and/or not discourage farmer cultivation of Viptera and/or Duracade resulting in more expansive cultivation and contamination of the U.S. corn supply by cross-pollination and commingling;

    c. Failing to meaningfully consult and communicate promptly and transparently with industry stakeholders about the foreseeable risk of harm posed by commercialization of Viptera and Duracade prior to receiving import approval from China;

    d. Adopting untimely, inconsistent and inadequate delivery policies regarding the acceptance of Viptera corn at harvest;

e.  Purchasing corn from producers without requiring seed certification paperwork or other written documentation, or taking any other action sufficient to demonstrate the corn they sourced was Viptera-free;

f.   Purchasing corn from producers without requiring seed certification paperwork or other written documentation, or taking any other action sufficient to demonstrate the corn they sourced for the production of DDGS for shipment to China was Viptera-free;

g.  Knowingly accepting and purchasing Viptera corn during the relevant time period without plans or without adequate plans for proper channeling and segregating Viptera from other corn being shipped to China;

h.  Knowingly accepting and purchasing Viptera corn during the relevant time period without plans or without adequate plans for proper channeling and segregating Viptera from other corn used to produce DDGS for shipment to China;

i.  Failing to source uncontaminated corn for shipment to China despite representing to the industry, the public, and their Chinese customers that they could, and would, do so;

j.  Failing to source uncontaminated corn for the production of DDGS shipped to China despite representing to the industry, the public, and their Chinese customers that they could, and would, do so;

k.  Failing to employ known identity-preservation methods to segregate Viptera from non-Viptera corn;

l.  Contributing to the contamination of the corn supply by commingling and mixing Viptera with other non-Viptera grain in their ethanol plants, state-licensed grain

elevators and other facilities;

m.  Knowingly shipping and continuing to ship contaminated U.S. corn and DDGS to China, even after initial rejections by Chinese authorities and despite actual knowledge that their shipments were contaminated with unapproved Viptera corn; and,

n.  Failing to timely and adequately respond to customer complaints and/or mitigate losses incurred by Chinese purchasers following the rejection of their corn and DDGS shipments in China (for instance by not re-directing contaminated shipments or providing replacement goods promptly), thereby causing Chinese purchasers to source corn and DDGS from locations other than the U.S.

808.  By electing to accept delivery of Viptera and Duracade at their elevators and ethanol plants, the ABCD Companies and Gavilon had a duty to do so in a manner that was not negligent. By their assurances, policies and practices, the ABCD Companies and Gavilon facilitated widespread planting and cultivation of Viptera and Duracade, despite the known risk of cross-pollination and mixing, thereby contributing to the contamination of the U.S. corn supply.  Each of the negligent actions and omissions of the ABCD Companies' and Gavilon described herein and throughout this Complaint was a proximate cause of the loss of the Chinese market to U.S. corn and DDGS and Plaintiffs' resulting damages. Such damages include, but are not limited to, diminished prices for U.S corn resulting from the loss of export markets as well as cleaning and other remediation costs associated with contamination of farmland, farming equipment, harvesting equipment, transportation facilities and equipment, and other property.

809.  On at least an annual basis, if not more frequently, the ABCD Companies and Gavilon issue and disseminate corporate policies, publications, and other materials and

information to U.S. farmers.  These communications advise farmers of market conditions and instruct farmers as to which varieties of corn and other crops the ABCD Companies and Gavilon will accept at harvest.  U.S. farmers rely on these communications in making planting decisions. The ABCD Companies and Gavilon know that U.S. corn is typically planted in the spring months and harvested in late summer or fall.   If a farmer knows before buying his seed that the grain elevators will not accept a certain variety, the farmer will not plant it. Accordingly, through their marketing materials, the ABCD Companies and Gavilon knowingly and intentionally influence the extent to which any particular variety of seed is raised in the U.S. in any given year.

810.    While at various times, certain of the ABCD Companies (Bunge and Cargill) adopted corporate policies and issued publications indicating they would not accept Viptera corn, these policies were not in place at all relevant times or were not stringently enforced.  In some instances, they were communicated after farmers had already made planting decisions or had the corn in the field.  For instance, in the spring of 2010, before Syngenta obtained approval for Viptera corn in Japan and Korea and before Syngenta began selling Viptera corn seed commercially, Bunge adopted a policy stating it would not accept delivery of Viptera corn during the 2010 growing season.  Yet, when Syngenta subsequently received import approval for Viptera from Japan and Korea, Bunge lifted this policy and indicated it would accept Viptera grain into its facilities.  On information and belief, this shift in policy induced certain farmers to raise Viptera during the 2011 growing season as opposed to other varieties of corn.  Thereafter, in the summer of 2011, Bunge again announced that it would refuse to accept delivery of Viptera corn based on Syngenta's failure to obtain regulatory approval from other major export partners, specifically China and the European Union. Several months later, after corn was already being

harvested and delivered to grain elevators, Cargill first announced that it would no longer accept Viptera corn, but only at certain locations. However, Cargill did accept Viptera corn at many of its facilities on the alleged basis that it could segregate the Viptera grain from its other corn stocks.[51]   Notably, both ADM and Dreyfus accepted delivery of Viptera corn at their grain elevators, ethanol plants, and other facilities at all times relevant hereto, and made this fact known to farmers through their marketing materials or communications. Gavilon did likewise.

811.   In addition, each of the ABCD Companies and Gavilon employs crop consultants who visit farmers' fields and advise them throughout the year on what, when, where, and how to raise corn most productively, for among other purposes, garnering higher yields at harvest.[52] Under the circumstances, the ABCD Companies and Gavilon failed to exercise reasonable care by directing their crop consultants or other agents, upon whom the farmers relied to make planting decisions, to recommend and/or not discourage farmer cultivation of Viptera and/or Duracade.

812.   In related litigation, certain of the ABCD Companies have claimed Syngenta was negligent for failing to meaningfully consult and communicate promptly and transparently with industry stakeholders about the commercialization of Viptera and Duracade.   While Plaintiffs share those criticisms of Syngenta, the ABCD Companies and Gavilon were also negligent in this respect for the reasons set forth herein which contributed to the contamination of the U.S. corn supply and Plaintiffs' resulting damages.

813.   The agriculture industry has sourced numerous agricultural products separately

---

[51] Even if Bunge or Cargill adopted policies or issued some publications indicating that they would not accept Viptera corn at harvest as set forth herein, such policies and publications were untimely, inadequate, and insufficient for the reasons stated herein; moreover, such policies and publications were insufficient to ensure that the corn sourced and exported to China was free of Viptera.

[52] The ABCD Companies and Gavilon directly benefit and profit from higher yielding harvests.

over the years, including waxy corn and high oil corn as well as non-GMO and food grade soybeans to name a few. The ABCD Companies and Gavilon customarily manage these issues by coordinating the timing of delivery and transportation of these products, or loading products directly onto barges or vessels. However, the ABCD Companies and Gavilon negligently failed to source non-Viptera corn for shipment to China. The ABCD Companies and Gavilon also negligently failed to source non-Viptera corn for the production of DDGS shipped to China or otherwise failed to source from third parties non-Viptera DDGS for shipment to China.

814.    Despite knowing of this risk and the consequences certain to result upon the detection of an unapproved transgenic event in a shipment of corn or DDGS to China, the ABCD Companies and Gavilon marketed their services to, and sourced grain from, growers of Viptera; purchased grain without requiring seed certification paperwork or other written documentation, or taking any other action sufficient to demonstrate the corn they sourced was Viptera-free; sourcing corn and/or DDGS from non-producer third-parties without sufficiently inquiring about or knowing the third-parties' policies, practices, and procedures regarding the acceptance of Viptera at their facilities; and, in fact, knowingly and voluntarily purchased[53] Viptera grain during the relevant time period without plans or without adequate plans for proper channeling and segregating that corn from other corn intended for shipment to China.

815.    In fact, each of the ABCD Companies and Gavilon actively contributed to the contamination of the corn supply by commingling and mixing Viptera with other non-Viptera grain in their state-licensed grain elevators, ethanol plants, and other facilities.

816.    Additionally, upon information and belief, it was the standard practice of the

---

[53] Each of the ABCD Companies and Gavilon demands that farmers delivering corn to them identify the type or brand of corn delivered in each lot and will not accept the delivery of corn without the farmer providing this information.  The ABCD Companies and Gavilon voluntarily obtain this information from the grain producers to satisfy customer demands for certain types of corn needed to make their products.

ABCD Companies and Gavilon before, during, and/or after exporting U.S. corn and DDGS to Chinese buyers, to warrant and certify to their Chinese buyers that the corn or DDGS shipped were free from unapproved genetically modified corn events, including Viptera;[54] specifically, the ABCD Companies and Gavilon represented and promised their Chinese buyers that their shipments of U.S. corn and DDGS to China were not contaminated with unapproved genetically modified Viptera corn.

817.    But the ABCD Companies and Gavilon falsely made these representations of material fact to their Chinese buyers knowing that their marketing and grain sourcing practices were insufficient to source uncontaminated corn and DDGS for shipment to China.[55]  By failing to properly and adequately source the corn and DDGS destined for China, the ABCD Companies and Gavilon lacked any good faith basis to guarantee Viptera-free shipments or to certify their respective shipments as Viptera-free. Yet, the ABCD Companies and Gavilon made these false and misleading certifications anyway, despite knowing both that China had adopted a "zero tolerance" policy with respect to unapproved genetic traits and that, upon the detection of Viptera in China, they could not furnish the biosafety certificates required by Chinese law.

818.    The ABCD Companies and Gavilon failed to take adequate steps to ensure that their U.S. corn and DDGS shipments were exported to appropriate foreign markets. In so doing, the ABCD Companies and Gavilon completely disregarded the foreseeable risk of harm to the

---

[54] The Chinese customers required these certifications and guarantees of the ABCD Companies and Gavilon.

[55] Though validated testing methodologies were available and well-known in the marketplace, including but not limited to, lateral flow strips and/or polymerase chain reaction ("PCR") tests, the ABCD Companies and Gavilon not only failed to test or adequately test corn for Viptera contamination prior to delivery at their facilities, but in fact knowingly and willingly accepted Viptera during the relevant time period without employing measures necessary to channel or segregate this corn from other uncontaminated corn. To the extent they did test on a limited basis and received positive results, they failed to appropriately respond to the known risk and take steps to avoid contamination of other stocks, including those destined for China. Further, based upon voluntary GMO testing of various corn and DDGS samples sent by each of the ABCD Companies and Gavilon to third-party testing companies, each of the ABCD Companies and Gavilon knew that certain of their corn and DDGS stocks had become contaminated with Viptera, including stocks from which corn and DDGS were sourced for shipment to China, but shipped this corn to China anyway.

U.S. corn industry that would result from China's rejection of U.S. corn and DDGS. Regardless of any testing or inspection performed or not performed, the ABCD Companies and Gavilon were negligent in their marketing of U.S. corn and DDGS because they knew that there existed a high likelihood of Viptera contamination in their shipments based upon their improper conduct described herein and yet elected to channel this U.S. corn and DDGS to China, a market where Viptera had not received import approval.

819.   In 2013 and 2014, and in the years leading up thereto, each of the ABCD Companies and Gavilon exported U.S. corn via vessel or barge to China. In November of 2013, China discovered Viptera corn in shipments of what was supposed to be non-Viptera corn from the United States. Consequently, these shipments were quarantined and rejected due to unapproved GMO contamination. Despite this fact, the ABCD Companies and Gavilon continued shipping barge after barge and vessel after vessel of contaminated corn to China. Upon information and belief, each of the ABCD Companies and Gavilon sent several shipments of U.S. corn to China which were rejected due to GMO contamination, even after the initial rejections by the Chinese authorities. When testing of these shipments by Chinese authorities over the next several weeks and months revealed that numerous shipments of U.S. corn from the ABCD Companies and Gavilon had tested positive for Viptera, China banned the import of such corn.

820.   In 2013 and 2014, and in the years leading up thereto, each of the ABCD Companies and Gavilon exported U.S. DDGS via vessel or barge to China. For instance, Gavilon has reported that it is one of the top two exporters of U.S. DDGS to China.[56]   The ABCD

---

[56] "Distillers Grains Technology Council Symposium: Issues Affecting Economics of DDGS Production and Marketing 2014-15," Gavilon, May 13, 2015. Web. 14 Apr. 2016, *available at* http://www.distillersgrains.org/files/symposium/2015Presentations/3-ives-DGTC_2015.pdf.

Companies have also been large exporters of U.S. DDGS at all times relevant hereto.  In late December of 2013, China discovered Viptera in shipments of U.S. DDGS.  Consequently, these shipments were quarantined and rejected due to unapproved GMO contamination. In December alone, China rejected approximately 2,000 tons of U.S. DDGS.  Despite this fact, the ABCD Companies and Gavilon continued shipping barge after barge and vessel after vessel of contaminated U.S. DDGS to China. Upon information and belief, each of the ABCD Companies and Gavilon sent several shipments of U.S. DDGS to China which were rejected due to GMO contamination, even after the initial rejections by the Chinese authorities. When testing of these shipments by Chinese authorities over the next several weeks and months revealed that numerous shipments of U.S. DDGS from the ABCD Companies and Gavilon had tested positive for Viptera, on June 9, 2014, China cancelled all import licenses for U.S. DDGS.

821.    Before China's rejection of U.S. corn and DDGS began, the USDA forecast that China would triple its import of U.S. DDGS to seven million tons.  Indeed, China had rapidly increased its import of U.S. DDGS since 2008. Overall, roughly 20% of all U.S. DDGS are exported abroad, with China accounting for almost two-thirds of all U.S. exports of DDGS.

822.    Because of China's rejection of Viptera corn found in shipments of U.S. corn to China by the ABCD Companies and Gavilon, U.S. exports of corn are down roughly 85% since 2013. Exports of U.S. DDGS to China also plummeted following the initial rejection of U.S. DDGS shipments in late December 2013.  The loss of the Chinese export markets for U.S. corn and DDGS has resulted in reduced prices for all U.S. corn.

823.    Having failed to deliver non-Viptera corn and DDGS as certified, the ABCD Companies and Gavilon regularly defaulted on their contracts with the Chinese buyers, further stifling the export of U.S. corn and DDGS to China.

824.     By electing and undertaking to ship U.S. corn and DDGS to China, the ABCD Companies and Gavilon had a duty to do so in a manner that was not negligent. Had the ABCD Companies and Gavilon exercised reasonable care under the circumstances, they would have sourced and shipped non-Viptera U.S. corn and DDGS for export to the Chinese market. But they did not.

825.     Through their tortious conduct described herein the ABCD Companies and Gavilon contributed to cause disruption to, and the loss of, the Chinese market for U.S. corn and DDGS and Plaintiffs' resulting damages.

826.     The actions by the ABCD Companies and Gavilon detailed herein, including their continued shipments of corn and DDGS to China that they knew or should have known contained unapproved genetically modified material, contributed to cause the loss of the Chinese market to U.S. corn and DDGS and constitute negligence.

### COUNT 1: NEGLIGENCE – SYNGENTA

827.     Plaintiffs reallege the above paragraphs as though fully set forth herein.

828.     Syngenta's acts and/or omissions, as described herein, constitute negligence, negligence per se, or both.

829.     As a product developer and manufacturer, Syngenta had a duty to refrain from selling and distributing Viptera and Duracade in a manner that would foreseeably cause harm to the Plaintiffs, to use reasonable care in its commercialization of Viptera and Duracade, and to protect Plaintiffs from an unreasonable risk of harm. Syngenta owed farmers, such as Plaintiffs, a duty of reasonable care concerning the timing, manner, and scope of Syngenta's commercialization of Viptera and Duracade. Syngenta also owed farmers, such as Plaintiffs, a duty to provide assistance through either channeling or stewardship programs.

830.    Syngenta breached these duties by failing to exercise reasonable care to prevent the foreseeable contamination of the U.S. corn supply that would naturally result from the premature sale and distribution of Viptera and Duracade.  Syngenta failed to provide adequate channeling and stewardship programs which could have avoided contamination and commingling.

831.    Syngenta's breaches of duty are a direct and a proximate cause of the damages suffered by Plaintiffs.

832.    The rejection by China of U.S. corn could not have occurred without Syngenta's negligence in prematurely releasing its genetically modified corn seed without prior approval of major export partners because the commercialization of these genetically modified corn seeds was solely under its management and control. Syngenta made the decision to commercialize Viptera and Duracade knowing that it would likely contaminate the U.S. corn supply. Viptera and Duracade in fact contaminated the U.S. corn supply, which could not have occurred without Syngenta's negligence. Syngenta had exclusive control over the commercialization of Viptera and Duracade and these unapproved genetically modified traits could not have contaminated the U.S. corn supply without a lack of proper care.

833.    Syngenta's negligence was a direct and proximate cause of Plaintiffs' injuries and damages.  Plaintiffs' injuries and damages would not have occurred absent Syngenta's negligence.  Plaintiffs suffered injury and property damage by the sale and distribution of Viptera and Duracade by Syngenta as outlined herein, and seek compensatory damages. Plaintiffs further seek punitive damages as a result of Syngenta's gross negligence, reckless, and willful conduct indicating its reckless and wanton disregard of the rights of farmers, including Plaintiffs, and all costs and fees allowed by law.

## COUNT 2: *RES IPSA LOQUITUR* – SYNGENTA

834.     Plaintiffs reallege the above paragraphs as though fully set forth herein.

835.     The rejection by China of U.S. corn could not have occurred without Syngenta's negligence in prematurely releasing its genetically modified corn seed without prior approval of major export partners because the commercialization of these genetically modified corn seeds was solely under its management and control. Syngenta made the decision to commercialize Viptera and Duracade knowing that it would likely contaminate the U.S. corn supply. Viptera and Duracade in fact contaminated the U.S. corn supply, which could not have occurred without Syngenta's negligence. Syngenta had exclusive control over the commercialization of Viptera and Duracade and these unapproved genetically modified traits could not have contaminated the U.S. corn supply without a lack of proper care.

836.     Plaintiffs suffered injury and property damage by the sale and distribution of Viptera and Duracade by Syngenta as outlined herein and seeks compensatory damages. Plaintiffs further seek punitive damages as a result of Syngenta's gross negligence, reckless, and willful conduct indicating its reckless and wanton disregard of the rights of farmers including Plaintiffs, and all costs and fees allowed by law.

## COUNT 3: NEGLIGENCE – ABCD COMPANIES AND GAVILON

837.     Plaintiffs reallege the above paragraphs as though fully set forth herein.

838.     The ABCD Companies' acts and/or omissions, as described herein, constitute negligence, negligence per se, or both. Likewise, Gavilon's acts and/or omissions, as described herein, constitute negligence, negligence per se, or both.

839.     The ABCD Companies and Gavilon have long recognized that due to the interdependence and connectedness of the modern agricultural industry, there is a shared

responsibility among industry participants, including both biotech companies and exporters, to exercise reasonable care in the commercialization, marketing, sourcing, selling, and shipping of new biotechnology products.

840.    Therefore, knowing that Syngenta would commercialize its genetically modified Viptera corn without first obtaining the necessary approvals of all major export markets, including China, knowing that China had adopted a "zero tolerance" policy with respect to unapproved genetic traits, and further knowing the consequences certain to result upon the detection of an unapproved transgenic event in a shipment of corn to China, the ABCD Companies and Gavilon owed Plaintiffs a duty to exercise reasonable care in the marketing, sourcing, selling, and shipping of U.S. corn and DDGS to China. The ABCD Companies and Gavilon had a duty to refrain from selling and shipping Viptera in a manner that would foreseeably cause harm to Plaintiffs, to use reasonable care in their export and shipping of U.S. corn and DDGS to China, and to protect Plaintiffs from an unreasonable risk of harm.

841.    By electing to accept delivery of Viptera and Duracade at their elevators, ethanol plants, and other facilities, the ABCD Companies and Gavilon had a duty to do so in a manner that was not negligent. By their assurances, policies and practices, the ABCD Companies and Gavilon facilitated widespread planting and cultivation of Viptera and Duracade, thereby contributing to the contamination of the U.S. corn supply.

842.    Each of the ABCD Companies and Gavilon breached their duties by failing to exercise reasonable care to prevent a foreseeable risk of harm that would naturally result from their improper conduct in the marketing, sourcing, selling, and shipping of U.S. corn and DDGS. Specifically, despite knowing that Syngenta was launching its genetically-modified Viptera corn seed, that this variety had not been approved in China, and that upon detection in China, that

market would close to U.S. corn and DDGS, each of the ABCD Companies and Gavilon breached its duty of reasonable care by:

a. Issuing and disseminating corporate policies, publications, and other communications to U.S. farmers indicating that they would accept Viptera at times when farmers were making planting decisions, thereby encouraging and inducing farmers to plant Viptera;

b. Directing their crop consultants and corporate representatives or agents to recommend and/or not discourage farmer cultivation of Viptera and/or Duracade resulting in more expansive cultivation and contamination of the U.S. corn supply by cross-pollination and commingling;

c. Failing to meaningfully consult and communicate promptly and transparently with industry stakeholders about the foreseeable risk of harm posed by commercialization of Viptera and Duracade prior to receiving import approval from China;

d. Adopting untimely, inconsistent and inadequate delivery policies regarding the acceptance of Viptera corn at harvest;

e. Purchasing corn from producers without requiring seed certification paperwork or other written documentation, or taking any other action sufficient to demonstrate the corn they sourced was Viptera-free;

f.  Purchasing corn from producers without requiring seed certification paperwork or other written documentation, or taking any other action sufficient to demonstrate the corn they sourced for the production of DDGS for shipment to China was Viptera-free;

g.  Knowingly accepting and purchasing Viptera corn during the relevant time period without plans or without adequate plans for proper channeling and segregating Viptera from other corn being shipped to China;

h.  Knowingly accepting and purchasing Viptera corn during the relevant time period without plans or without adequate plans for proper channeling and segregating Viptera from other corn used to produce DDGS for shipment to China;

i.  Failing to source uncontaminated corn for shipment to China despite representing to the industry, the public, and their Chinese customers that they could, and would, do so;

j.  Failing to source uncontaminated corn for the production of DDGS shipped to China despite representing to the industry, the public, and their Chinese customers that they could, and would, do so;

k.  Failing to employ known identity-preservation methods to segregate Viptera from non-Viptera corn;

l.  Contributing to the contamination of the corn supply by commingling and mixing Viptera with other non-Viptera grain in their ethanol plants, state-licensed grain elevators and other facilities;

m.  Knowingly shipping and continuing to ship contaminated U.S. corn and DDGS to China, even after initial rejections by Chinese authorities and despite actual knowledge that their shipments were contaminated with unapproved Viptera corn; and,

n.  Failing to timely and adequately respond to customer complaints and/or mitigate losses incurred by Chinese purchasers following the rejection of their corn and

DDGS shipments in China (for instance by not re-directing contaminated shipments or providing replacement goods promptly), thereby causing Chinese purchasers to source corn and DDGS from locations other than the U.S.

843.    By electing to accept delivery of Viptera and Duracade at their elevators and ethanol plants, the ABCD Companies and Gavilon had a duty to do so in a manner that was not negligent. By their assurances, policies and practices, the ABCD Companies and Gavilon facilitated widespread planting and cultivation of Viptera and Duracade, thereby contributing to the contamination of the U.S. corn supply. Moreover and alternatively, each of the ABCD Companies and Gavilon breached its duties because prior to selling U.S. corn and DDGS to China, the ABCD Companies and Gavilon, aware of the harm certain to result from the detection of Viptera in shipments to China, failed to adequately test its corn and DDGS bound for China to determine whether or not that shipment contained genetically modified material not approved for import, sale and/or use in China, or wholly ignored positive test results and shipped the corn anyway. Likewise, each of the ABCD Companies and Gavilon exported shipment after shipment of corn and DDGS to China without taking reasonable and adequate precautions to ensure the corn it sold was not contaminated with Viptera.

844.    Each of the ABCD Companies' and Gavilon's breaches of duty is a direct and a proximate cause of the loss of the Chinese market and the damages suffered by Plaintiffs.

845.    Each of the ABCD Companies' and Gavilon's breaches of duty contributed to cause the loss of the Chinese market to U.S. corn and Plaintiffs' resulting damages.  The ABCD Companies' and Gavilon's actions described herein contributed to exacerbate the contamination of the U.S. corn supply.   The ABCD Companies' and Gavilon's actions described herein, including their continued shipment to China of corn and DDGS that they knew or should have

known contained Viptera, also contributed to the negative reaction from the Chinese market, the loss of the Chinese market to U.S. corn and DDGS, and Plaintiffs' resulting damages.

846.    Plaintiffs would not have sustained damages to the same degree they would otherwise had the ABCD Companies and Gavilon exercised ordinary and reasonable care in the marketing, sourcing, selling, and shipping of corn and DDGS to China.

847.    Plaintiffs suffered injury and damages due to the tortious conduct of each of the ABCD Companies and Gavilon as outlined herein, and seek compensatory damages.  Plaintiffs further seek punitive damages as a result of ABCD Companies' and Gavilon's gross negligence, reckless and willful conduct indicating their reckless and wanton disregard of the rights of farmers such as Plaintiffs, and all costs and fees allowed by law.

### JURY DEMAND

848.    Plaintiffs demand a trial by jury on all issues.

### REQUEST FOR RELIEF

WHEREFORE, each of the Plaintiffs named herein has sustained damages in excess of $75,000.00, exclusive of interest and costs, as a direct and proximate result of Defendants' tortious conduct in the commercialization, marketing, sourcing, selling and shipping of Viptera and Duracade corn. Accordingly, Plaintiffs respectfully request that this Court enter judgment jointly and severally against Defendants for compensatory damages in a sum to be determined by the trier of fact, exclusive of interest and costs, and for such other and further relief as this court deems equitable and just in the premises.

Dated: May 6, 2016.

Respectfully Submitted:

/s/ Peter J. Flowers_____
Peter J. Flowers
Illinois State Bar No. 06210847
Brian J. Perkins
Illinois State Bar No. 06283734
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
P:  (630) 232-6333 | F: (630) 845-8982
Email: pjf@meyers-flowers.com
        bjp@meyers-flowers.com

Martin J. Phipps
*Admitted*, Southern District of Illinois
Illinois ARDC No. 6321872
Texas Bar No. 00791444
Barry Deacon *(Pending pro hac vice)*
Illinois ARDC No. 6321873
Arkansas State Bar No. 75030
PHIPPS ANDERSON DEACON, LLP
102 9th Street
San Antonio, Texas 78215
P: (210) 340-9877 | F: (210) 340-9899
Email: mphipps@phippsandersondeacon.com
        bdeacon@phippsandersondeacon.com

Clayton A. Clark
*Admitted,* Southern District of Illinois
Illinois ARDC No. 6322111
Scott A. Love
*Admitted,* Southern District of Illinois
Illinois ARDC No.  6322113
William W. Lundquist
*Admitted,* Southern District of Illinois
Texas Bar No. 24041369
CLARK LOVE HUTSON GP
440 Louisiana Street, Suite 1600
Houston, Texas 77002
P: (713) 757-1400 | F: (713) 759-1217
Email: CClark@TrialLawFirm.com
        SLove@TrialLawFirm.com
        WLundquist@TrialLawFirm.com

Michael K. Johnson (*Pending pro hac vice*)
Minnesota State Bar No. 0258696
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
P: (612) 436-1800 | F: (612) 436-1801
Email: mjohnson@JohnsonBecker.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

  I, Peter J. Flowers, Esq., as one of the attorneys for the Plaintiffs, hereby certify that on this 6th day of May, 2016, the foregoing Third Amended Consolidated Complaint was filed via the Court's ECF system, which will send notice of such filings to all counsel of record.


        /s/ Peter J. Flowers_____

263