UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------  X

IN RE SYNGENTA MASS TORT ACTIONS

---------------------------------------------------------    Judge David R. Herndon

**This Document Relates to:**

*Tweet et al. v. Syngenta AG et al.*,
No. 3:16-cv-00255-DRH

## ORDER

**HERNDON, District Judge:**

### INTRODUCTION

This matter is before the Court for case management. At issue is whether the Syngenta MDL Coordination Order should be adopted in the instant action. Also pending is the defendants' motion to stay (Doc. 114) further proceedings in this case pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") on transfer of this action into the existing Multi-District Litigation currently pending before Judge Lungstrum in the United States District Court for the District of Kansas, Case No. 14-md-2591.  For the reasons discussed herein, the Court **DECLINES** to adopt the Syngenta MDL Coordination Order in the above captioned action and **DENIES** the motion to stay (Doc. 114).

### BACKGROUND

Thousands of lawsuits have been filed in various federal and state courts arising from Syngenta's development and sale of corn seeds containing genetically

modified traits known as MIR 162 and Event 5307 (used in products called Viptera and Duracade) before China's approval to import corn with that trait. With the exception of certain Mass Actions filed in this district, all related federal actions against Syngenta have been centralized in an MDL before Judge John W. Lungstrum in the District of Kansas ("Syngenta MDL"). *See In re Syngenta* AG MIR162 Corn Litig., 65 F. Supp. 3d 1401, 1402 (J.P.M.L. 2014); *see generally In re Syngenta AG MIR162 Corn Litig.*, No. 14-md-2591 (D. Kan. Dec. 22, 2014). With regard to state actions, approximately 2,375 cases, involving over 20,000 plaintiffs, are pending in the Fourth Judicial District of Hennepin County, Minnesota, and consolidated before Judge Thomas M. Sipkins in a case captioned *In re Syngenta Litigation*, No. 27-cv-15-3785. In addition, about 200 cases are pending in Williamson County, Illinois before Judge Brad K. Bleyer.[1]

In late 2015, three actions, involving more than 2,800 plaintiffs, were removed to the Southern District of Illinois (*Poletti, Brase Farms,* and *Wiemers Farms*).[2] Each case was removed as a "mass action" under the Class Action Fairness Act's (CAFA) mass action provision. 28 U.S.C. § 1332(d)(11)(B) and no other ground for removal was asserted. Accordingly, CAFA prohibited transferring the actions to the Syngenta MDL.

---

[1] There is also related litigation pending in Louisiana. *See Archer Daniels Midland Co. v. Syngenta Corp. et al.*, No. 79,219 (29th Jud. Dist. Ct., La. filed Nov. 19, 2014) (St. Pierre, J.); *Cargill, Inc. et al. v. Syngenta AG et al.*, No. 67,061 (40th Jud. Dist. Ct., La. filed Sept. 9, 2014) (Jasmine, J.).
[2] *Poletti, et al. v. Syngenta Corp., et al.*, No. 3:15-cv-1221-DRH; *Brase Farms, Inc., et al. v. Syngenta Corp., et al.*, No. 3:15-cv-1374-DRH; and *Wiemers Farms, Inc., et al. v. Syngenta Corp.*, et al., No. 3:15-cv- 01379-DRH.

At a hearing on February 18, 2016, the Court ordered the consolidation of *Poletti, Brase Farms,* and *Wiemers Farms*. The Court directed the plaintiffs to file an amended consolidated complaint in the lead case (*Poletti*). The Amended Consolidated Complaint was filed on March 4, 2016 (Doc. 59 in *Poletti*). The Amended Consolidated Complaint consolidated the claims of all existing Plaintiffs in *Poletti*, *Brase Farms*, and *Wiemers Farms*, with the exception of three plaintiffs: (1) Larry Miller (*Wiemers Farms*); (2) Bradley A. Ferree (*Brase Farms*); and (3) Leroy Tweet (*Poletti*)).[3] Plaintiffs Larry Miller, Bradley A. Ferree, and Leroy Tweet were not included in the Amended Consolidated Complaint because they had retained other counsel and wished to proceed on a separate complaint. Accordingly, for purposes of case management, the Court (1) consolidated the claims of Larry Miller, Bradley A. Feree, and Leroy Tweet and (2) directed the same to file a consolidated amended complaint in 3:16-cv-00255-DRH (establishing the above captioned action).

As directed, on March 11, 2016, plaintiffs Larry Miller, Bradley A. Feree, and Leroy Tweet filed a consolidated amended complaint (Doc. 1). Thereafter, on April 15, 2016, an amended complaint was filed in the above captioned action (Doc. 46). The amended complaint added 709 new plaintiffs. Syngenta contends, because these 709 plaintiffs originally filed their claims in federal court, they are not subject to mass action jurisdiction. Accordingly, on May 13, 2016, Syngenta submitted a Notice of Potential Tag-Along Action with the JPML (Doc. 115-7 p.2). The Notice of Potential Tag-Along Action states as follows:

---

[3] Additionally, certain plaintiff's claims were voluntarily dismissed.

> This action involves 712 plaintiffs, 709 of whom originally filed their claims in federal court last week. By originally filing their claims in federal court, those 709 plaintiffs are not subject to mass action jurisdiction. *See* 28 U.S.C. § 1332(d)(11)(A); *Newberg on Class Actions* § 6:24 (5th ed.) ("[T]he law does not enable original jurisdiction over mass actions; it only states that such actions are subject to removal."). Therefore, their claims are subject to transfer pursuant to 28 U.S.C. § 1407. *Cf.* 28 U.S.C. § 1332(d)(11)(C)(i) (exempting mass "action(s) *removed* to Federal court" from "transfer[] to any other court pursuant to section 1407" unless a majority of those plaintiffs consent) (emphasis added). Each of these 709 plaintiffs pleads that he or she individually seeks more than $75,000, exclusive of interest and costs, and the overwhelming majority are diverse from all defendants. *Id.* § 1332(a). (Defendants anticipate moving to dismiss the several dozen non-diverse plaintiffs for lack of subject matter jurisdiction.) In the transferor court, these 709 plaintiffs attempted to join their claims to those of three plaintiffs who originally filed their claims in state court. At the time those three plaintiffs filed suit in state court, they were part of a much larger group of plaintiffs making identical claims in three cases, which all were removed by another defendant pursuant to the Class Action Fairness Act's mass action provisions. Post-removal, when the three plaintiffs changed counsel and chose to pursue different claims, the transferor court severed them from the three mass actions that had been removed and created a separate case encompassing all three of them. Should plaintiffs oppose transfer of those three plaintiffs who initially were parties to removed mass actions based on 28 U.S.C. § 1332(d)(11)(C)(i) and should the Panel conclude that the provision is applicable, the three plaintiffs' claims can be remanded to the transferor court pursuant to 28 U.S.C. § 1407(a).

(Doc. 115-7 p.2 n.1).

On May 18, 2016, the JPML issued a Conditional Transfer Order (CTO), for the above captioned action, finding it "involve[s] questions of fact common to the actions previously transferred to the District of Kansas and assigned to Judge Lungstrum," and "transferring [this action] under 28 U.S.C. § 1407 to the District of Kansas." CTO-63, Dkt. 605, *In re Syngenta AG MIR162 Corn Litig.*, MDL No.

2591. Pursuant to Rule 7.1 of the Rules of Procedure of the JPML, the transfer was stayed to afford plaintiffs an opportunity to object. The plaintiffs have objected and the matter is set for a panel hearing on July 28, 2016.

## MOTION TO STAY

Syngenta argues the proceedings in this case should be stayed or deferred pending transfer to the MDL. The Court recognizes that considerations of judicial economy often warrant issuance of a stay pending a decision by the JPML regarding whether to transfer a case. Indeed, this Court has stayed actions for that very reason. The undersigned has reviewed the memoranda filed by the parties with the JPML for the pending plaintiffs' Motion to Vacate the Conditional Transfer Order. This Court is fully familiar with the 7th Circuit's jurisprudence in this area and in particular the cases of *Bullard v. Burlington N. Santa Fe Ry. Co.,* 535 F.3d 759 (7th Cir. 2008) and *In Re Shell Oil Co.,* 970 F.2d 355 (7th Cir. 1992). On May 26, 2016, this judge received the usual letter from the Chair of the JPML reminding him that despite the pending objection to the conditional transfer order and impending hearing relative thereto, he still has jurisdiction over the disputed cases and could rule on any matters pending therein. In light of the case authority in this area, it would not be prudent for this Court to halt these proceedings. Accordingly, the motion to stay is **DENIED.**

## COORDINATION ORDER

The Syngenta MDL and the related actions pending across the country involve many of the same factual allegations, circumstances and parties.

Accordingly, discovery in many of these proceedings will substantially overlap. Recognizing this fact, on October 21, 2015, Judge Lungstrum, entered a coordination order. The Syngenta MDL Coordination Order allows for coordinated pretrial proceedings amongst the various jurisdictions in an effort to prevent duplication of discovery and undue burden on parties and non-parties in responding to discovery requests.

In *Poletti,* over the objection of the plaintiffs, the Court entered an order adopting the Syngenta MDL Coordination Order. Shortly thereafter, on March 21, 2016, the Court entered an order directing the plaintiffs to show cause why the Syngenta MDL Coordination Order should not be adopted in the instant action (Doc. 16).[4] On April 5, 2016, the plaintiffs filed an objection opposing entry of the Syngenta MDL Coordination Order in the instant case (Doc. 41). Syngenta filed a response to the plaintiffs' objection (Doc. 50). At the status conference on May 12, 2016, the Court heard argument on the matter and allowed the MDL leadership counsel to offer argument on the same (Doc. 79). Following the May 12, 2016 status conference, the Court took the matter under advisement (Doc. 116).

After considering the relevant arguments, the Court hereby **DECLINES** to adopt the Syngenta MDL Coordination Order in the above captioned case. The

---

[4] The Show Cause Order also directed the plaintiffs to show cause why the *Poletti* Scheduling Order, Protective Order, and ESI Protocol Order should not be adopted in the instant case (Doc. 16). At the status conference on May 12, 2016, the parties indicated they expected to come to a consensus regarding these orders. The parties indicated they would provide the Court with agreed proposed orders the following Monday. To date, the Court has not received the promised agreed proposed orders.

Court's decision is premised on the unique alignment of parties in the instant litigation. Here, the plaintiffs have asserted causes of action against Cargill and Archer Daniels Midland Company, two of the corn exporters (collectively, the "Exporter Parties").[5] In contrast, the Exporter Parties are proceeding as plaintiffs in the Syngenta MDL. Attorneys representing the Exporter Parties are members of the Syngenta MDL Plaintiffs' Leadership and have been appointed as liaisons to the state court litigation. Additionally, the non-exporter Syngenta MDL Plaintiffs' Leadership has entered into a contractual Joint Prosecution Agreement with the Exporter Parties. In light of the above, the interests of plaintiffs in this action, who have asserted claims against the Exporter Parties, are not aligned with the plaintiffs in the Syngenta MDL, who are contractually bound to protect the interests of the Exporter Parties. The Court finds that, given the claims asserted against the Exporter Parties, this litigation presents different issues and dynamics than those involved in the Syngenta MDL. Accordingly, the Court will not adopt the Syngenta MDL Coordination Order in the above captioned case.

However, the Court notes the allegations in this case are substantially similar to the related litigation pending in Williamson County Illinois before Judge Bleyer. Given the alignment between the two, taking into consideration the economies of scale and other efficiencies furthered by coordinated proceedings, the Court finds it is appropriate to coordinate the above case with the related litigation pending in Williamson County. Judge Bleyer is in agreement on this matter. Accordingly, discovery in this case will be coordinated with the

---

[5] The *Poletti* plaintiffs have not asserted any claims against the ABCD Defendants.

proceedings in Williamson County. Because the litigation and discovery issues pending in both cases involve a mixture of federal and state jurisdiction, the federal magistrate cannot hear matters related to the state litigation and the state judge cannot hear matters related to the federal litigation. Therefore, it is the intention of this Court to appoint a Special Master to mediate discovery matters pursuant to Federal Rule of Civil Procedure 53 and it is understood that Judge Bleyer intends to appoint the same person.

## CONCLUSION

Accordingly, having fully considered the entire record in this matter, the motion to stay (Doc. 114) is **DENIED. FURTHER**, the Court **DECLINES** to adopt the Syngenta MDL Coordination Order. Instead, the Court finds it is more appropriate to coordinate this litigation with the related litigation pending in Williamson County. An Order appointing a Special Master as described herein will be forthcoming.

**IT IS SO ORDERED.**

**DATED: July 12, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.07.12 13:31:09 -05'00'

**UNITED STATES DISTRICT JUDGE**