## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------

### IN RE SYNGENTA MASS TORT ACTIONS

-------------------------------------------------------------

**Judge David R. Herndon**

**This Document Relates to:**

*Tweet et al. v. Syngenta AG et al.,*
No. 3:16-cv-0255-DRH

### PROTECTIVE ORDER

For good cause shown under Rule 26(c), the Court enters the following Protective Order:

**I.    SCOPE.** This Protective Order governs the treatment of all documents and other products of discovery, all information derived or extracted therefrom and including, but not limited to, all copies, excerpts or summaries thereof of any depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned proceedings (the "Action"). This Protective Order governs Confidential and Highly Confidential Discovery Materials.

**II.    LIMITATION ON USE.** Discovery Material may be used solely for the prosecution, defense, appeal and/or settlement of litigation of the Action, and the enforcement of insurance rights with respect to this Action, and may be disclosed

only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Discovery Material and may not be used for any other purpose, including but not limited to,

A.   The prosecution or defense of other actions not subject to this Protective Order;

B.   In any proceeding before or application to any government agency;

C.   In client solicitation or attorney advertising materials;

D.   Disclosure to media or competitors of parties to the Action; or

E.   Any purpose other than the prosecution or defense of this Action.

**III.   <u>DEFINITION OF CONFIDENTIAL DISCOVERY MATERIAL</u>.** Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains legally protectable information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, such as:

A.   Non-public or personal information regarding the identity of and marketing information regarding customers, growers, elevators, vendors, contractors, suppliers, and other non-parties with whom the parties do business (including Social Security numbers, tax returns, medical, investment, credit and banking information);

B.   Proprietary business information and trade secrets, including licensing, distribution, marketing, design, redevelopment, research, test data and manufacturing information regarding products or

technology, whether or not previously or currently marketed or under development;

C.    Clinical studies;

D.    Competitor and competitor product or technology information, including third party product or technology licenses;

E.    Production information, including, but not limited to trade secrets or confidential research, development, or commercial information;

F.    Financial Information not publicly filed with any federal or state regulatory authority;

G.    Information submitted to the EPA, FDA, USDA, or any other governmental agency, that under applicable regulations is exempt from disclosure under the Freedom of Information Act;

H.    Information that a party obtained from another entity and which the party is required to keep confidential pursuant to an agreement entered into with such entity in the regular course of business;

I.    Information contained in insurance policies that may cover this action;

J.    Personnel compensation, evaluations or other private employment information; or

K.    Confidential or proprietary information about affiliates, parents, subsidiaries or third parties with whom the Parties to this action have had or have endeavored to have business relationships.

Information or documents that are available to the public may not be designated as Confidential. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

IV.  **DEFINITION OF HIGHLY CONFIDENTIAL DISCOVERY MATERIAL.**  Any Producing Party may designate any Discovery Material as "Highly Confidential" if such party in good faith believes that such Discovery Material contains Highly Confidential information. All Discovery Material so designated shall be referred to in this Protective Order as "Highly Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order. Highly Confidential Discovery Material means information not otherwise publicly available that the Producing Party believes, in good faith, would harm the competitive position of the producing person if the information were to be disclosed other than as permitted herein, such as:

A.  current and future business and marketing plans;

B.  research and development activities (including past research and development);

C.  work with third party collaborators or licensees under obligations of confidentiality;

D.  financial and other information relating to market share, facility capacities, customer volume, revenues, costs, and profits;

E.      correspondence with or submissions to government entities that were designated confidential at the time of transmittal and remains confidential as of the date of production;

F.      tax returns;

G.      trade secrets; and

H.      any other similar information.

**V.      DESIGNATION OF CONFIDENTIAL DISCOVERY MATERIAL.** For Discovery Material in the form of physical objects or documents, such Discovery Material shall be designated, as appropriate, by stamping or affixing, in an unobtrusive manner, the legend **"CONFIDENTIAL"** to all production pages of any document containing Confidential Discovery Material and **"HIGHLY CONFIDENTIAL"** to all pages of any document containing Highly Confidential Discovery Material. If the aforementioned forms of designation are infeasible, the Parties shall note the designation in the filename, metadata and/or by written notice to counsel for the Parties.  Materials such as videotapes, audio tapes, and electronic media such as computer disks, compact discs, or DVDs, which contain or include Confidential or Highly Confidential Discovery Material, shall be designated by affixing the appropriate legend on the package thereof. Any such designation shall subject the document its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

A.      A Producing Party may, on the record of a deposition, or within twenty-one (21) calendar days after receipt of the transcript(s) of

such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential or Highly Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced twenty-one day period expires, the complete deposition transcript and videotape shall be treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. If deposition transcripts that contain information or material designated as Confidential or Highly Confidential Discovery Material are filed with the Court, the portions of such transcripts so designated shall he filed in accordance with the Section herein for the Procedure for Filing with the Court.

B.      In the case of documents being made available for inspection, at the request of counsel for Producing Party, all documents and things produced for inspection during discovery shall initially be considered to contain Highly Confidential Discovery Material.   All such documents and things initially shall be fully subject to the limitations on disclosure and use of Highly Confidential Discovery Material in this Protective Order. Copies of documents and things requested by the Receiving Party shall be made in accordance with normal production procedures, and delivered to the Receiving Party; such

process shall be performed promptly and shall not await the production or inspection of other documents or things.

C.    In the case of reports created by an expert or consultant relying on or incorporating Confidential or Highly Confidential Discovery Material in whole or in part, designation shall be made by the Party responsible for its creation by notation on the report.

**VI.    WHO MAY ACCESS CONFIDENTIAL DISCOVERY MATERIAL.**

Confidential Discovery Material may only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part without written consent from the Producing Party *only* to the following persons:

A.    The parties to this litigation, including Plaintiffs, including any current of former officers, directors, employees, agents and representatives of the parties to the extent that such person(s) are assisting in the prosecution or defense of the Action—provided, however, that any document obtained from the FSA (Farms Services Agency), USDA (United States Department of Agriculture), CCC (Commodity Credit Corporation), or any other government entity that relates to any Plaintiff may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any other Plaintiff;

B.    Outside counsel who have entered an appearance in this litigation and their respective attorneys, legal, investigative, technical, administrative and other support staff;

C.    In-house counsel and any paralegal or support staff working for and directly reporting to such counsel for any party;

D.    Third party experts, vendors or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute the Acknowledgement and Consent Form ("Acknowledgement"), attached hereto as Exhibit A, prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Acknowledgement is retained by counsel who retained such an expert or consultant. Disclosure of Confidential Discovery Material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial. Discovery of consultants and experts will be taken in accordance with the Federal Rules of Civil Procedure;

E.    Any potential, anticipated or actual fact witness and his or her counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purpose of trial preparation, factual investigation, or discovery, provided that any such persons execute the Acknowledgement prior to disclosure and a

copy of such signed Acknowledgement is retained by counsel for the party making disclosure;

F.    The author, addressee or recipient of the document or any other person who, from the face of the document, reviewed or had access to such document (not including a person who received the document solely in the course of the litigation);

G.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

H.    The Court, Court personnel, any other person designated by the Court in this Action and members of the jury;

I.    Any mediator or third party appointed by the court or jointly selected by the parties for settlement purposes;

J.    Commercial copy service, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Protective Order; and

K.    Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

## VII.    WHO MAY ACCESS HIGHLY CONFIDENTIAL DISCOVERY

**MATERIAL.** Highly Confidential Discovery Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part without written consent from the Producing Party *only* to the following persons:

A.    Outside counsel who have entered an appearance in this litigation, and their respective attorneys, legal, investigative, technical, administrative and other support staff;

B.    In-house counsel and any paralegal or support staff working for and directly reporting to such counsel for any party;

C.    Third party experts or consultants retained to assist counsel for the parties, provided that any such experts or consultants execute the Acknowledgement prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Acknowledgement is retained by counsel who retained such an expert or consultant. Disclosure of Highly Confidential Discovery Material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial. Discovery of consultants and experts will be taken in accordance with the Federal Rules of Civil Procedure;

D.    The author, addressee or recipient of the document or any other person who, from the face of the document, reviewed, had access to

such document or had access to the information contained in such document (not including a person who received the document solely in the course of the litigation);

E.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

F.    The Court, Court personnel, any other person designated by the Court in this Action and members of the jury;

G.    Any mediator or third party appointed by the court or jointly selected by the parties for settlement purposes;

H.    Commercial copy service, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Protective Order;

I.    Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld; and

J.    In a deposition in which counsel for the Producing Party is participating, any current or former employee of the Producing or Designating Party who is expressly mentioned, discussed or referred to in the material sought to be disclosed to that person and who had responsibility or oversight for the subject matter referenced in the

document, provided that such current or former employee executes the Acknowledgment.

**VIII.** <u>**UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL.**</u> If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as reasonably practicable, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment.

**IX.** <u>**THIRD PARTY REQUESTS FOR INFORMATION.**</u>  If any Receiving Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action (including any federal state or foreign government agency), seeking Discovery Material which was produced or designated as Confidential or Highly Confidential by someone other than the Receiving Party, the Receiving Party upon determining that such Discovery Materials are within the scope of the demand, subpoena, or legal process, shall give written notice, at the earliest possible time, of such subpoena, demand or legal process, to those who produced or designated the material Confidential or Highly Confidential. The person or Party to whom the

subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or materials. Other than the obligation to comply with these requirements, this Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request and nothing herein shall require any Party to ignore or act in contempt of any court order or direction of any governmental entity.

**X.   INADVERTENT FAILURE TO DESIGNATE.** The inadvertent failure to stamp a document, or a portion thereof, with the Confidential or Highly Confidential designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within fourteen (14) days after becoming aware that the Confidential or Highly Confidential Discovery Material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential or Highly Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate '"Confidential" of "Highly Confidential" designation thereupon. Treatment of inadvertently produced Confidential Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If

such material were disclosed by the Receiving Party to anyone not authorized to receive re-designated Confidential or Highly Confidential Discovery Material, the Receiving Party shall make commercially reasonable efforts to retrieve the information promptly and avoid any further disclosure.

**XI.    PRODUCTION OF DOCUMENTS SUBJECT TO IMMUNITY FROM DISCOVERY.** The disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, whether inadvertent or otherwise, including, but not limited, to information or documents that may be considered Confidential or Highly Confidential Discovery Material under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Upon receiving a request from a Producing Party as to specifically identified information or documents, the Receiving Party must return or destroy the information or documents to the Producing Party within seven calendar days, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence. Upon request, the Producing Party shall promptly supply replacement images or placeholders in addition to an

overlay for the loadfile. Nothing in this Section shall be construed as preventing any party from objecting to or challenging the designation of any Discovery Material as privileged or protected but the Receiving Party may not use the privileged or protected information in any way, including but not limited to in any briefing or argument before the Court. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

      **XII.**   **PROCEDURE FOR FILING WITH THE COURT.**  In the event a party seeks to file any document containing Confidential or Highly Confidential Discovery Material subject to protection under this Protective Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) by filing under seal in accordance with the rules of this Court.

      Nothing in this Order will be construed as a prior directive that any document may remain under seal. The mere designation of information as Confidential or Highly Confidential may not be sufficient to satisfy the Court's requirement for filing under seal. Each Party is authorized hereunder to file a

request that any materials produced in this litigation be filed under seal in accordance with this Order.

**XIII.   EFFECT ON DISCOVERY.** This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as Confidential or Highly Confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

**XIV.   ADVICE OF CLIENTS.** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential or Highly Confidential Discovery Material produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential or Highly Confidential Discovery Material produced by another party if that disclosure would be contrary to the terms of this Protective Order

**XV.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.** The designation of any material or document as Confidential or Highly Confidential is

subject to challenge by any party. Before filing any motion or objection to a confidentiality designation, the objecting party must provide written notice identifying the challenged materials by Bates number. The parties must then meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential or Highly Confidential under the terms of this Order. In the event that the challenged material's designation should be changed, the Producing Party shall reproduce copies of all materials and metadata with their designations removed or changed in accordance with the ruling within fourteen (14) calendar days of the ruling.

XVI.   **TERMINATION.** Except as otherwise agreed in writing by the parties, within sixty (60) days after the entry of final judgment in the cases in this Action (including resolution of appeals or petitions for review), each party shall undertake commercially reasonable efforts to return to the Producing Party or destroy all Confidential and Highly Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) or the party's counsel shall certify in writing to the Producing Party that all such materials in their possession, custody

or control have been destroyed. This Protective Order shall survive the final termination of this Action with respect to any such Confidential or Highly Confidential Discovery Material.

Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition, hearing and trial transcripts), exhibits and work product containing or reflecting Confidential or Highly Confidential Discovery Material. Counsel for each party is not required to review and/or destroy any or all emails, electronic documents and/or back-up tapes that may contain Confidential or Highly Confidential Discovery Material. Instead, counsel is required to maintain such Confidential or Highly Confidential Discovery Material in confidence and consistent with the terms of this Protective Order. No portion of this provision requires the disclosure of attorney work product to any other party or counsel at any time.

**XVII. <u>PERSONS        BOUND        BY        PROTECTIVE        ORDER        AND APPLICABILITY TO PARTIES LATER JOINED.</u>**   This Order will take effect when entered and is binding upon all counsel and their law firms, parties, and persons subject to this Order by its terms. In the event additional parties join or are joined in this Action, they shall have 14 days to file objections as to why his or her individual case shall not be governed by this Order. After the expiration of the 14 days or, if an objection is filed, after the Court overrules such an objection, the

new party shall have access to Confidential or Highly Confidential Discovery Material and shall be fully bound by this Protective Order.

**XVIII.** **AMENDMENT.**   Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Protective Order. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential or Highly Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

**XIX.** **JURISDICTION.**   The provisions of this Order shall survive the termination of the litigation and a Party may seek leave to reopen the case to enforce the provisions of this Order. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each Designating Party or by an Order of the Court for good cause shown.

**XX.** **PROTECTIONS EXTENDED TO THIRD-PARTY'S CONFIDENTIAL MATERIAL.**  The parties agree to extend the provisions of this Protective Order to Confidential and Highly Confidential information produced in this case by third parties, if timely requested by the third party. Any Party, in conducting discovery from Non-Parties in connection with the Actions, shall provide any Non-Party

from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights, herein. If a Non-Party provides discovery to any Party in connection with the Actions, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties.

### XXI.   LIMITATION ON USE OF CONFIDENTIALITY DESIGNATIONS.

This Protective Order has been agreed to by the Parties to facilitate discovery and the production of relevant information in these actions. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential or Highly Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in these actions. Similarly, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

**IT IS SO ORDERED.**

Signed this 18th day of August, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.08.18
11:46:08 -05'00'

**United States District Judge**