IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------------

IN RE SYNGENTA MASS TORT ACTIONS

-----------------------------------------------------------

Judge David R. Herndon

This Document Relates to:

*Tweet et al. v. Syngenta AG et al.* No. 3:16-cv-00255-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on plaintiffs' motion for entry of judgment under Rule 54(b) (Doc. 187). Plaintiffs ask the Court to find that their claims against the ABCDG defendants[1] are separate from their claims against Syngenta. Upon that finding, plaintiffs ask the Court to enter a separate final judgment in favor of the ABCDG defendants, as the Court recently dismissed plaintiffs' claims against them. The ABCDG defendants filed responses opposing the motion (Doc. 192 &193). For the reasons stated below, the motion is **DENIED**.

---

[1] The "ABCDG defendants" collectively refers to defendants Archer Daniels Midland Company, Bunge North America Inc., Cargill, Incorporated, Cargill International SA, Louis Dreyfus Commodities LLC d/b/a Louis Dreyfus Company, LLC, and Gavilon Grain, LLC.

## I. Background

This mass action arises from Syngenta's commercialization of its Viptera brand corn seed containing a genetically modified ("GM") trait known as MIR 162. Syngenta also developed Duracade, a second-generation of Viptera that includes both MIR 162 and a new GM trait known as Event 5307, which was released, distributed, and sold in 2014. In addition to the claims raised against Syngenta, plaintiffs brought claims against the ABCDG defendants alleging that they, too, are at fault for plaintiffs' injuries by failing to exercise reasonable care to prevent a foreseeable risk of harm that would naturally result from their improper conduct in the marketing, sourcing, selling, and shipping of U.S. corn and Distiller's Dried Grains with Solubles (DDGS). (Doc. 65) On August 26, 2016, the ABCDG defendants filed motions to dismiss (Docs. 138 &140).  On January 4, 2017, the Court dismissed with prejudice plaintiffs' claims against the ABCDG Defendants. Subsequent to the dismissal, on January 17, 2017, plaintiffs filed the pending motion for entry of judgment under Rule 54(b) (Doc. 187).

## II. Law and Analysis

The text of Rule 54(b) indicates that a district court should only enter partial judgment pursuant to Rule 54(b) when two circumstances are present. First, the partial judgment must either resolve all disputes with a particular party or resolve a separate claim that is distinct from those that remain pending. *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir.2004); *Lottie v. W. AM. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005). Second, a court must make the

determination that there is no just reason for delay in entering the partial judgment. *Lottie*, 408 F.3d at 938 (7th Cir.2005).

In order to avoid time-consuming duplicative appeals, "the norm in litigation is one appeal per case." *Lottie*, 408 F.3d at 940, *quoting United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir.1990). The Seventh Circuit has instructed that district courts may use discretion when deciding to send a part of a case to immediate appeal. However, this "does not give that court carte blanche to send [the Seventh Circuit Court of Appeals] any decision involving a separate claim or party." *United States v. Ettrick Wood Prod., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). "A district court may not enter judgment under Rule 54(b) merely to accommodate an attorney who wants to appeal immediately, and mechanically noting "no just cause for delay" on a judgment does not make it immediately appealable. Rather, because Rule 54(b) departs from the norm, and has the potential to multiply litigation costs for parties and the appellate court, the district court must carefully consider whether immediate appeal is appropriate in a particular case." *Id.*

In this case, plaintiffs ask the Court to enter a separate final judgment, as the Court recently dismissed plaintiffs' claims against the ABCDG defendants. Here, the first prerequisite mentioned above is satisfied, as the Court has adjudicated all of plaintiffs' claims against the ABCDG defendants. However, Plaintiffs' still-pending claims against Syngenta are factually and legally similar to

those adjudicated in the ABCDG defendants' favor, thus preventing entry of judgment at this time.

The Seventh Circuit has found that "the most important purpose behind Rule 54(b)'s limitations [is] to spare the court of appeals from relearning the facts of a case on successive appeals." *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984); see also *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 664 (7th Cir. 1986). "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." *Lottie*, 408 F.3d at 939. For purposes of Rule 54(b), claims are not separate "if the facts they depend on are largely the same, or stated otherwise, if the only factual differences are minor." *ODC Commc'ns Corp. v. Wenruth Investments*, 826 F.2d 509, 512 (7th Cir. 1987); see also *Minority Police Officers Association v. City of South Bend*, 721 F.2d 197, 201 (7th Cir.1983).

In this case, it is clear that the facts alleged against Syngenta and the ABCDG defendants overlap. Plaintiffs allege negligence against all defendants based on Syngenta's commercialization of Viptera and Duracade corn seeds. Plaintiffs argue that Syngenta and the ABCDG defendants were negligent in the marketing, distribution, and sale of the Viptera and Duracade corn seed (Doc. 65). Further, in the motions to dismiss filed by Syngenta and the ABCDG defendants,

each raised the same or similar legal arguments and defenses addressing the economic loss doctrine and preemption under the United States Grain Standards Act.[2] Those defenses that remain pending in Syngenta's motion to dismiss address many of the same legal doctrines involved in motions filed by the ABCDG defendants. Also, Syngenta's pending motion to dismiss involves factual bases associated with the claims against the ABCDG defendants.

Plaintiffs' own allegations also support a finding that the adjudicated claims factually overlap with those pending claims against Syngenta. Plaintiffs' allege that "Syngenta and the ABCDG Defendants negligently caused [their alleged injuries]." (Doc. 187). Moreover, plaintiffs' response to the ABCD defendants' motion to dismiss noted that "[t]he ABCD companies and Syngenta dispute amongst themselves which party is most to blame for Viptera-related harm to Plaintiffs. The jury can sort out issues of comparative fault in assigning blame and awarding damages." (Doc. 170, pg. 39, fn. 36). Clearly, upon review of the pleadings, the facts alleged against the ABCDG defendants regarding commercialization of Viptera and Duracade corn significantly overlap with those alleged against Syngenta.

For these reasons, the Court concludes that Rule 54(b) certification is not appropriate.

---

[2] In their response to the ABCD defendants' motion to dismiss, plaintiffs reference similar arguments regarding the economic loss doctrine made in response to Syngenta's motion to dismiss. Plaintiffs point the Court to their Syngenta response by stating "Plaintiffs' Opposition to Syngenta's Motion to Dismiss sets forth additional argument as to why the economic loss doctrine does not apply to this case." (Doc. 170, pg. 39, fn. 37).

### III. Conclusion

Given that there are just reasons for delaying entry of final judgment as to the claims against the ABCDG defendants, the Court **DENIES** plaintiffs' Motion for Entry of Judgment under Rule 54(b) (Doc. 187). The Clerk is **DIRECTED** to terminate Archer Daniels Midland Company, Bunge North America Inc., Cargill, Incorporated, Cargill International SA, Louis Dreyfus Commodities LLC d/b/a Louis Dreyfus Company, LLC and Gavilon Grain, but delay entry of judgment until the close of this case.

**IT IS SO ORDERED.**

Signed this 24th day of February, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.02.24 16:08:48 -06'00'

**United States District Judge**